**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**THE UNITED STATES OF AMERICA**                                       **PLAINTIFF**

**VS.**                          **CIVIL ACTION NO.: 3:16CV622-CWR-FKB**

**THE STATE OF MISSISSIPPI**                                      **DEFENDANT**

<u>**ANSWER OF THE STATE OF MISSISSIPPI**</u>

Defendant The State of Mississippi (State) answers Plaintiff's Complaint (Complaint) as follows:

**FIRST DEFENSE**

The State asserts all defenses available to it under Federal Rule of Civil Procedure 12(b).

**SECOND DEFENSE**

Plaintiff's Complaint fails to state a claim against the State upon which relief can be granted.

**THIRD DEFENSE**

Plaintiff lacks standing under Article III of the United States Constitution.

**FOURTH DEFENSE**

The State asserts all defenses available to it under Title II of the ADA, 28 C.F.R. Part 35, and *Olmstead v. L.C.*, 527 U.S. 581 (1999), including the "fundamental alteration defense."

**FIFTH DEFENSE**

The relief Plaintiff seeks in its Complaint violates the principles of federalism.

**SIXTH DEFENSE**

Plaintiff failed to exhaust its administrative remedies.

## SEVENTH DEFENSE

The State reserves the right to assert all immunities under state and federal law, including sovereign and Eleventh Amendment immunity.

## EIGHTH DEFENSE

Plaintiff's requested injunctive relief is not reasonably practical.

## NINTH DEFENSE

The State asserts all affirmative defenses that are or may become available to it (upon further investigation or discovery) under Federal Rule of Civil Procedure 8(c).  To the extent that the State has asserted it is unable to admit or deny any allegations in the Complaint, the State reserves the right to amend its Answer based on further, additional, or other knowledge or information.

Without waiving any of these defenses, the State responds to the Complaint as follows:

## INTRODUCTION

1.      The allegations in paragraph 1 of the Complaint are denied.

2.      The allegations in paragraph 2 of the Complaint are denied.

3.      The allegations in paragraph 3 of the Complaint are denied.

4.      The allegations in paragraph 4 of the Complaint are denied.

5.      The allegations in paragraph 5 of the Complaint are denied.

6.      Title II of the ADA, *Olmstead*, and 28 C.F.R. § 35.130(d) speak for themselves. The State denies Plaintiff's attempt to characterize them.

7.      The allegations in paragraph 7 of the Complaint are so general, overly-broad, and vague that the State is unable to admit or deny them.  The State does not dispute that integrated, community-based services can enhance and support recovery from mental illness.

PD.20066652.1

8.     The Report cited in paragraph 8 of the Complaint speaks for itself.  The State denies Plaintiff's attempt to characterize it.

9.     The allegations in paragraph 9 of the Complaint are so general, overly-broad, and vague that the State is unable to admit or deny them.

10.    The allegations in paragraph 10 of the Complaint are denied.

11.    The documents cited in paragraph 11 of the Complaint speak for themselves.  The State denies Plaintiff's attempt to characterize them.

12.    The allegations in paragraph 12 of the Complaint are denied.

13.    The allegations in paragraph 13 of the Complaint are denied.

14.    The State admits that community-based services for adults with mental illness can include the services listed in paragraph 14 of the Complaint.

15.    The State admits that "[t]hese community-based services for adults with mental illness already exist within Mississippi's mental health service system."   The remaining allegations in paragraph 15 of the Complaint are denied.

16.    Because paragraph 16 of the Complaint does not identify what it means by "administered appropriately," the allegations in paragraph 16 are denied.

17.    The State is unable to admit or deny what the United States allegedly seeks to do.

## JURISDICTION AND VENUE

18.    The allegations in paragraph 18 of the Complaint are admitted.

19.    The allegations in paragraph 19 of the Complaint are admitted.

20.    The allegations in paragraph 20 of the Complaint are admitted.

21.    The allegations in paragraph 21 of the Complaint are admitted.

## PARTIES

22.    The allegations in paragraph 22 of the Complaint are admitted.

PD.20066652.1

23.     The allegations in paragraph 23 of the Complaint are admitted.

24.     The allegations in paragraph 24 of the Complaint are admitted.

25.     The allegations in paragraph 25 of the Complaint are admitted.  Plaintiff has listed Mississippi's Division of Medicaid (DOM) in the "Parties" section of its Complaint, but not in the caption of its Complaint, which lists the State of Mississippi as the only defendant in this action.  On information and belief, DOM has not been served with process.

26.     The allegations in paragraph 26 of the Complaint are admitted.  Plaintiff has listed Mississippi's Division of Mental Health (DMH) in the "Parties" section of its Complaint, but not in the caption of its Complaint, which lists the State of Mississippi as the only defendant in this action.  On information and belief, DMH has not been served with process.

27.     The State admits that it operates four psychiatric hospitals and one residential center.  The remaining allegations in paragraph 27 of the Complaint are denied.

28.     The allegations in paragraph 28 of the Complaint are so general, overly-broad, and vague that the State is unable to admit or deny them.

29.     Plaintiff has listed Mississippi Home Corporation in the "Parties" section of its Complaint, but not in the caption of its Complaint, which lists the State of Mississippi as the only defendant in this action.  On information and belief, Mississippi Home Corporation has not been served with process.  House Bill 1563 (2015) speaks for itself.  The State denies Plaintiff's attempt to characterize it.

## STATUTORY AND REGULATORY BACKGROUND

30.     The provisions of the ADA cited in paragraph 30 of the Complaint speak for themselves.  The State denies Plaintiff's attempt to characterize them.

31.     The provisions of the ADA cited in paragraph 31 of the Complaint speak for themselves.  The State denies Plaintiff's attempt to characterize them.

PD.20066652.1

32.     The provisions of the ADA cited in paragraph 32 of the Complaint speak for themselves.  The State denies Plaintiff's attempt to characterize them.

33.     The provisions of the ADA cited in paragraph 33 of the Complaint speak for themselves.  The State denies Plaintiff's attempt to characterize them.

34.     The statute and regulations cited in paragraph 34 of the Complaint speak for themselves.  The State denies Plaintiff's attempt to characterize them.

35.     The regulations cited in paragraph 35 of the Complaint speak for themselves.  The State denies Plaintiff's attempt to characterize them.

36.     The case law cited in paragraph 36 of the Complaint speaks for itself.  The State denies Plaintiff's attempt to characterize it.

37.     The case law cited in paragraph 37 of the Complaint speaks for itself.  The State denies Plaintiff's attempt to characterize it.

38.     The statute cited in paragraph 38 of the Complaint speaks for itself.  The State denies Plaintiff's attempt to characterize it.

## FACTUAL ALLEGATIONS

### A.  State Hospitals are Segregated, Institutional Settings

39.     The State admits that it funds the four psychiatric hospitals identified in allegations in paragraph 39 of the Complaint.  The remaining allegations in paragraph 39 of the Complaint are denied.

40.     The allegations in paragraph 40 of the Complaint are so general, overly-broad, and vague that the State is unable to admit or deny them.

41.     The allegations in paragraph 41 of the Complaint are so general, overly-broad, and vague that the State is unable to admit or deny them.

42.     The allegations in paragraph 42 of the Complaint are so general, overly-broad, and vague that the State is unable to admit or deny them.

43.     The allegations in paragraph 43 of the Complaint are so general, overly-broad, and vague that the State is unable to admit or deny them.

44.     The allegations in paragraph 44 of the Complaint are so general, overly-broad, and vague that the State is unable to admit or deny them.

45.     The allegations in paragraph 45 of the Complaint are admitted.

46.     The allegations in paragraph 46 of the Complaint are denied.

47.     The allegations in the second sentence of paragraph 47 of the Complaint are admitted.  The remaining allegations in paragraph 47 of the Complaint are denied.

48.     The allegations in paragraph 48 of the Complaint are denied.

**B.  Thousands of Mississippians Cycle in and out of State Hospitals Each Year**

49.     The allegations in paragraph 49 of the Complaint are denied.

50.     The allegations in paragraph 50 of the Complaint are denied.

51.     The allegations in paragraph 51 of the Complaint are denied because the terminology used in that paragraph is not defined.

52.     The allegations in paragraph 52 of the Complaint are denied because the terminology used in that paragraph is not defined.

53.     The allegations in paragraph 53 of the Complaint are so general, overly-broad, and vague that the State is unable to admit or deny them.

54.     The allegations in paragraph 54 of the Complaint are denied because the terminology used in that paragraph is not defined.

55.     The allegations in paragraph 55 of the Complaint are denied because the terminology used in that paragraph is not defined.

PD.20066652.1

56.     Because the "one twenty-seven year old man" is not identified, the State is unable to admit or deny the allegations in paragraph 56 of the Complaint concerning him.   The remaining allegations in paragraph 56 of the Complaint are denied.

57.     The allegations in paragraph 57 of the Complaint are so general, overly-broad, and vague that the State is unable to admit or deny them.

58.     The allegations in paragraph 58 of the Complaint are so general, overly-broad, and vague that the State is unable to admit or deny them.

## C.  Individuals in the Mississippi State Hospital's Longer-Term Units Remain There for Years

59.     The allegations in paragraph 59 of the Complaint are denied because the terminology used in that paragraph is not defined.

60.     The allegations in paragraph 60 of the Complaint are denied because the terminology used in that paragraph is not defined.

61.     The allegations in paragraph 61 of the Complaint are so general, overly-broad, and vague that the State is unable to admit or deny them.

62.     The allegations in paragraph 62 of the Complaint are denied because the terminology used in that paragraph is not defined.

63.     The allegations in paragraph 63 of the Complaint are denied.

64.     The State admits that the Central Mississippi Residential Center is located in Newton, Mississippi, that it consists of multiple buildings, and that it has 68 beds.   The remaining allegations in paragraph 64 of the Complaint are denied.

65.     The allegations in paragraph 65 of the Complaint are denied.

PD.20066652.1

**D. Mississippi's Administration of its Service System has Caused Unnecessary Segregation of Individuals in State Hospitals and Placed Others at Serious Risk of Unnecessary Institutionalization**

66.     The allegations in paragraph 66 of the Complaint are denied.

67.     The allegations in paragraph 67 of the Complaint are so general, overly-broad, and vague that the State is unable to admit or deny them.

68.     The allegations in paragraph 68 of the Complaint are denied.

69.     The allegations in the first and third sentences of paragraph 69 of the Complaint are admitted.  The allegations in the second sentence of paragraph 69 of the Complaint are denied.

70.     The State admits the first and second sentences of paragraph 70 of the Complaint. The State denies the third sentence of paragraph 70 of the Complaint.

71.     The allegations in paragraph 71 of the Complaint are denied.

72.     The allegations in paragraph 72 of the Complaint are admitted.

73.     The allegations in paragraph 73 of the Complaint are denied.

74.     The allegations in paragraph 74 of the Complaint are denied.

       i.     The State fails to provide sufficient community-based mental health services throughout the State.

75.     The document cited in paragraph 75 of the Complaint speaks for itself.  The State denies Plaintiff's attempt to characterize it.

76.     The allegations in the first sentence of paragraph 76 of the Complaint are admitted.  The remaining allegations in paragraph 76 of the Complaint are denied.

77.     The allegations in paragraph 77 of the Complaint are so general, overly-broad, and vague that the State is unable to admit or deny them.

78.     The document cited in paragraph 78 of the Complaint speaks for itself.  The State denies Plaintiff's attempt to characterize it.

PD.20066652.1

79.     The allegations in paragraph 79 of the Complaint are so general, overly-broad, and vague that the State is unable to admit or deny them.

80.     The document cited in paragraph 80 of the Complaint speaks for itself.  The State denies Plaintiff's attempt to characterize it.  The remaining allegations in paragraph 80 of the Complaint are denied.

81.     The document cited in paragraph 81 of the Complaint speaks for itself.  The State denies Plaintiff's attempt to characterize it.

82.     The allegations in paragraph 82 of the Complaint are so general, overly-broad, and vague that the State is unable to admit or deny them.

83.     The allegations in paragraph 83 of the Complaint are admitted.

84.     The allegations in paragraph 84 of the Complaint are denied.

85.     The State admits that in fiscal year 2015, 307 people from Hinds County and 206 people from Rankin County were served in the State Hospitals, that the two counties account for approximately 17% of the people served in the State Hospitals, and that neither county had an ACT team before 2015.  The remaining allegations in paragraph 85 of the Complaint are denied.

86.     The State admits that an ACT team was established in Hinds County in 2015, and that it served 17 individuals in 2015.  The remaining allegations in paragraph 86 of the Complaint are denied.

87.     The document cited in paragraph 87 of the Complaint speaks for itself.  The State denies Plaintiff's attempt to characterize it.

88.     The allegations in paragraph 88 of the Complaint are denied

89.     The document cited in paragraph 89 of the Complaint speaks for itself.  The State denies Plaintiff's attempt to characterize it.

PD.20066652.1

90.     The document cited in paragraph 90 of the Complaint speaks for itself.  The State denies Plaintiff's attempt to characterize it.

91.     The document cited in paragraph 91 of the Complaint speaks for itself.  The State denies Plaintiff's attempt to characterize it.

92.     The allegations in paragraph 92 of the Complaint are denied.

93.     The allegations in paragraph 93 of the Complaint are denied.

> ii.     <u>The State fails to fund sufficient community-based services and instead focuses on institutional settings.</u>

94.     The allegations in paragraph 94 of the Complaint are denied.

95.     The allegations in paragraph 95 of the Complaint are denied.

96.     The allegations in paragraph 96 of the Complaint are denied because the terminology used in that paragraph is not defined.

97.     The allegations in the first sentence of paragraph 97 of the Complaint are admitted.  The allegations in the second sentence of paragraph 97 of the Complaint are denied.  The allegations in the third sentence of paragraph 97 of the Complaint are admitted.

98.     The allegations in paragraph 98 of the Complaint are so general, overly-broad, and vague that the State is unable to admit or deny them.

99.     The document cited in paragraph 99 of the Complaint speaks for itself.  The State denies Plaintiff's attempt to characterize it.

100.    The allegations in paragraph 100 of the Complaint are denied as misleading because the beds referenced in paragraph 100 are replacement beds.

101.    The allegations in paragraph 101 of the Complaint are so general, overly-broad, and vague that the State is unable to admit or deny them.

102.    The allegations in paragraph 102 of the Complaint are denied.

### E.  Mississippi is Aware That it Unnecessarily Relies on Institutional Settings and has not Taken the Action Needed to Remedy the Violations of Law

103.    The allegations in paragraph 103 of the Complaint are so general, overly-broad, and vague that the State is unable to admit or deny them.

104.    The document cited in paragraph 104 of the Complaint speaks for itself.  The State denies Plaintiff's attempt to characterize it.

105.    The document cited in paragraph 105 of the Complaint speaks for itself.  The State denies Plaintiff's attempt to characterize it.

106.    The document cited in paragraph 106 of the Complaint speaks for itself.  The State denies Plaintiff's attempt to characterize it.

107.    The document cited in paragraph 107 of the Complaint speaks for itself.  The State denies Plaintiff's attempt to characterize it.

108.    The document cited in paragraph 108 of the Complaint speaks for itself.  The State denies Plaintiff's attempt to characterize it.

109.    The document cited in paragraph 109 of the Complaint speaks for itself.  The State denies Plaintiff's attempt to characterize it.

110.    The document cited in paragraph 110 of the Complaint speaks for itself.  The State denies Plaintiff's attempt to characterize it.  The remaining allegations in paragraph 110 of the Complaint are denied.

111.    The State admits that MAC 2.0 was generated in 2013.  The remaining allegations in paragraph 111 of the Complaint are denied.

112.    The allegations in paragraph 112 of the Complaint are denied.

113.    The document cited in paragraph 113 of the Complaint speaks for itself.  The State denies Plaintiff's attempt to characterize it.

PD.20066652.1

114.    The document cited in paragraph 114 of the Complaint speaks for itself.  The State denies Plaintiff's attempt to characterize it.

115.    The allegations in paragraph 115 of the Complaint are denied.

**F.  Individuals with Mental Illness in State Hospitals Or at Serious Risk of Hospitalization are Persons with Disabilities Who are Qualified to Receive Services in More Integrated Settings and Do Not Oppose It**

116.    The allegations in paragraph 116 of the Complaint are admitted.

117.    The allegations in paragraph 117 of the Complaint are so general, overly-broad, and vague that the State is unable to admit or deny them.

118.    The allegations in paragraph 118 of the Complaint are so general, overly-broad, and vague that the State is unable to admit or deny them.

119.    The allegations in paragraph 119 of the Complaint are so general, overly-broad, and vague that the State is unable to admit or deny them.

120.    The allegations in paragraph 120 of the Complaint are so general, overly-broad, and vague that the State is unable to admit or deny them.

**G.  The State Can Provide Services in Integrated Settings by Reasonably Modifying Its Mental Health Services Systems**

121.    The allegations in paragraph 121 of the Complaint are denied.

122.    The allegations in paragraph 122 of the Complaint are admitted.

123.    The allegations in paragraph 123 of the Complaint are denied.

124.    The allegations in paragraph 124 of the Complaint are denied.

**H.  The United States' Investigation**

125.    The document cited in paragraph 125 of the Complaint speaks for itself.  The State denies Plaintiff's attempt to characterize it.

126.    The allegations in paragraph 126 of the Complaint are denied.

127.    The States admits that it engaged in multiple rounds of negotiations with Plaintiff beginning in the Spring 2012.  The remaining allegations in paragraph 127 of the Complaint are denied.

## COUNT I

## VIOLATION OF TITLE 11 OF THE AMERICANS WITH DISABILITIES ACT

## 42 U.S.C. §§ 12131 et seq.

128.    The State adopts by reference its responses to the previous paragraphs.

129.    The allegations in paragraph 129 of the Complaint are admitted.

130.    The allegations in paragraph 130 of the Complaint are denied.

131.    The allegations in paragraph 131 of the Complaint are denied.

132.    The allegations in paragraph 132 of the Complaint are denied.

## PRAYER FOR RELIEF

The allegations in the Prayer for Relief of the Complaint are denied.

Every allegation in Plaintiff's Complaint that is not specifically and expressly admitted in this Answer is denied.

### The State's Request for Relief

The State respectfully requests that Plaintiff's Complaint be dismissed with prejudice, and that the State be awarded its reasonable attorney's fees and costs against the United States under 42 U.S.C. § 1997a(b).

THIS, the 11th day of October, 2016.

Respectfully submitted,

PHELPS DUNBAR LLP


BY:   */s/ Reuben V. Anderson*
      Reuben V. Anderson, MB 1587
      W. Thomas Siler, MB 6791
      James W. Shelson, MB 9693
      R. Gregg Mayer, MB 102232
      A. Martin Edwards, IV, MB 104677
      4270 I-55 North
      Jackson, Mississippi 39211-6391
      Post Office Box 16114
      Jackson, Mississippi  39236-6114
      Telephone: 601-352-2300
      Telecopier: 601-360-9777
      Email: andersor@phelps.com
          silert@phelps.com
          shelsonj@phelps.com
          gregg.mayer@phelps.com
          martin.edwards@phelps.com


      Harold Pizzetta, III, Esq., MB 99867
      Assistant Attorney General
      General Civil Division
      Walter Sillers Building
      550 High Street
      Jackson, MS 39201

Attorneys for the State of Mississippi

PD.20066652.1

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 11, 2016, I electronically filed this document with the Clerk of the Court using the ECF system, which sent notification of such filing to all ECF counsel of record in this action.

<em>/s/ Reuben V. Anderson</em><br>REUBEN V. ANDERSON