# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

THE UNITED STATES OF AMERICA                                                                                                **PLAINTIFF**

**VS.**                                                         **CIVIL ACTION NO.: 3:16CV622-CWR-FKB**

**THE STATE OF MISSISSIPPI**                                                                                 **DEFENDANT**

## MEMORANDUM IN SUPPORT OF MOTION FOR CONSOLIDATION

This matter involves common issues of fact and law with *Troupe, et. al. v. Barbour, et. al.*, No. 3:10cv153, (S.D. Miss., March 10, 2010). Both lawsuits involve nearly identical *Olmstead* challenges against the State of Mississippi. Both are filed in the Southern District of Mississippi. The Department of Justice is actively involved in both, having initiated the instant proceeding and having filed "Statements of Interest" in *Troupe* in support of the plaintiffs. Any remedy that may ultimately come out of either litigation will necessarily overlap with any proposed remedy from the other. While *Troupe* involves children and this matter involves adults, there is no legitimate dispute that any alleged needed changes in the State's care of individuals with mental illness would necessarily involve changes for the care of both children and adults.

Under Fed. R. Civ. P. 42(a), the court may consolidate actions that involve a "common question of law or fact." As many as eight different factors may be considered by the Court in determining if consolidation is appropriate. Here, all eight factors favor consolidation.

For these reasons, discussed in more detail below, the State respectfully requests that the Court consolidate this matter with *Troupe, et. al. v. Barbour, et. al.*, No. 3:10cv153, (S.D. Miss., March 10, 2010).

**ARGUMENT**

Rule 42 of the Federal Rules of Civil Procedure provides that the court may consolidate multiple pending actions "involving a common question of law or fact ... [and] may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a); *see also Hammers v. Hathorne*, 2008 WL 364192 (S.D. Miss., Feb. 8, 2008). In articulating the factors a court may consider in determining consolidation, the district court in *Crest Audio, Inc. v. QSC Audio Products, Inc*., 2016 WL 3249217, *2 (S.D. Miss., March 4, 2016) stated:

> In exercising their broad discretion in determining whether to consolidate actions, federal courts consider many factors, including: '(1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is a risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, (5) whether consolidation will conserve judicial resources, (6) whether consolidation will result in an unfair advantage, (7) whether consolidation will reduce the time for resolving the cases, and (8) whether consolidation will reduce the cost of trying the cases separately.'

*Crest Audio, Inc.*, 2016 WL 3249217, *2 (citing *In re Camp Arrowhead, Ltd*., Civil Action No. SA-10-CV-170-XR (W.D. Texas March 8, 2010) (citations omitted).

All eight factors favor consolidation in this case.

**I.     The actions are pending in the same judicial district[1]**

Both *Troupe* and the existing lawsuit are pending in the Southern District of Mississippi. *Troupe* is the earlier filed action. Under L.U.Civ.R. 42, "[t]he judge initially assigned the lower or lowest numbered action, even if that action has been dismissed, will be the judge before whom the action(s) will be tried."

---

[1] Consolidation is favored if "the cases proposed for consolidation are pending either before the same court for all purposes ***or before two different courts within the same judicial district***." *Mayfield v. American Automobile Ins. Co*., 2003 WL 21250935, *1 (N.D. Texas, May 27, 2003) (emphasis added).

Since both actions are pending in the same judicial district, this factor favors consolidation.

**II.     Common parties are involved in the cases**

The State of Mississippi is the defendant in both *Troupe* and the instant action. The United States is the plaintiff in this case. In *Troupe*, the plaintiffs are Medicaid-eligible children who alleged they need mental health services not provided by the State. The United States has asserted its interests and rights to participate in *Troupe* by filing Statements of Interest in accordance with 28 U.S.C. §517.[2] The United States is aligned with the *Troupe* plaintiffs and participating in the *Troupe* lawsuit, including at oral argument and in telephonic conferences. In *Troupe*, on December 17, 2015, the plaintiffs filed a Notice that settlement negotiations "between ***the United States*** and the State of Mississippi, and between the Plaintiffs and the Defendants" had terminated [Dkt. #82 emphasis added)]. It was only after this notice that the United States then filed the instant action.

The United States and State of Mississippi are both active and adverse in both lawsuits involving the same legal issues and the same factual issues about the care for children and adults with mental illness. While the *Troupe* plaintiffs are not parties to this lawsuit, "consolidation is not limited to actions involving identical parties." *Attala Hydratane Gas, Inc. v. Lowry Tims Co.*, 41 F.R.D. 164 (N.D. Miss. 1966). Instead, if there are substantial common issues of fact and law, as there are here, consolidation is appropriate. *Id; see also LaCroix v. Marshall Cty.,* 2009 WL 2244593 *2 (N.D. Miss. July 27, 2009) (citation omitted) (total identity of parties and issues not required if substantial identity of parties and issues is present).

This factor favors consolidation.

**III.     There are common questions of law and fact**

---

[2] As discussed in more detail *infra*, these Statements of Interest likewise establish that there are common issues of fact and law pending between these same parties in both *Troupe* and this action.

3

In both *Troupe* and the instant lawsuit, the allegations include nearly identical *Olmstead* challenges that seek to overhaul the State's care of the mentally ill. A review of the complaints establishes that the same issues of law and fact are being presented, even though *Troupe* focuses on children and this case focuses on adults. For example:

    ● In *Troupe*: "In order to access intensive mental health services in Mississippi, children must either deteriorate to the point of crisis required for involuntary hospitalization, or submit to ***unnecessary institutionalization***." ¶1 of Complaint (emphasis added).

    ● In this case: "The State discriminates against adults with mental illness by administering and funding its programs and services for these individuals in a manner that has resulted in their repeated, prolonged, and ***unnecessary institutionalization*** in state-run psychiatric hospitals…" ¶1 of Complaint (emphasis added).

    ● In *Troupe*: "Not surprisingly, many children and families find themselves thrown back into a crisis, forced to repeat the ***cycle of institutionalization*** yet again." ¶3 of Complaint (emphasis added).

    ● In this case: "Thousands of adults with mental illness in Mississippi needlessly ***cycle in and out of the State Hospitals*** each year because they do not receive the supports [sic] they need in the community." ¶ 49 of Complaint (emphasis added).

    ● In *Troupe*: "Mississippi's system of mental health care is so weak and uncoordinated that most children are ***released from facilities with little or ineffective follow-up community mental health care***." ¶3 of Complaint (emphasis added).

    ● In this case: "The State often ***fails to ensure that there is a plan for providing services and supports [sic] in the community that will meet the individual's needs and prevent readmission*** to the State Hospitals." ¶ 58 of Complaint (emphasis added).

Both Complaints rely on and cite to the Joint Legislative Committee on PEER, *Report on the Miss. Legislature No. 511, Planning For The Delivery of Mental Health Services in Mississippi: A Policy Analysis* (2008). *See* ¶2 of *Troupe* Complaint; *see* ¶ 11 of Complaint in this case.

4
PD.20136266.1

The principal factual and legal issues will necessarily involve many of the same witnesses and evidence because the central issue is the State's care of the mentally ill, whether adults or children. When the same witnesses and evidence will be utilized, consolidation is favored. *See Baudoin v. Stogner*, 2012 WL 315976 at *1 (S.D. Miss. Feb. 1, 2012).

The United States is the plaintiff in this case, and, as noted above, is participating alongside the plaintiffs in *Troupe* through its filings of Statements of Interests. These Statements of Interests likewise demonstrate that consolidation is appropriate.

Like this case, the United States is adverse to the State of Mississippi in *Troupe*. The United States has argued that the *Troupe* plaintiffs' allegations of institutionalized care are services "plainly inadequate and ineffective for children with chronic and long term mental health needs." Statement of Interest of the United States (Dkt.#41) at p. 13, No. 3:10cv153 (filed April 8, 2011). "The [*Troupe*] Complaint is thus replete with factual allegations concerning ***defendants' failure to provide medically necessary mental health services*** and the profound harm it has caused named plaintiffs and other members of the plaintiff class." *Id.* at p. 14 (emphasis added). By comparison, the United States alleges in its Complaint that "***the State continues to fail to ensure that adults with mental illness are served in the most integrated setting appropriate*** to their needs, or that their discharge planning needs are met in order to transition successfully into community settings." Complaint at ¶ 126 (emphasis added).

The United States has filed a second Statement of Interest in *Troupe* in an effort to clarify federal law under the ADA, which is likewise at issue here. *See* Department of Justice Statement Of Interest, Dkt.#57, No. 3:10cv153 (filed September 6, 2013). This Statement of Interest is in response to the Magistrate's recommendation that the State of Mississippi's Motion To Dismiss be granted as to one count. This, too, shows the United States is actively participating in *Troupe*, and is adverse to the State of Mississippi.

5

Furthermore, in filing the instant action, the DOJ stated it is still "evalut[ing] its options with regard to its claims related to children with mental health conditions and individuals with intellectual and developmental disabilities." *See* Letter from Gupta to Hood (August 8, 2016), attached as Exhibit 1. This statement suggests the DOJ is considering amending the instant to complaint to add children, an issue that is already being tried in *Troupe* with the United States' participation. In fact, the United States expressly referenced in a press release its involvement in *Troupe* as part of its alleged effort "to resolving all of the violations the department [of justice] identified…." *See* Press Release (August. 11, 2016), attached as Exhibit 2. These admissions acknowledge that the United States sees the instant case and *Troupe* as addressing the same alleged problems, issues that should be tried in one lawsuit, not two.

In paragraph 125 of its Complaint in this matter, the United States references a letter that it sent to the Governor of the State of Mississippi on December 22, 2011. The letter includes the United States' findings and conclusions regarding its investigation of the State's compliance with Title II of the ADA. On February 27, 2012, the plaintiffs in *Troupe* filed a copy of the United States' December 22, 2011 letter in that case, and explained the overlap between the United States' findings and conclusions regarding the State's compliance with Title II of the ADA and *Troupe*. (Dkt. 48, No. 3:10cv153).

With all of the overlap of common issues of fact and law, this factor favors consolidation.

**IV. There is no risk of prejudice or confusion but there is the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately**

Both lawsuits involve *Olmstead* challenges that seek to change the State of Mississippi's care for the mentally ill. There is no risk of any prejudice or confusion if the cases are consolidated. On the contrary, the lawsuits involve similar legal and factual assertions, both claiming individuals are "cycled" through state institutions without the appropriate community-based care. These similar issues should be considered together.

There is a risk, however, of inconsistent results. While one court may find in the State's favor, another may find otherwise, even though both cases involve the same issue of the State's care of individuals with mental illness. This potential inconsistency warrants consolidation. *See Entergy Mississippi, Inc. v. Marquette Transp. Co., LLC*, 2013 WL 3778436 (S.D. Miss. July 17, 2013) (consolidation favored where proceeding separately would risk inconsistent results).

Both the *Troupe* plaintiffs and the DOJ seek similar broad injunctive relief against the State. In *Troupe*, the plaintiffs seek a judgment to "[d]eclare unlawful Defendants' failure to comply with the mandates of the Medicaid Act, the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act." *Troupe* Complaint at ¶2 under Request for Relief. In this case, the United States seeks a judgement to "[d]eclare that the Defendant has violated Title II of the ADA, 42 U.S.C. §§ 12131, *et. seq*." Complaint at ¶ A under Prayer for Relief. The incredibly broad scope of relief sought in *Troupe* and in this case is necessarily overlapping.

In fact, both lawsuits implicate the fundamental alteration defense available to the State, as any proposed change in the care of adults would necessarily have to take into account any change in the care of children, especially since the State has a limited pool of resources.

These factual and legal issues should be tried together to reach a consistent result. This factor favors consolidation.

V. **Consolidation will conserve judicial resources**

Consolidation is appropriate when it "will serve to reduce the costs and expenses of the parties and will better utilize judicial time and resources." *Branch Banking and Trust Co. v. Price*, 2011 WL 5403403, *3 (S.D. Miss., Nov. 8, 2011).

Consolidating these cases will certainly conserve judicial resources and avoid duplication of the same legal issues being tried by two different courts. The allegations of "unnecessary institutionalizations" and "cycling" through the system, among other allegations, are identical in

7

both cases, and it would conserve judicial resources to have one court decide these issues, as opposed to duplicative efforts in two courts.

Given the near identical *Olmstead* challenges, many of the same motions, arguments, hearings and the trials will be presented to the Court in both *Troupe* and this case. Consolidation is favored if it will eliminate duplication in matters presented to the court. *See Baudoin*, 2012 WL 315976 at *1.

This factor favors consolidation.

**VI.  Consolidation will not result in an unfair advantage**

Neither the plaintiffs nor the State of Mississippi will gain any kind of unfair advantage by the consolidation of these proceedings. On the contrary, it is to the advantage of all parties and the Court to have these common issues of fact and law tried together and reach a singular result, as opposed to the possibility of competing or inconsistent judgments.

This factor favors consolidation.

**VII.  Consolidation will reduce the time for resolving the cases**

By consolidating the cases, the common factual and legal issues can be more efficiently resolved, resulting in a more expeditious proceeding of the issues before the Court. This factor favors consolidation.

**VIII.  Consolidation will reduce the cost of trying the cases separately**

For the same reasons as set forth above, consolidating these two cases will reduce the costs to the parties and Court because the common factual and legal issues will be presented to one Court, as opposed to duplicating efforts between two courts. The State of Mississippi and the United States are involved in both cases, so the costs to these parties could substantially be reduced by only having to try these issues one time.

This factor favors consolidation.

## CONCLUSION

This matter should be consolidated with *Troupe*. Among all of the reasons set forth above, both lawsuits involve nearly identical *Olmstead* challenges against the State of Mississippi, both involve the United States and the State, both involve similar witnesses and evidence, and there is a distinct threat for inconsistent results. Consolidation is appropriate.

The State of Mississippi respectfully requests that the Court consolidate this matter with *Troupe, et. al. v. Barbour, et. al.*, No. 3:10cv153, (S.D. Miss., March 10, 2010).

THIS the 24th day of October, 2016.

                Respectfully submitted,

                PHELPS DUNBAR LLP


BY:   */s/ R. Gregg Mayer*
      Reuben V. Anderson, MB 1587
      W. Thomas Siler, MB 6791
      James W. Shelson, MB 9693
      R. Gregg Mayer, MB 102232
      A. Martin Edwards, IV, MB 104677
      4270 I-55 North
      Jackson, Mississippi 39211-6391
      Post Office Box 16114
      Jackson, Mississippi 39236-6114
      Telephone: 601-352-2300
      Telecopier: 601-360-9777
      Email: andersor@phelps.com
            silert@phelps.com
            shelsonj@phelps.com
            gregg.mayer@phelps.com
            martin.edwards@phelps.com

      Harold Pizzetta, III, Esq., MB 99867
      Assistant Attorney General
      General Civil Division
      Walter Sillers Building
      550 High Street
      Jackson, MS 39201

Attorneys for the State of Mississippi

## CERTIFICATE OF SERVICE

I certify that on October 24, 2016, I electronically filed this document with the Clerk of the Court using the ECF system, which sent notification of such filing to all ECF counsel of record in this action.

                                        */s/ R. Gregg Mayer*
                                        R. GREGG MAYER