IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**THE UNITED STATES OF AMERICA**                                           **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO.: 3:16CV622-CWR-FKB**

**THE STATE OF MISSISSIPPI**                                              **DEFENDANT**

**MEMORANDUM IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING
DETERMINATION OF STATE OF MISSISSIPPI'S MOTION FOR CONSOLIDATION**

The State of Mississippi ("State" or "Defendant") respectfully requests that the Court stay all proceedings in this matter pending a decision by the Court on whether the instant case should be consolidated with *Troupe, et. al. v. Barbour, et. al.*, No. 3:10cv153, (S.D. Miss., March 10, 2010). A stay of these proceedings is in the interest of judicial economy because it will avoid unnecessary duplication and overlap between this case and *Troupe* should consolidation be ordered. It also will save the Court and parties time and expense. Given the early stages of this litigation, neither party will be prejudiced by a stay.

For these reasons, the State respectfully requests that the Court stay all proceedings pending disposition of the *Motions For Consolidation* (Dkt. 8).

### ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Land Co.*, 299 U.S. 248 (1936). With this broad discretion, courts generally consider three factors in determining whether to stay proceedings pending a transfer and/or consolidation: (1) potential prejudice to the nonmovant, (2) hardship and inequality to the movant if the action is not stayed, and (3) judicial resources to be saved by avoiding duplicative litigation. *See, e.g., Curtis v. BP America, Inc.*, 808 F. Supp.2d 976 (S.D.

Texas, July 25, 2011) (quoting *Landis*, granting a stay pending decision to transfer); *Cajun Offshore Charters, LLC v. BP, PLC, et. al*, 2010 WL 2160292 (E. D. La., May 25, 2010) (granting stay pending decision on transfer order).

### A. No Prejudice To United States If Case Stayed Pending Decision Of Consolidation

The United States (Plaintiff) is not prejudiced by a stay. On the contrary, Plaintiff, like the State of Mississippi, would benefit from a stay in this case in order to avoid unnecessary duplication and overlap with *Troupe*.

Plaintiff filed this lawsuit against the State on August 11, 2016 (Dkt. 1). Consequently, this case is at its earliest stage of litigation. There is little benefit in pushing forward with litigation in this separate proceeding should consolidation be ordered in *Troupe*.

Moreover, allowing a short period of time for the Court to consider if consolidation is appropriate will cause no prejudice.[1] Plaintiff and the State have been in discussions about the allegations in this case for a number of years, including going back to a findings letter dated December 22, 2011 from Plaintiff to then-Governor Haley Barbour. No lawsuit was filed, however, until August of this year. The issues involved have been discussed for more than five years before litigation was even started, so a temporary stay now pending a decision in *Troupe* on consolidation will not prejudice either party.

This factor favors a stay.

### B. State Forced To Defend Two Separate Proceedings Over Same Issue

The State is a defendant in both this case and *Troupe*. As set forth above and in the *Motion For Consolidation*, the two lawsuits raise nearly identical *Olmstead* challenges. It imposes a hardship on the State to be forced to defend this lawsuit, and *Troupe* at the same time,

---

[1] Under L.U.Civ.R. 42, "[t]he judge initially assigned the lower or lowest numbered action, even if that action has been dismissed, will be the judge before whom the action(s) will be tried." The lowest numbered action is *Troupe*.

PD.20231532.1

while the *Troupe* court is considering whether consolidation is appropriate. As the State argues in its *Motions For Consolidation* (Dkt. 8), many of the same witnesses and evidence will be used in both cases, and the legal issues raised are nearly identical. The State should not have to litigate on two separate fronts while the *Troupe* court considers the appropriateness of consolidation.

This factor favors a stay.

### C. Judicial Resources Will Be Saved By Avoiding Duplicative Litigation

A key factor in favor of a stay is judicial resources will be saved. Here, many issues that will be raised and litigated also are going to be raised and litigated in *Troupe*. Moving forward with litigation in this case while the *Motions For Consolidation* (Dkt. 8) is pending would unnecessarily expend judicial resources, and impose unnecessary costs and time on the parties since both the State and Plaintiff are active in both cases.

As noted in *Crest Audio, Inc. v. QSC Audio Products, Inc.*, 2016 WL 3249217 (S.D. Miss., March 4, 2016), a stay may be appropriate if discovery is not concluded, no trial date is set, a stay would not unduly prejudice either side, and a stay could simplify the issues before the court. *Id*. at *1. Here, discovery has not even started in this case (there has not even been initial disclosures), no trial date is set, and as set forth above, neither side would be prejudiced by a stay. Should consolidation be ordered, then a stay would have conserved both the time and resources of the court and parties.

This factor favors a stay.

## RELIEF SOUGHT

For the reasons set forth above, the State of Mississippi respectfully requests that the Court stay all proceedings in this case pending a decision by the Court as to whether consolidation is appropriate.

THIS, the 24th day of October, 2016.

                Respectfully submitted,

                PHELPS DUNBAR LLP


                BY:  */s/ R. Gregg Mayer*
                      Reuben V. Anderson, MB 1587
                      W. Thomas Siler, MB 6791
                      James W. Shelson, MB 9693
                      R. Gregg Mayer, MB 102232
                      A. Martin Edwards, IV, MB 104677
                      4270 I-55 North
                      Jackson, Mississippi 39211-6391
                      Post Office Box 16114
                      Jackson, Mississippi 39236-6114
                      Telephone: 601-352-2300
                      Telecopier: 601-360-9777
                      Email: andersor@phelps.com
                             silert@phelps.com
                             shelsonj@phelps.com
                             gregg.mayer@phelps.com
                             martin.edwards@phelps.com

                      Harold Pizzetta, III, Esq., MB 99867
                      Assistant Attorney General
                      General Civil Division
                      Walter Sillers Building
                      550 High Street
                      Jackson, MS 39201

Attorneys for the State of Mississippi

## **CERTIFICATE OF SERVICE**

I certify that on October 24, 2016, I electronically filed this document with the Clerk of the Court using the ECF system, which sent notification of such filing to all ECF counsel of record in this action.

> */s/ R. Gregg Mayer*
> R. Gregg Mayer