IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Civil Action No: 3:16cv622CWR-FKB |
| THE STATE OF MISSISSIPPI, | ) |
| Defendant. | ) |

**MEMORANDUM OF LAW SUPPORTING UNITED STATES' RESPONSE IN OPPOSITION TO THE STATE OF MISSISSIPPI'S MOTION TO STAY PROCEEDINGS PENDING DETERMINATION OF THE STATE'S MOTION FOR CONSOLIDATION**

The United States respectfully requests that this Court deny the State of Mississippi's Motion to Stay Proceedings and permit discovery to proceed in this case as set forth by the Federal Rules of Civil Procedure 26(f) and 16(b), and Local Rule 16(e).  There are compelling reasons to avoid delay.  Most significantly, this case requires the prompt remediation of the ongoing and unjustified isolation and segregation of adults with mental illness in the state-run psychiatric hospitals, and individuals at serious risk of such segregation, who are in and out of the local emergency rooms, homeless shelters, and jails of Mississippi.

No time or expense will be saved by staying proceedings pending the Court's determination of Mississippi's request to consolidate this case with *Troupe v. Barbour*; on the contrary, the cost of the litigation and judicial resources required will be similar regardless of

whether this case is stayed and ultimately consolidated with *Troupe*. Given that, as Mississippi notes, the parties already spent years trying to resolve this matter without litigation, further delay is inappropriate and harmful to adults with mental illness in this State.

## ARGUMENT

One of the objectives of pretrial procedure is to "compress time for litigation," minimizing delay, irrelevancy, and expense. FED. R. CIV. PRO. 16(b) advisory committee's note (1983). In deciding a request for a stay, courts balance the equities to determine whether a stay of proceedings will harm the non-moving party, whether it is likely to simplify the issues and serve the interests of judicial economy, and if those factors favor a stay, whether it is indefinite. *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936); *see also McKnight v. Blanchard,* 667 F.2d 477, 479 (5th Cir.1982); *Alford v. Moulder*, No. 3:16-cv-350-CWR-LRA, 2016 WL 6088489, at *2 (S.D. Miss. Oct. 17, 2016); *Crest Audio, Inc. v. QSC Audio Products, Inc.*, No. 3:12-cv-755-CWR-FKB, 2016 WL 3249217, at *1 (S.D. Miss. March 4, 2016). In all cases, "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Alford*, 2016 WL 6088489, at *1 (citing *Landis*, 299 U.S. at 255 (1936)). Here, with more than a fair possibility of harm to the United States' interests, Mississippi fails to make a "clear case of hardship." *Id.* Because the equities favor proceeding with discovery, the Court should deny the stay.

**I.   Delaying This Case Is Harmful to the Interests of the United States and Adults with Mental Illness in Mississippi.**

This case is about Mississippi's responsibility for the harm inflicted on adults with mental illness in Mississippi. The Supreme Court held in *Olmstead v. L.C.* that "unjustified institutional isolation of persons with disabilities is a form of discrimination" under the

Americans with Disabilities Act (ADA).  *Olmstead v. L.C.*, 527 U.S. 581, 600-601 (1999).  Unnecessary institutional segregation is *per se* discrimination, which causes "stigmatizing injury" that "severely diminishes the everyday life activities of individuals, including family relations, social contacts, work options, economic independence, educational advancement, and cultural enrichment" for individuals with disabilities.  *Id*.; *see also Joseph S. v. Hogan,* 561 F. Supp. 2d 280, 290 (E.D.N.Y. 2008).

Seventeen years after *Olmstead,* Mississippi's mental health system has failed thousands of adults with mental illness who are unable to access adequate community-based mental health services. Compl. ¶ 10.  Because community services are insufficient, adults with mental illness find themselves isolated and segregated in the State Hospitals, some of whom spend years of their lives in institutional settings, with little hope of getting out. Compl. ¶¶ 2, 61, 64; *see Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (finding a stay inequitable where for some affected parties "the grim reaper has called while judgment awaits").  Others are held in local jails, or released to homeless shelters and personal care homes. Compl. ¶ 62. In cases where "plaintiffs have never been harmed," this Court may be inclined to grant a stay. *Alford,* 2016 WL 6088489, at *2.  Here, however, ongoing harm persists.

Moreover, the Court cannot assume that the stay proposed in this case will be moderate. *See, e.g., McKnight,* 667 F.2d at 479 ("stay orders will be reversed when they are found to be of immoderate or of an indefinite duration").  As Mississippi is well aware, discovery in *Troupe* has been stayed for more than six years since May 27, 2010, pending a ruling on a motion to dismiss Plaintiffs' Medicaid claim. *See* Order Staying Discovery, *Troupe v. Barbour*, No. 3:10-cv-153-HTW-LRA (S.D. Miss. May 27, 2010).  Class certification and the Medicaid claim are issues specific to *Troupe* and risk substantial delays and prejudice to the United States' interests at

stake in this case. Here, Rule 26(f) negotiations are proceeding, with meet and confer beginning tomorrow, November 8, 2016, in order to meet procedural deadlines, including the Case Management Conference set for December 8, 2016, and begin production.[1] The implication that a "temporary stay" will be short and non-prejudicial to the United States (Def.'s Br. Stay 2, ECF No. 11) is unconvincing.

## II. A Stay of Proceedings Will Not Simplify This Matter and Does Not Conserve Judicial Resources.

The scope and complexity of this litigation will not be simplified by staying the proceedings; this case requires separate discovery, trial, and remedy, because it involves discrete populations, services, and experts.

Irrespective of the determination of the Motion to Consolidate, discovery, motions practice, trial, and the remedy in this case will remain distinct from *Troupe* because the claims arise from separate facts. This case involves different populations whose rights are being violated (adults versus children); different mental health institutions in which these individuals are segregated (four State institutions versus mostly private children's facilities); different experts (experts in adult versus children's mental health); different community mental health providers (children's providers versus adult providers); different community services to provide as remedies (e.g., wraparound facilitation and intensive in-home services for children versus permanent supported housing, assertive community treatment, and clinical services for adults). The Electronically Stored Information (ESI) likely to be sought in each case is also distinct, with different custodians, search parameters, and requests for production. Given that the litigation in these two cases will be distinct irrespective of whether they are consolidated, Mississippi cannot show a "clear case of hardship or inequity" absent a stay.

---

[1] Mississippi is in receipt of the United States' proposed Joint Stipulation Regarding Discovery and proposed Joint Motion for Protective Order

4

Because this case requires its own discovery and trial, Mississippi's litigation obligations will not be streamlined by either delay or consolidation with *Troupe*. Thus, Mississippi's hardship claim is unpersuasive.

## CONCLUSION

WHEREFORE, for the reasons stated above, the United States respectfully requests that this Honorable Court deny Mississippi's Motion to Stay Proceedings and allow this case to proceed in accordance with the Federal Rules of Civil Procedure and Local Uniform Civil Rules of the United States District Court for the Southern District of Mississippi.


This 7th day of November, 2016

                Respectfully submitted,

**FOR THE UNITED STATES PLAINTIFF:**

GREGORY K. DAVIS
United States Attorney
Southern District of Mississippi

MITZI DEASE PAIGE
Assistant United States Attorney

VANITA GUPTA
Principal Deputy Assistant Attorney General
Civil Rights Division

EVE L. HILL
Deputy Assistant Attorney General
Civil Rights Division

STEVEN H. ROSENBAUM
Chief
Special Litigation Section

REGAN RUSH
Deputy Chief
Special Litigation Section

Date:  November 7, 2016            */s/ Elizabeth C. Kelley*
                                                          ELIZABETH C. KELLEY [VA Bar #80255]
                                                          ADRIENNE MALLINSON [NH Bar #17126]
                                                          DEENA FOX
                                                          Trial Attorneys
                                                          Special Litigation Section
                                                          Civil Rights Division
                                                          U.S. Department of Justice
                                                          950 Pennsylvania Avenue, N.W. - PHB
                                                          Washington, DC  20530
                                                          Telephone: (202) 514-0460
                                                          Beth.Kelley@usdoj.gov

## **CERTIFICATE OF SERVICE**

    I, Elizabeth C. Kelley, Attorney for the United States, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all parties.

    **THIS** 7th day of November, 2016.

    */s/ Elizabeth C. Kelley*
    ELIZABETH C. KELLEY (VA Bar #80255)