IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**UNITED STATES OF AMERICA,**                                                                        **PLAINTIFF**

**V.**                                                **CASE NO. 3:16-cv-622-CWR-FKB**

**STATE OF MISSISSIPPI**                                                         **DEFENDANT**

**ORDER SETTING ALLOWABLE NUMBER OF REQUESTS FOR
PRODUCTION OF DOCUMENTS**

Before the Court are two motions for entry of a proposed case management order ("CMO"), one submitted by Plaintiff, United States of America, [29], the other by Defendant, State of Mississippi, [31]. The parties have agreed to all of the terms of the proposed CMO, except for the number of requests for production of documents (RPDs) that the United States will be permitted. For the reasons described herein, the Court rules that the CMO shall permit each party seventy-five (75) RPDs.

The Court held a telephonic case management conference (TCMC) on May 4, 2017, wherein the parties informed the Court that they were having difficulty reaching agreement on the manner and scope of permissible discovery. On May 5, 2017 the Court ordered the parties to meet and confer in an attempt to resolve those disagreements. That meeting proved largely successful, as the only disagreement now before the Court is how many requests for production of documents that the United States should be permitted.[1] *See* [30], [31]. The State argues that the parties should be permitted 50 RPDs, whereas the United States argues for 150.

"Discovery rulings are committed to the sound discretion of the trial court and will not be

---

[1] It appears from the motions that the parties have also agreed that the CMO should permit each side forty-five (45) requests for admission. *See* [29] and [31].

reversed on appeal unless arbitrary or clearly unreasonable." *Taite v. City of Fort Worth Tex.*, 681 F. App'x 307, 309 (5th Cir. 2017)(citing *Outley v. Luke & Associates, Inc.*, 840 F.3d 212, 220 (5th Cir. 2016). Rule 34 of Federal Rules of Civil Procedure does not specify a limit to the number of RPDs a party may propound during the course of discovery. Fed. R. Civ. P. 34; *see also David v. Signal Int'l, L.L.C.*, No. 08-1220, 2014 U.S. Dist. LEXIS 117319, at *11 (E.D. La. Aug. 22, 2014). However, Rule 26(b)(1) requires that discovery must be both relevant and "proportional to the needs of the case." In considering the proportionality of proposed discovery, the Court is to consider:

> the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1); *see also Ehrenberg v. State Farm Mut. Auto. Ins. Co.*, No. 16-17269, 2017 U.S. Dist. LEXIS 132036, at *5 (E.D. La. Aug. 18, 2017). "Pursuant to Rule 26(b)(2), a court may limit the number of requests for production if the court determines that the discovery is unreasonably cumulative or obtainable from some other source that is less burdensome or less expensive, . . . or, the burden or expense of the discovery outweighs its likely benefit." *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 657 (D. Kan. 2004).

      The Court has reviewed each party's motion, response in opposition to the competing motion, and rebuttal. The Court finds that in considering the proportionality factors of Rule 26(b)(1), the needs of the case justify a number of RPDs that is higher than the number typically present in civil CMOs. However, as the State convincingly argues, the needs of the case do not, as of yet, justify the 150 RPDs the United States has requested. While the scope of this litigation is broad, it neither constitutes a class action nor includes other plaintiffs, as did the cases Plaintiff cited in support of its position. *Compare* [1] *with United States of America v. State of New*

*Hampshire,* Case No. 1:12-cv-53-SM (D. N.H. 20120, Doc. 21, and *Steward v. Abbott*, 5:10-cv-1025-OLG (W.D. Tex. 2010), Doc. 137.  Additionally, should the United States be permitted the 150 RPDs it has requested, the potential benefit to the Plaintiff would likely be outweighed by the burden and expense to the State. Therefore, the Court rules that the parties shall each be permitted 75 RPDs. The Court finds that, based on the information contained in the Complaint and the argument made by the parties in these two motions, this number of RPDs should permit the parties to adequately conduct discovery in support of their positions. Should it become necessary for a party to propound RPDs beyond the number permitted by this Order, that party may move for an amendment to the CMO pursuant to Fed. R. Civ. P. 16.

The Court grants motions [29] and [31] to the extent they propose agreed terms for the CMO. The Court denies motions [29] and [31] to the extent they each submit a proposed number of permissible RPDs, and orders that each party be permitted 75 RPDs. This Order resolves the final point of disagreement between the parties with regard to their proposed CMOs. Accordingly, counsel for the parties shall jointly submit to the Court within fourteen days a proposed CMO which is consistent with the terms of this Order.

IT IS SO ORDERED, this the 22nd day of August, 2017.

                                                    /s/ F. Keith Ball
                                        UNITED STATES MAGISTRATE JUDGE