**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>THE STATE OF MISSISSIPPI<br><br>               Defendant. | Civil Action No: 3:16cv622CWR-FKB |

**AGREED PROTECTIVE ORDER REGARDING CCO
HEALTH PLAN PROPRIETARY INFORMATION**

This action may implicate information that is the confidential, trade secret, proprietary, or commercially-sensitive information (collectively, "Protected Information") of (a) Magnolia Health Plan Inc., Cenpatico Behavioral Health LLC and their affiliates and (b) UnitedHealthcare of Mississippi, Inc., United Behavioral Health and their affiliates (collectively, "CCOs"), none of whom are parties to this action. In the course of this litigation, the parties expect to exchange and obtain Protected Information from CCOs and documents referencing or containing Protected Information. The parties agree that the entry of this Protective Order Regarding Health Plan Proprietary Information ("CCO Protective Order") is warranted to limit disclosure of any Protected Information.

      1.      All documents, testimony, and other materials produced by the State subject to this CCO Protective Order and labeled "Magnolia CCO Confidential" or "UHCMS CCO Confidential," respectively, and collectively referred to herein as "CCO Confidential," shall be used only in this proceeding and shall be disclosed only in accordance with the provisions of this CCO Protective Order.

1

2.	The State or a CCO shall designate as "CCO Confidential" documents, testimony, including deposition transcripts, written responses, or other materials produced in this case if they contain information that the State or CCO has a good faith basis for asserting is Protected Information.  The State or CCO shall designate each page of the designated material with a stamp identifying it as "CCO Confidential," unless it is impractical to do so, in which case the State or CCO will designate the specific material as "CCO Confidential" in a letter or email accompanying the production.  If a designation of information as "CCO Confidential" is withdrawn or successfully challenged pursuant to this CCO Protective Order, the designated material shall no longer be considered CCO Confidential.

3.	The parties acknowledge that some amount of information produced by the State of Mississippi Division of Medicaid in this litigation may contain information that CCOs may assert is Protected Information. Thus, to ensure that the CCOs have adequate opportunity to protect such information, the parties agree to the following protocol for CCO information produced by the State of Mississippi:

   a. The CCOs have received copies of Plaintiff's first set of document requests served on the Defendant.  Within ten (10) days of entry of this CCO Protective Order, any CCO may identify in writing to Defendant any documents or categories of documents that it believes are appropriate to be designated as "CCO Confidential" under this CCO Protective Order.

   b. Defendant will provide the CCOs with any future requests for production of documents served on it that seek information relating to a CCO. Any CCO may identify to Defendant any documents or categories of documents that it believes are responsive to the requests and appropriate to be designated as "CCO Confidential" under this CCO Protective Order.

   c. All provisions of this CCO Protective Order will apply to documents designated as "CCO Confidential" pursuant to this paragraph 3.

   d. Nothing in this Paragraph 3 affects the provisions of the Parties' Joint Stipulation on Discovery, ECF No. 39, concerning the deadlines for responding to discovery requests.

4. No portions of documents or other materials, including deposition transcripts, designated as "CCO Confidential," or any papers containing or referencing such materials, may be filed with the Court, unless the party seeking to file the designated materials first files a motion requesting that the designated materials be filed under seal pursuant to Local Rule 79.

5. Use of any information, documents, or portions of documents marked "CCO Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this CCO Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

   a. Outside counsel of record for the parties, and the administrative staff of outside counsel's organizations.

   b. In-house counsel for the parties, and the administrative staff for each in house counsel.

   c. Any party to this action and any employee, director, officer, or manager of any party as such party's counsel may deem reasonable for purposes of this litigation.

   d. Independent consultants or expert witnesses (including partners, associates, and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation as such party's counsel may deem reasonable for purposes of this litigation.

   e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

   f. The authors and the original recipients of the documents.

   g. Any deponent or trial witness in this litigation who is not a representative or agent of a competitor of a CCO.  The State must provide notice to the affected CCO that this provision is implicated at least seven days before the deposition or trial testimony of a witness who is a competitor or representative of a competitor of the CCO.

   h. Any court reporter or videographer reporting a deposition.
   i. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

6. Each party reserves the right to dispute the confidential status claimed by the State or a CCO in accordance with this CCO Protective Order. If a party believes that any documents or materials have been inappropriately designated, the challenging party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the CCO Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with the designation must nevertheless abide by that designation until the matter is resolved by agreement or by order of the Court.

7. The inadvertent failure to designate a document, testimony, or other material as "CCO Confidential" prior to disclosure shall not operate as a waiver of the State or CCO's right to later designate the document, testimony, or other material as "CCO Confidential." Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure. The Parties or their counsel shall not disclose such documents or materials if that Party or counsel knows or reasonably should know that the documents or materials are proprietary or contain trade secrets protected by law.

8. Designation by the State or a CCO of information or documents as "CCO Confidential" or failure to so designate will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence

in any proceeding between the parties, other than a motion to determine whether the CCO Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "CCO Confidential."

9. Within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this CCO Protective Order to receive Protected Information shall return to the producing party or third/subpoenaed party, or destroy, all information and documents subject to this CCO Protective Order. Returned materials shall be delivered in sealed envelopes marked "CCO Confidential" as appropriate to respective counsel.

10. This CCO Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

11. Documents containing Protected Information shall not be disclosed to persons in paragraph 5(d) until such persons have been provided with a copy of this CCO Protective Order. Persons described in paragraph 5(d) shall also be required to execute a copy of the CCO Protective Order Agreement, attached as Exhibit 1A.

12. In the event of a request pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for documents containing Protected Information from this action, the Court further intends that this CCO Protective Order will protect the records from access via FOIA unless the Court issues a subsequent order permitting disclosure.

13. Any party may apply for relief from, enforcement of, or modification of this Order for additional protective orders. The parties may also mutually agree to seek modification of the CCO Protective Order subject to Court approval.

14. The restrictions on disclosure and use of Protected Information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this CCO Protective Order.

SO ORDERED, this the 3rd day of January, 2018

                                                 /s/ F. Keith Ball
                                                 UNITED STATES MAGISTRATE JUDGE