# Exhibit B

**U.S. Department of Justice**

Civil Rights Division

RR:BK:DF:st
204-41-152

*Special Litigation Section - PHB*
*950 Pennsylvania Ave, NW*
*Washington DC 20530*

October 11, 2016

Harold E. Pizzetta, III
Assistant Attorney General
Walter Sillers Building
P.O. Box 220
Jackson, MS 39205-0220

Re:  <u>United States v. State of Mississippi</u>, 3:16-cv-622-CWR-FKB

Dear Mr. Pizzetta,

Thank you for your August 19, 2016, letter regarding the Attorney General's representation of the University of Mississippi Medical Center ("UMMC"). Based on applicable Mississippi law, we question your assertion of representation over UMMC *in this matter*. UMMC is not a defendant in this case and it is not a State agency responsible for the violations of law identified in our complaint. Thus, employees of UMMC are not represented by the Attorney General *in this matter* under Mississippi Rule of Professional Conduct 4.2 ("Rule 4.2").

Furthermore, as a general matter, Rule 4.2 does not permit the Attorney General to assert a blanket prohibition on communications with *all* employees of an agency, regardless of whether the agency is represented in the matter.

Based on Rule 4.2 and Miss. Code Ann. Section 7-5-1, which establishes the Attorney General's scope and authority, we understand that your office represents current employees of the Department of Mental Health, Division of Medicaid, and Mississippi Home Corporation who have not retained counsel in the matter, whose work relates to this lawsuit, and who fall into one of the three categories articulated in the comment to Rule 4.2. <u>Id.</u> (comment) (noting the prohibition applies to employees (1) having a managerial responsibility on behalf of the organization, (2) whose acts or omissions in connection with that matter may be imputed to the organization, or (3) whose statement may constitute an admission on the part of the organization). Further, based on the rules and statutes listed above, your past course of conduct, and the enabling statute that establishes the regional Community Mental Health Centers, we believe that the Attorney General does not represent the Community Mental Health Centers or their employees for purposes of this lawsuit.

I hope that this clarifies this issue.  Absent further communication, we will proceed as articulated in this letter.

Sincerely,

Beth Kelley

Beth C. Kelley
Trial Attorney
Special Litigation Section