# Exhibit C

| | |
|---|---|
| **From:** | Kelley, Beth (CRT) |
| **To:** | Jim Shelson (3724) |
| **Cc:** | Mallinson, Adrienne (CRT); Kelley, Beth (CRT) |
| **Subject:** | U.S. v. Mississippi - 3:16-cv-622 |
| **Date:** | Wednesday, November 9, 2016 5:57:21 PM |
| **Attachments:** | 2016.11.09 - Final Protective Order.pdf |
| | 2016.11.09 Final Motion for Protective Order.pdf |

Jim:

Thank you for participating in the call yesterday afternoon.  We appreciated the opportunity to discuss discovery and Rule 26 issues in anticipation of the December 8, 2016, case management conference.  In light of our discussion, attached please find a revised protective order, which we will file with the attached unopposed motion on Thursday afternoon after our call, unless we hear otherwise.

Based on our discussion yesterday, it is our understanding that the State Hospitals are not able to preserve surveillance video recordings because of storage issues and the tapes are currently on an auto-delete/overwrite function.  In the interest of reaching agreement regarding preservation, we will agree to exempt these surveillance videos from the preservation obligations.  We appreciate you proactively raising this issue with us.  However, we want to confirm that the State Hospitals are preserving all other documents, ESI, and tangible things consistent with their obligations under the FRCP until we reach agreement otherwise.  Additionally, you indicated that the Mississippi Home Corporation and the community mental health centers are not represented by the State's Attorney General in this litigation.

Regarding our conversation tomorrow, we anticipate discussing the architecture of the State's I.T. system, with a particular focus on one of the state agencies (e.g., DMH).   You indicated that you would try to have I.T. personnel from one of the agencies on the call.  Some of the issues to discuss include:

**Email**
- What are the types of e-mail systems used and when were they implemented?  (i.e., Outlook)
- Is e-mail automatically deleted after a certain period of time?
- Can employees remotely access their email?  If so, what devices do they use?

**User Files**
- Do custodians have available space on shared drives on the network file servers to store user files?  What about group/shared drives?
- Do custodians have the ability to save files to local (no backup) drive and/or removable media?

**Databases**
- Are there any proprietary sources of potentially relevant information (i.e., agency-specific database)?
- What databases does the agency use that may contain potentially relevant information?  (e.g., training database?  Medicaid systems?  procurement/accounting/budgeting?  Electronic medical records?)

Finally, you indicated that you will send us organizational charts of the State agencies we requested so that we can continue the discussion about relevant custodians.

We look forward to talking with you tomorrow.

Thanks,
Beth

Beth C. Kelley
Trial Attorney
U.S. Department of Justice, Civil Rights Division
Special Litigation Section
950 Pennsylvania Ave., N.W., PHB
Washington, DC  20530

Phone: (202) 514-0460
Email: Beth.Kelley@usdoj.gov