# Exhibit I

| | |
|---|---|
| **From:** | Jim Shelson (3724) |
| **To:** | Schutzer, Mathew (CRT); Holkins, Patrick (CRT) |
| **Cc:** | Nick Morisani (3351); Alysha Jordan (1242); Mortensen, Susan (CRT); Johnson, Phillip (CRT); Yancey, Renee (USAMSS) |
| **Subject:** | RE: U.S. v. Mississippi - deposition notices |
| **Date:** | Tuesday, March 27, 2018 12:10:40 PM |

Mat,

My email does not assert that we represent former employees.  Regardless, Rule 4.2 is more nuanced than you suggest.  *See Colborn v. Hardee's Food Systems, Inc.*, 2010 WL 4338353 at *1 (N.D. Miss. Oct. 27, 2010) (prohibiting ex parte contact where former employee was directly involved in alleged wrongful act).

**From:** Schutzer, Mathew (CRT) <Mathew.Schutzer@usdoj.gov>
**Sent:** Tuesday, March 27, 2018 10:00 AM
**To:** Jim Shelson (3724) <Jim.Shelson@phelps.com>; Holkins, Patrick (CRT) <Patrick.Holkins@usdoj.gov>
**Cc:** Nick Morisani (3351) <Nicholas.Morisani@phelps.com>; Alysha Jordan (1242) <Alysha.Jordan@phelps.com>; Mortensen, Susan (CRT) <Susan.Mortensen@usdoj.gov>; Johnson, Phillip (CRT) <Phillip.Johnson@usdoj.gov>; Yancey, Renee (USAMSS) <Renee.Yancey@usdoj.gov>; Schutzer, Mathew (CRT) <Mathew.Schutzer@usdoj.gov>
**Subject:** RE: U.S. v. Mississippi - deposition notices

Jim,

Rule 4.2 applies when the person with whom communication is sought is represented by counsel. You have previously asserted that Rule 4.2 bars DOJ from communicating with all State employees (a position with which DOJ disagrees as overbroad).  Given that interpretation of Rule 4.2, we understood your assertion of an objection to communications with "any other former employees within the scope of the Comment to Rule 4.2" to mean that you assert representation of all former employees.

We disagree with this interpretation of Rule 4.2.  As Judge Wingate concluded, Rule 4.2 could and should not apply to former employees with whom counsel for the entity has no attorney-client relationship.  *Durham*, 2007 WL 2903206, at *1.

If we misunderstood your email, please correct our misunderstanding and provide us the legal authority that supports your position.

Best,
Mat

**From:** Jim Shelson (3724) [mailto:Jim.Shelson@phelps.com]
**Sent:** Tuesday, March 27, 2018 9:15 AM

**To:** Schutzer, Mathew (CRT) <Mathew.Schutzer@crt.usdoj.gov>; Holkins, Patrick (CRT) <Patrick.Holkins@crt.usdoj.gov>
**Cc:** Nick Morisani (3351) <Nicholas.Morisani@phelps.com>; Alysha Jordan (1242) <Alysha.Jordan@phelps.com>; Mortensen, Susan (CRT) <Susan.Mortensen@crt.usdoj.gov>; Johnson, Phillip (CRT) <Phillip.Johnson@crt.usdoj.gov>; Yancey, Renee (USAMSS) <Renee.Yancey@usdoj.gov>
**Subject:** RE: U.S. v. Mississippi - deposition notices

Mat,

Please identify where I made the assertion that you are attributing to me.  Thank you.

---

**From:** Schutzer, Mathew (CRT) <Mathew.Schutzer@usdoj.gov>
**Sent:** Monday, March 26, 2018 4:55 PM
**To:** Jim Shelson (3724) <Jim.Shelson@phelps.com>; Holkins, Patrick (CRT) <Patrick.Holkins@usdoj.gov>
**Cc:** Nick Morisani (3351) <Nicholas.Morisani@phelps.com>; Alysha Jordan (1242) <Alysha.Jordan@phelps.com>; Mortensen, Susan (CRT) <Susan.Mortensen@usdoj.gov>; Johnson, Phillip (CRT) <Phillip.Johnson@usdoj.gov>; Yancey, Renee (USAMSS) <Renee.Yancey@usdoj.gov>; Schutzer, Mathew (CRT) <Mathew.Schutzer@usdoj.gov>
**Subject:** RE: U.S. v. Mississippi - deposition notices

Jim,

Even assuming that Rule 4.2 applied to preclude DOJ from communicating with Dr. McGinnis when he was employed by DMH, Dr. McGinnis is not currently a State employee.  Ethics Opinion No. 215 of the Mississippi Bar concludes "no former employees are 'off limits' under Rule 4.2, unless, of course, they are known to be represented by counsel concerning the matter at issue."

This ethics opinion has been upheld in the Southern District.  In *Durham v. Advance Stores Co.*, the court found that "Three arguments readily come to mind why counsel may conduct ex parte interviews of the former employees of an adverse corporate party: first, the language of Rule 4.2 does not cover former employees; secondly, no current attorney-client relationship exists; and thirdly, former employee's statements cannot bind the corporation and are not excluded from the hearsay rule as admissions." No. 3:04-cv-199, 2007 WL 2903206, at *1 (S.D. Miss. Sept. 30, 2007).  Of course, we will not seek privileged communications during our contact with any former employees.

In light of this authority, please provide your support for the assertion that you represent all former State employees for purposes of Rule 4.2.

Mat

---

**From:** Jim Shelson (3724) [mailto:Jim.Shelson@phelps.com]
**Sent:** Monday, March 26, 2018 12:05 PM

**To:** Schutzer, Mathew (CRT) <Mathew.Schutzer@crt.usdoj.gov>; Holkins, Patrick (CRT) <Patrick.Holkins@crt.usdoj.gov>
**Cc:** Nick Morisani (3351) <Nicholas.Morisani@phelps.com>; Alysha Jordan (1242) <Alysha.Jordan@phelps.com>; Mortensen, Susan (CRT) <Susan.Mortensen@crt.usdoj.gov>; Johnson, Phillip (CRT) <Phillip.Johnson@crt.usdoj.gov>; Yancey, Renee (USAMSS) <Renee.Yancey@usdoj.gov>
**Subject:** RE: U.S. v. Mississippi - deposition notices

Mat,

The Comment to Rule 4.2 reads in pertinent part as follows: "In the case of an organization, this rule prohibits communications by a lawyer for one party concerning the matter in representation with persons having managerial responsibility on behalf of the organization, and with any other person whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization." Dr. McGinnis fits into all three prongs of the Comment to Rule 4.2. Therefore, we object to DOJ having any substantive ex parte communications with Dr. McGinnis regarding this matter. We agree only that DOJ can have non-substantive communications with Dr. McGinnis, such as, for example, to ascertain his availability for a deposition. To the extent DOJ has any substantive communications with Dr. McGinnis, or any other former employees within the scope of the Comment to Rule 4.2, the State reserves its rights, including to move to exclude any information or evidence obtained through any such communications. The State likewise reserves all objections to any discovery devices DOJ serves on any former employees. Thank you.

---

**From:** Schutzer, Mathew (CRT) <Mathew.Schutzer@usdoj.gov>
**Sent:** Friday, March 23, 2018 8:57 AM
**To:** Jim Shelson (3724) <Jim.Shelson@phelps.com>; Holkins, Patrick (CRT) <Patrick.Holkins@usdoj.gov>
**Cc:** Nick Morisani (3351) <Nicholas.Morisani@phelps.com>; Alysha Jordan (1242) <Alysha.Jordan@phelps.com>; Mortensen, Susan (CRT) <Susan.Mortensen@usdoj.gov>; Johnson, Phillip (CRT) <Phillip.Johnson@usdoj.gov>; Yancey, Renee (USAMSS) <Renee.Yancey@usdoj.gov>; Schutzer, Mathew (CRT) <Mathew.Schutzer@usdoj.gov>
**Subject:** RE: U.S. v. Mississippi - deposition notices

Jim,

Based on your response to our deposition notice, we understand that you cannot accept a notice for Dr. McGinnis because he is no longer a DMH employee. In light of Mississippi Rules of Professional Conduct 4.2, Mississippi Ethics Op. No. 215 of the Mississippi Bar at 1 (March 4, 1994), and our previous communications with you about the scope of your representation, we will direct any communications, discovery requests, and subpoenas directly to any former employees (or their attorneys). If we do not hear anything to the contrary from you by March 28, 2018, we will proceed as described.

Best,

Mat

**From:** Jim Shelson (3724) [mailto:Jim.Shelson@phelps.com]
**Sent:** Wednesday, February 28, 2018 7:39 AM
**To:** Holkins, Patrick (CRT) <Patrick.Holkins@crt.usdoj.gov>
**Cc:** Nick Morisani (3351) <Nicholas.Morisani@phelps.com>; Alysha Jordan (1242) <Alysha.Jordan@phelps.com>; Schutzer, Mathew (CRT) <Mathew.Schutzer@crt.usdoj.gov>; Mortensen, Susan (CRT) <Susan.Mortensen@crt.usdoj.gov>; Johnson, Phillip (CRT) <Phillip.Johnson@crt.usdoj.gov>; Yancey, Renee (USAMSS) <Renee.Yancey@usdoj.gov>
**Subject:** RE: U.S. v. Mississippi - deposition notices

Patrick and Renee,

Terry Busby can be deposed on March 20.

Andrew Day can be deposed on March 22.

Paul McGinnis is no longer employed by the State.

Veronica Vaughn is not available on March 15.  Please let us know whether you want to depose Vaughn on March 21, which is the day you selected for McGinnis, and we will see if that works for her.  If you do not want to depose Vaughn on March 21, please propose some alternative dates.

Thank you.

**From:** Holkins, Patrick (CRT) [mailto:Patrick.Holkins@usdoj.gov]
**Sent:** Friday, February 23, 2018 1:44 PM
**To:** Jim Shelson (3724) <Jim.Shelson@phelps.com>
**Cc:** Nick Morisani (3351) <Nicholas.Morisani@phelps.com>; Alysha Jordan (1242) <Alysha.Jordan@phelps.com>; Schutzer, Mathew (CRT) <Mathew.Schutzer@usdoj.gov>; Mortensen, Susan (CRT) <Susan.Mortensen@usdoj.gov>; Johnson, Phillip (CRT) <Phillip.Johnson@usdoj.gov>; Yancey, Renee (USAMSS) <Renee.Yancey@usdoj.gov>
**Subject:** U.S. v. Mississippi - deposition notices

Jim,

Attached please find deposition notices for:

1. Veronica Vaughn (noticed for Thursday, March 15);
2. Terry Busby (noticed for Tuesday, March 20);
3. Dr. Paul McGinnis (noticed for Wednesday, March 21); and
4. Andrew Day (noticed for Thursday, March 22).

All depositions will take place at the U.S. Attorney's Office in Jackson.  Please let us know whether these dates work for you and the deponents.  If not, we are of course open to working together to

find mutually agreeable dates.

Renee Yancey (cc'd) is coordinating these depositions for the U.S. Attorney's Office.  She has requested that the parties provide in advance a list of attendees for each deposition, for security purposes.  At your convenience, please send her the list of attendees appearing on behalf of the State.

Thanks,
Patrick

Patrick Holkins
Trial Attorney
Special Litigation Section, Civil Rights Division
U.S. Department of Justice
202-305-6630