# Exhibit J

## PHELPS DUNBAR LLP

Louisiana | Mississippi | Texas | Florida | Alabama | North Carolina | London

JAMES W. SHELSON
Partner
Admitted in Mississippi
and Alabama
Direct (601) 360-9724
shelsonj@phelps.com

April 2, 2018

28288-5

**VIA EMAIL**
Honorable F. Keith Ball
United States Magistrate Judge
United States Courthouse
501 E. Court Street, Suite 5.150
Jackson, MS 39201

Re:   *United States v. State of Mississippi*
       Civil Action No. 3:16-CV-00622-CWR-FKB

Dear Judge Ball:

The United States, through the Department of Justice (DOJ), has requested a conference call with you to "seek clarity from the Court" regarding the applicability and scope of Rule 4.2 of the Mississippi Rules of Professional Conduct. The conference call has been scheduled for April 3, 2018, at 1:30 p.m. DOJ wishes to have ex parte communications with current and former employees of the State of Mississippi (State). Current and former employees are analyzed separately below. The implications of DOJ's assertion of the informant's privilege on the issue of ex parte communications are also discussed below.

### Current Employees

In a letter to Harold Pizzetta of the Mississippi Attorney General's Office dated October 11, 2016, DOJ acknowledged that Rule 4.2 prohibits ex parte contacts with current State employees "(1) having a managerial responsibility on behalf of the organization, (2) whose acts or omissions in connection with that matter may be imputed to the organization, or (3) whose statement may constitute an admission on the part of the organization" (Exh. 1).

DOJ now contends that Rule 4.2's prohibitions on ex parte communications with current state employees do not apply to "low level staff of agencies such as DOM[1] and DMH,[2] chancery court judges, and all employees of other state entities." DOJ has not identified any low level staff or employees of other state agencies whose acts or omissions in connection with this case may not be imputed to the State, or whose statements may not constitute an admission on the part of the State. It is difficult to conceive of a DMH or DOM employee that DOJ would reasonably

---

[1] DOM is the Mississippi Division of Medicaid.
[2] DMH is the Mississippi Department of Mental Health.

COUNSELORS AT LAW

PD.23489794.1   4270 I-55 North | Jackson, Mississippi 39211-6391 | Post Office Box 16114 | Jackson, Mississippi 39236-6114
601-352-2300 | 601-360-9777 Fax | phelpsdunbar.com

seek to interview who does not have at least some managerial responsibility regarding some aspect of the State's mental health system.

Chancery Judges play a unique role in Mississippi's mental health system. With limited exceptions, commitments to the psychiatric beds at the four hospitals operated by the State are made by Chancery Judges under Mississippi statutes. Chancery Judges are State employees. And when they are sued, they are represented by the Civil Litigation Division of the Mississippi Attorney General's Office. In speaking with Chancery Judges, DOJ would necessarily be communicating with the Chancery Judges about their judicial acts concerning HIPPA-protected information. Under these circumstances, it is especially important not to carve out an exception to Rule 4.2 for Chancery Judges in this case.

## Former Employees

With respect to former State employees, DOJ takes the position that under Ethics Opinion No. 215 of the Mississippi Bar "no former employees are 'off limits' under Rule 4.2, unless, of course, they are known to be represented by counsel concerning the matter at issue," and that this Ethics Opinion has been upheld in *Durham v. Advance Stores Co.*, 2007 WL 2903206, at *1 (S.D. Miss. Sept. 30, 2007). But Rule 4.2 is more nuanced than DOJ suggests. For example, a Mississippi federal district court prohibited ex parte contact where the former employee was directly involved in the alleged wrongful act. *Colborn v. Hardee's Food Systems, Inc.*, 2010 WL 4338353 at *1 (N.D. Miss. Oct. 27, 2010).

To our knowledge, the only former employee DOJ has thus far raised an issue about speaking with ex parte is Dr. Paul McGinnis. Dr. McGinnis was a former treating physician at a State psychiatric hospital. Dr. McGinnis was therefore directly involved, in part, in the alleged wrongful acts – *i.e.*, allegedly not treating patients in the least restrictive environment according to their needs.

Moreover, because Dr. McGinnis was a treating physician, he should be within the prohibition, by analogy if not directly, against speaking ex parte with a patient's treating physician. *Scott v. Flynt*, 704 So.2d 998, 1004 (Miss. 1996) (if plaintiff has placed his physical, mental, or emotional condition in issue, ex parte interviews between defense counsel and plaintiff's treating physicians are prohibited, unless plaintiff specifically authorizes such interviews).

Here, DOJ is not the defendant, but that should not change the rule in *Scott*. It is undisputed that DOJ does not represent the patients who it alleges are being improperly treated in State hospitals, and DOJ has never claimed to us that any such patients have waived the patient-physician privilege. DOJ should not be able to speak ex parte with former employees of the State who were treating physicians, especially where DOJ does not have a waiver from the patient to do so, or where the former employee was directly involved in the alleged wrongful act.

Honorable F. Keith Ball
United States Magistrate Judge
April 2, 2018
Page 3

## Informant's Privilege

In this case, DOJ has submitted a privilege log which contains 810 entries. All 810 entries assert the informant's privilege or "investigatory files" or both. If DOJ is permitted to communicate ex parte with current or former State employees, DOJ could assert the informant's privilege when it obtains information unfavorable to its case, and not assert it when it believes it obtains favorable information. Under such circumstances, the State would have no meaningful way to learn what its current or former employees told DOJ. DOJ is attempting to conduct discovery in the shadows by invoking the informant's privilege and by seeking to communicate ex parte with the State's current and former employees. DOJ should not be permitted to do so, especially where the statements may be imputed to or deemed admissions of the State, or where the current or former employee was directly involved in the alleged wrongful act, and/or where HIPPA-protected mental health treatment information is at issue and DOJ does not have a waiver from the patients at issue to obtain such information.

Thank you for your consideration of this matter.

Sincerely,

PHELPS DUNBAR LLP

*Jim Shelson*

James W. Shelson

JWS:smk

PD.23489794.1

**U.S. Department of Justice**

Civil Rights Division

RR:BK:DF:st
204-41-152

*Special Litigation Section - PHB*
*950 Pennsylvania Ave, NW*
*Washington DC 20530*

October 11, 2016

Harold E. Pizzetta, III
Assistant Attorney General
Walter Sillers Building
P.O. Box 220
Jackson, MS 39205-0220

Re: United States v. State of Mississippi, 3:16-cv-622-CWR-FKB

Dear Mr. Pizzetta,

Thank you for your August 19, 2016, letter regarding the Attorney General's representation of the University of Mississippi Medical Center ("UMMC"). Based on applicable Mississippi law, we question your assertion of representation over UMMC *in this matter*. UMMC is not a defendant in this case and it is not a State agency responsible for the violations of law identified in our complaint. Thus, employees of UMMC are not represented by the Attorney General *in this matter* under Mississippi Rule of Professional Conduct 4.2 ("Rule 4.2").

Furthermore, as a general matter, Rule 4.2 does not permit the Attorney General to assert a blanket prohibition on communications with *all* employees of an agency, regardless of whether the agency is represented in the matter.

Based on Rule 4.2 and Miss. Code Ann. Section 7-5-1, which establishes the Attorney General's scope and authority, we understand that your office represents current employees of the Department of Mental Health, Division of Medicaid, and Mississippi Home Corporation who have not retained counsel in the matter, whose work relates to this lawsuit, and who fall into one of the three categories articulated in the comment to Rule 4.2. Id. (comment) (noting the prohibition applies to employees (1) having a managerial responsibility on behalf of the organization, (2) whose acts or omissions in connection with that matter may be imputed to the organization, or (3) whose statement may constitute an admission on the part of the organization). Further, based on the rules and statutes listed above, your past course of conduct, and the enabling statute that establishes the regional Community Mental Health Centers, we believe that the Attorney General does not represent the Community Mental Health Centers or their employees for purposes of this lawsuit.

**EXHIBIT 1**

I hope that this clarifies this issue. Absent further communication, we will proceed as articulated in this letter.

Sincerely,

*Beth Kelley*

Beth C. Kelley
Trial Attorney
Special Litigation Section