# Exhibit K

**U.S. Department of Justice**

Civil Rights Division

---

RLR:MSS:DF:PMH  
DJ 204-41-152

*Special Litigation Section - PHB*  
*950 Pennsylvania Ave, NW*  
*Washington DC 20530*

April 2, 2018

**BY ELECTRONIC MAIL**  
The Honorable F. Keith Ball  
United States Magistrate Judge  
United States District Court, Southern District of Mississippi  
501 East Court Street, Suite 5.150  
Jackson, MS 39201  
ball_chambers@mssd.uscourts.gov

Re:   *United States v. Mississippi*, 3:16-cv-622: Mississippi Rules of Professional Conduct 4.2

Dear Judge Ball:

In connection with the April 3, 2018 1:30 pm status conference, the United States will seek the Court's confirmation that Rule 4.2 of the Mississippi Rules of Professional Conduct[1] does not prohibit direct communications between the United States and former employees of the State of Mississippi. The United States will also seek the Court's confirmation that Rule 4.2 permits direct communications between the United States and certain current State employees.

**Former State Employees[2]**

Ethics Opinion Number 215 of the Mississippi Bar Association concludes unequivocally that "no former employees are 'off limits' under Rule 4.2, unless, of course, they are known to be represented by counsel concerning the matter at issue." Miss. Bar Ass'n Op. No. 215 (March 4, 1994), https://www.msbar.org/ethics-discipline/ethics-opinions/formal-opinions/215/. Then-Chief Judge Wingate has also confirmed that former employees are not within the scope of Rule 4.2 based on the text of the Rule, that no attorney-client relationship exists between counsel for an entity and the entity's former employees, and that a former employee's statements "cannot bind the corporation and are not excluded from the hearsay rule" as statements of a party-opponent. *Durham v. Advance Stores Co., Inc.*, No. 3:04-cv-199, 2007 WL 2903206, at *1 (S.D. Miss. Sept. 30, 2007); *see also White v. Illinois Central Ry. Co.*, 162 F.R.D. 118, 119-20 (S.D. Miss. 1995) ("Since Mr. Weaver was not employed with the Defendant at the time of the interview, it was not improper to interview him.").

---

[1] "In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so."

[2] This issue emerged as one of importance when the United States sent a deposition notice for an individual who, it turns out, is no longer employed by the State. The State appears to acknowledge that no current attorney-client relationship exists between counsel for the State and the individual, will not accept a deposition notice for this individual given the lack of a current employment relationship, and, at the same time, appears to argue that he is represented for purposes of Rule 4.2.

1

The State's apparent position to the contrary ignores this authority. It also ignores that in 1992 the Mississippi Bar Association withdrew an ethics opinion, Opinion 192, which interpreted Rule 4.2 to apply to former employees if "the former employee's actions could be imputed to the corporation for the purposes of civil liability or whose statements might constitute an admission on the part of the corporation." Op. No. 215. This is precisely the position the State now advocates. The Court should confirm, in line with *White*, *Durham*, and the Mississippi Bar Association's opinion, that communications with former employees are permitted under Rule 4.2, unless the former employees are represented in this matter by counsel.

**Current State Employees**

The comment to Rule 4.2 makes clear that for organizations, prohibited communications are those with "persons having a managerial responsibility on behalf of the organization, and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization." Rule 4.2 comment; *see also* ABA Formal Opinion 95-396 (July 28, 1995), at 14-15 ("Expansive though the Rule's coverage is with respect to officers and employees of a represented organization, the Rule does not contemplate that a lawyer representing the entity can invoke the Rule's prohibition to cover all employees of the entity, by asserting a blanket representation of all of them"). Relatively low-level current employees, for instance direct care providers at State Hospitals, are not within the scope of Rule 4.2.

Nevertheless, the State erroneously asserts that Rule 4.2 precludes the United States from communicating directly with any "State actor," a term it defines to include all current employees of all State "departments, agencies, divisions, committees, boards, and other similar state entities, as well as state court judges." Email from J. Shelson to M. Schutzer (Aug. 2, 2017).[3] This attempts to do precisely what the American Bar Association says cannot be done: sweep all current Department of Mental Health and Division of Medicaid employees into the prohibited category and further sweep current employees of other State entities into the prohibited category.

It is particularly problematic that the State asserts that the United States may not communicate directly with state court judges, including chancery judges, or employees of Mississippi's universities and colleges. Even if counsel for the State can correctly assert that it represents members of the judicial branch, chancery court judges or medical school professors or clinicians would not be within any of the three prongs of the comment. These individuals do not have managerial responsibility for the design and administration of the State's mental health system. *Kenny A. ex rel. Winn v. Perdue*, 218 F.R.D. 277, 304-05 (N.D. Ga. 2003) (examining

---

[3] In November 2016, the United States understood counsel for the State to represent only the Division of Medicaid and the Department of Mental Health. Counsel for the State purported to correct that understanding for the first time in August 2017, by asserting that counsel represents all "State actors." The extent to which this representation appropriately extends beyond the executive branch is not clear. *Compare* Miss. Code Ann. §7-5-1 (attorney general has "sole power to bring or defend a lawsuit on behalf of a state agency") *with In re Fiscal Year 2010 Judicial Branch Appropriations*, 27 So.2d 394, 395 (Miss. 2010) (judicial branch is not an "agency" but rather a co-equal branch of state government).

whether potential interviewee had managerial authority with respect to decisions challenged in lawsuit). Their acts or omissions cannot be imputed to the State for purposes of liability in this litigation. *Id.* (persons whose acts or omissions can be imputed for liability purposes are persons with authority regarding the policies challenged). And they are not in a position to commit the State to a position in this litigation. *Id.*, Ala. State Bar Ass'n, Office of the Gen. Counsel, OGC Op. No. 2002-03 (2002) (interpreting identical language).

For the benefit of clarity between the Parties going forward, the Court should confirm the narrow scope of Rule 4.2's prohibition:

- Current employees having "managerial responsibility" – generally, the current employee must have managerial responsibility related to a subject matter at-issue in the litigation. *See White*, 162 F.R.D. at 119-20; *Kenny A.*, 218 F.R.D. at 304-05;
- Current employees whose acts or omissions can be imputed – acts or omissions can be imputed when they are "so central and obvious to a determination of corporate liability." *Curley v. Cumberland Farms, Inc.*, 134 F.R.D. 77, 91 (D.N.J. 1990) (applying identical language); *see also Howard Indus. Inc. v. Hardaway*, 191 So.3d 1257, 1267-68 (Miss. 2015);
- Current employees whose statements may constitute an admission – although similar to language from a prior version of the hearsay rule, Fed. R. Evid. 801, this applies to current "employees who have authority on behalf of the organization to make decisions about the course of litigation." Ala. State Bar Ass'n, Office of the Gen. Counsel, OGC Op. No. 2002-03 (2002); and
- Current state court judges and employees of Mississippi's universities and colleges are not within the scope of the comment to Rule 4.2.

Sincerely,

/s/ *Mathew Schutzer*

Mathew Schutzer
Trial Attorney

3