# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**UNITED STATES OF AMERICA**                                                         **PLAINTIFF**

**V.**                        **CIVIL ACTION NO.: 3:16-CV-00622-CWR-FKB**

**THE STATE OF MISSISSIPPI**                                            **DEFENDANT**

## THE STATE OF MISSISSIPPI'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF DR. ELINORE MCCANCE-KATZ

### Introduction

The State of Mississippi's Motion to Compel[1] Plaintiff to produce Dr. Elinore McCance-Katz for a deposition should be granted for the following reasons: (1) Dr. McCance- Katz has information relevant to this case, and (2) exceptional circumstances necessitate that the State be allowed to depose Dr. McCance-Katz.

### I. Dr. McCance-Katz Possesses Information Relevant to This Case.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defenses and proportional to the needs of the case." Fed. Rule Civ. P. 26(b)(1). In accordance with Fifth Circuit precedent, discovery rules should be given broad and liberal treatment. *Jackson Muni. Airport Auth. v. Bryant*, No. 3:16-cv-246, 2017 WL 6520967, at *2 (N.D. Miss. 2017). Furthermore, relevancy of discovery matters should be broadly construed to "encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Nevada Partners Fund, LLC v. U.S.*, No. 3:06cv379, 2008 WL 2484198 at *4 (S.D. Miss. 2008).

---

[1] Dkt. 94, State's Motion to Compel.

In this case, Plaintiff alleges that the State is violating the Americans with Disabilities Act (ADA) by discriminating against adults with serious mental illness (SMI) by purportedly "administering and funding its programs and services for these individuals in a manner that has resulted in their rerepeated, prolonged, and unnecessary institutionalization in state-run psychiatric hospitals."[2] Plaintiff contends that there is no connection between the inadequacies of the federal mental health system and the ability of the states to deliver community-based mental health services to adults with SMI. Plaintiff is incorrect. At trial, State will show that the federal and state mental health systems are all part of a continuum of care for people with SMI and that many of the federal programs, policies, and procedures hinder the State's ability to provide community-based services in the manner that Plaintiff alleges they should be provided. Given these claims and defenses, Dr. McCance-Katz has discoverable information that is relevant to this case.

Dr. McCance-Katz, as the Assistant Secretary for Mental Health and Substance Abuse, leads the Substance Abuse and Mental Health Services Administration (SAMSHA), a division of the United States Department of Human and Health Services (HHS). SAMSHA, formed in 1992, is the federal agency that provides federal funds for community-based substance abuse and mental health services.

Additionally, Dr. McCance-Katz serves as the chairperson of the Interdepartmental Serious Mental Illness Coordinating Committee (ISMICC). ISMICC was established to enhance coordination across federal agencies to improve service access and delivery of care for people with SMI. Also, ISMICC is charged with producing a series of reports to Congress. ISMICC produced its first report on December 31, 2017 (ISMICC Report). The ISMICC Report is available to the public through SAMSHA's website.

---

[2] Dkt. 1, Plaintiff's Complaint at ¶ 1.

2

PD.24347248.1

As chairperson of ISMICC, Dr. McCance-Katz played an integral role in the production of the ISMICC Report, which is replete with examples of how federal, laws, policies, and programs impede the ability of the states to deliver community-based services. For example, the ISMICC Report recommends that the federal government should work to "[e]liminate programs, practices, and policies that make it hard to deliver good health care. This includes ending the exclusion for reimbursement of services to adults under age 65 in Institutions for Mental diseases (IMD Exclusion) and ending the 190-day lifetime limit on Medicare psychiatric inpatient hospitalization."[3] The IMD Exclusion, 190-day limit, and similar federal laws, discriminatorily impedes the State's ability to use federal funding to pay for treating Mississippians with SMI at the State's four state hospitals. Dr. McCance-Katz, as the leader of SAMSHA and chair of ISMICC, has information relevant to claims and defenses in this case.

## II. Exceptional Circumstances Necessitate Taking Dr. McCance-Katz Deposition

Exceptional circumstances exist when an official has "first-hand knowledge related to the claims being litigated and other persons cannot provide the necessary information." *Jackson Muni. Airport Auth. v. Bryant*, No. 3:16-cv-246, 2018 WL 3543995, at *2 (S.D. Miss. 2018). As discussed above, Dr. McCance-Katz has first-hand knowledge of ISMICC, the ISMICC Report and SAMSHA, all of which are relevant to the claims and defenses in this case. Furthermore, to date, Plaintiff has yet to allow any federal employees, including federal officials, to be deposed. Plaintiff has even refused to allow Dr. McCance-Katz to be deposed regarding her activities and writings about the mental health system when she was not a federal government employee.[4] This is but one example of Plaintiff's abuse of the *Morgan* doctrine.

---

[3] Exh. 1, ISMICC Report, p. 91.
[4] http://www.psychiatrictimes.com/depression/federal-government-ignores-treatment-needs-americans-serious-mental-illness.

Plaintiff has objected to both the deposition of Dr. McCance-Katz about ISMICC and the Rule 30(b)(6) deposition of Plaintiff about ISMICC.  Plaintiff should not be permitted to entirely block a deposition regarding ISMICC.  Therefore, in the alternate, if Plaintiff's Rule 30(b)(6) representative fails to sufficiently answer questions regarding the ISMICC Report, the State should be permitted to depose Dr. McCance-Katz. *See Jackson Muni. Airport Auth. v. Bryant*, 3:16-cv-246, 2018 WL 3543955, at *4 (S.D. Miss 2018) (granting deposition of Governor's Chief of Staff, after 30(b)(6) designee lacked sufficient knowledge to answer questions.)

## Relief Requested

For these reasons, the State of Mississippi's Motion to Compel Plaintiff to produce Dr. Elinore McCance-Katz for her deposition testimony should be granted.

This, the 21st day of August, 2018.

Respectfully submitted,

PHELPS DUNBAR LLP

BY: */s/ Nash E. Gilmore*
    Reuben V. Anderson, MB 1587
    W. Thomas Siler, MB 6791
    James W. Shelson, MB 9693
    Nicholas Morisani, MB 104970
    Nash E. Gilmore, MB 105554
    4270 I-55 North
    Jackson, Mississippi 39211-6391
    Post Office Box 16114
    Jackson, Mississippi  39236-6114
    Telephone: 601-352-2300
    Telecopier: 601-360-9777
    Email: andersor@phelps.com
        silert@phelps.com
        shelsonj@phelps.com
        nicholas.morisani@phelps.com
        nash.gilmore@phelps.com

Harold Pizzetta, III, MB 99867
Assistant Attorney General
General Civil Division
Walter Sillers Building
550 High Street
Jackson, MS 39201
Telephone:  601-359-3816
Telecopier:  601-359-2003
Email:  HPIZZ@ago.state.ms.us

Mary Jo Woods, MB 10468
Special Assistant Attorney General
Mississippi Attorney General's Office
Walter Sillers Building
550 High Street
Jackson, MS 39201
Telephone:  601-359-3020
Telecopier:  601-359-2003
Email:  MWOOD@ago.state.ms.us

Attorneys for the State of Mississippi

**CERTIFICATE OF SERVICE**

I certify that on August 21, 2018, I electronically filed this document with the Clerk of the Court using the ECF system, which sent notification of such filing to all ECF counsel of record in this action.

>	*/s/ Nash E. Gilmore*
>	NASH E. GILMORE