IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| V. | CIVIL ACTION NO.: 3:16-CV-00622-CWR-FKB |
| **THE STATE OF MISSISSIPPI** | **DEFENDANT** |

**THE STATE OF MISSISSIPPI'S REBUTTAL IN SUPPORT OF
MOTION TO COMPEL DEPOSITION OF DR. ELINORE MCCANCE-KATZ**

**Introduction**

The State of Mississippi's Motion to Compel[1] Plaintiff to produce Dr. Elinore McCance-Katz for a deposition (Dkt. 94) should be granted. Plaintiff contends that the deposition of Dr. Elinore-McCance-Katz is not warranted because she is high-ranking government official and the State failed to prove the existence of extraordinary circumstances. Plaintiff is incorrect.

**I.      Exceptional Circumstances Necessitate Taking Dr. McCance-Katz Deposition**

Exceptional circumstances exist when an official has "first-hand knowledge related to the claims being litigated and other persons cannot provide the necessary information." *Jackson Muni. Airport Auth. v. Bryant*, 2018 WL 3543995, at *2 (S.D. Miss. July 20, 2018). While acknowledging this standard, Plaintiff asserts Dr. McCance-Katz "does not possess information essential to the case which is not obtainable from another source."[2] Plaintiff is playing a shell game. On the one hand, Plaintiff insists that the information is obtainable from other available sources. On the other hand, Plaintiff, to date, has closed every conceivable avenue of access to this information. Information about ISMICC[3] and the ISMICC Report[4] is clearly relevant and

---

[1] Plaintiff asserts that "Defendant filed its motion in the wrong court." Plaintiff is incorrect. The United States, including all of its federal agencies, is a party in this case. A Rule 45 subpoena is not required to compel the deposition of a party. *Harden v. Carlton,* No. Civ. 497CV228, 1998 WL 34024163 *1 (N.D. Miss. 1998) (a subpoena is not necessary to notify a party of a deposition or to compel their attendance).
[2] Dkt. 108, United States' Response Memorandum in Opposition to The State's Motion to Compel, p. 2.
[3] "ISMICC" is the Interdepartmental Serious Mental Illness Coordinating Committee.

discoverable in this case, yet, Plaintiff has objected to both the deposition of Dr. McCance-Katz and the Rule 30(b)(6) deposition of Plaintiff about ISMICC and the ISMICC Report. This has resulted in the State not having any access to the information from any of the alleged "other available sources."

A.   **The State is seeking relevant, essential information.**

Plaintiff claims that the State seeks to depose Dr. McCance-Katz on information that is not "essential to the issues in this case: whether the State discriminates against Mississippians with mental illness by failing to provide services in the most integrated setting appropriate to those individuals and whether modifying the State's service system to avoid and correct discrimination is reasonable and therefore required."[5] Using the Plaintiff's framing of the issue, whether modifying the State's current mental health system is reasonable is a fact question for the Court to decide, and the State is entitled to discovery that will help develop its case on that issue. The ISMICC Report is replete with examples of federal laws, policies, and practices that hinder the State's ability to provide community services to individuals with serious mental illness, which Plaintiff recognizes may be relevant to this case. Thus, the State is seeking essential information.

Plaintiff also asserts that the information the State seeks is irrelevant. However, Plaintiff is mistaken as demonstrated by one if its expert's reports. Plaintiff's expert, Robert Drake, relied on a PowerPoint presentation by Dr. Elinore McCance-Katz in crafting his report in this case.[6] The PowerPoint presentation has been filed with the Court as Dkt. 92-7. Dr. McCance-Katz's PowerPoint extensively discusses the ISMICC Report and its five goals (Dkt. 92-7, pp. 15-21). Further, Dr. McCance-Katz's presentation specifically discusses ISMICC and

---

[4] "ISMICC Report" is the December 13, 2017 that ISMICC issued to Congress.
[5] Dkt. 108, United States' Response Memorandum in Opposition to The State's Motion to Compel, p. 3.
[6] Exh. 1, page 5 of Attachment 4 (Documents Considered) to Expert Report of Robert Drake.

2

the ISMICC Report.[7] This presentation also bears the SAMHSA seal. Recognizing that certain federal laws and policies maybe relevant in this case, Plaintiff asserts that "deposition testimony about them is not needed, and certainly is not essential to this case." However, the extent to which information is relevant makes no difference. If the information is relevant, then the State is entitled to discovery regarding the information.

### B. The State is seeking information that Plaintiff is preventing from being obtained from another source.

Next, Plaintiff insists that the State has failed to prove that the information is not available from other sources. Plaintiff is incorrect. First, the State seeks to depose Dr. McCance-Katz about her writing and activities regarding mental health while she was not a federal employee. Dr. McCance-Katz is the best and sole source of this information. Second, the State has sought testimony from all conceivable avenues regarding information about SAMHSA, ISMICC, and the ISMICC Report. However, due to Plaintiff's resistance to designate a 30(b)(6) representative regarding the ISMICC report or provide anyone with knowledge about SAMHSA, Plaintiff has effectively shutdown all avenues to pursue gathering information about these topics. Plaintiff states that "there are a number of potential witness from SAMHSA who have knowledge of ISMICC" but has not designated anyone to be a 30(b)(6) representative regarding the ISMICC Report. If this is true, then Plaintiff should be required to designate this person or persons in response to the State's Notice of 30(b)(6) designation (Dkt. 91).

Finally, Plaintiff incorrectly asserts that the State failed to show that deposition testimony about federal laws and policies are essential to its defenses. Again, this is a question of law and fact for the Court to decide, not Plaintiff. Plaintiff initiated this lawsuit alleging that the State is discriminating against individuals with serious mental illness by not providing sufficient

---

[7] Dkt. 92-7, "Changing Focus: The Right to Treatment of Serious Mental Illness", Presentation by Dr. Elinore McCance-Katz dated April 16, 2018.

community services, and that the State should provide community services in the manner arbitrarily prescribed by Plaintiff. The State is entitled to discovery regarding federal policies which impede the State's ability to provide community services in the manner arbitrarily prescribed by Plaintiff. The weight the Court ultimately gives to the federal barriers to the State's ability to provide community services as arbitrarily prescribed by Plaintiff has no bearing on the State's right to conduct discovery regarding those federal barriers.

## Relief Requested

For these reasons, the State of Mississippi's Motion to Compel Plaintiff to produce Dr. Elinore McCance-Katz for her deposition testimony (Dkt. 94) should be granted.

This, the 10th day of September, 2018.

Respectfully submitted,

PHELPS DUNBAR LLP

BY: */s/ Nash E. Gilmore*
Reuben V. Anderson, MB 1587
W. Thomas Siler, MB 6791
James W. Shelson, MB 9693
Nicholas Morisani, MB 104970
Nash E. Gilmore, MB 105554
4270 I-55 North
Jackson, Mississippi 39211-6391
Post Office Box 16114
Jackson, Mississippi 39236-6114
Telephone: 601-352-2300
Telecopier: 601-360-9777
Email: andersor@phelps.com
silert@phelps.com
shelsonj@phelps.com
nicholas.morisani@phelps.com
nash.gilmore@phelps.com

Harold Pizzetta, III, MB 99867

> Assistant Attorney General
> General Civil Division
> Walter Sillers Building
> 550 High Street
> Jackson, MS 39201
> Telephone: 601-359-3816
> Telecopier: 601-359-2003
> Email: HPIZZ@ago.state.ms.us
>
> Mary Jo Woods, MB 10468
> Special Assistant Attorney General
> Mississippi Attorney General's Office
> Walter Sillers Building
> 550 High Street
> Jackson, MS 39201
> Telephone: 601-359-3020
> Telecopier: 601-359-2003
> Email: MWOOD@ago.state.ms.us
>
> Attorneys for the State of Mississippi

## CERTIFICATE OF SERVICE

I certify that on September 10, 2018, I electronically filed this document with the Clerk of the Court using the ECF system, which sent notification of such filing to all ECF counsel of record in this action.

> /s/ Nash E. Gilmore
> NASH E. GILMORE

PD.24479771.1