IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

VS.                                                        CIVIL ACTION NO. 3:16-cv-622-CWR-FKB

STATE OF MISSISSIPPI                                                                  DEFENDANT

# ORDER

The United States of America has filed suit against the State of Mississippi, alleging, *inter alia*, that the State's administration of its mental health system has violated Title II of the Americans with Disabilities Act of 1990. The parties are currently in the discovery phase of the litigation. They have each filed a motion, [62] and [64], requesting that the Court apply Mississippi Rule of Professional Conduct 4.2 to determine which, if any, current and former State of Mississippi employees the United States may interview *ex parte*. The two motions identify the following subjects of disagreement:

(1) the scope of the Mississippi Attorney General's Office's representation of current State of Mississippi employees in this case;

(2) the application of Rule 4.2 to current employees of the State of Mississippi;

(3) the application of Rule 4.2 to former employees of the State of Mississippi; and

(4) the United States' disclosure requirements with regard to any *ex parte* interviews.[1]

The Court addresses each of these subjects in turn.

---

[1] The parties originally also disagreed over whether Rule 4.2 permits the United States to contact Mississippi Chancery Court judges *ex parte*. However, they have since agreed to a stipulation that resolves that issue. *See* [103].

## I. Scope of Mississippi Attorney General's Representation

The first dispute concerns the scope of the Mississippi Attorney General's representation of State of Mississippi employees. The United States requests that the Court take a narrow view, finding that, for the purposes of this litigation, the Attorney General's Office only represents Mississippi's Division of Medicaid ("DOM") and Department of Mental Health ("DMH"). [63] at 3. The United States points to a discovery stipulation the parties entered in which "State" is defined to mean DOM and DMH. *Id.* (citing [39] at 9). They contend that this stipulation was part of an agreement "early on in the litigation that the agencies represented in this matter were DMH and DOM. . . ." *Id.* The United States then uses the stipulation as part of its argument that Rule 4.2 cannot apply to non-DMH and non-DOM employees, because the Mississippi Attorney General does not represent them. *Id.* at 3-6, 10.

A review of the full stipulation, however, shows that its purpose was to facilitate document production. *See* [39] at 8-17. There is no evidence that the Mississippi Attorney General's Office intended the stipulation to act as a limitation of the scope of its representation in this matter. Nor can the Court find any other such limitation of representation in the record.

The State of Mississippi is the defendant, and it is represented by the Mississippi Attorney General's Office. The Attorney General's representation of Mississippi is not limited to Mississippi's DMH and DOM. To the degree that this suit implicates the State of Mississippi, including its employees, the State is represented by the Mississippi Attorney General's Office.

## II. Application of Miss. R. Prof'l Conduct 4.2 to Current Employees of the State of Mississippi

Rule 4.2 states as follows:

> Communication with Person Represented by Counsel
>
> In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

Miss. R. Prof'l Conduct 4.2.

For the purposes of Rule 4.2, the State of Mississippi is an organization. The Rule's comment states,

> [i]n the case of an organization, this rule prohibits communications by a lawyer for one party concerning the matter in representation with persons having a managerial responsibility on behalf of the organization, and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization.

Miss. R. Prof'l Conduct 4.2. In other words, counsel for the United States may not communicate *ex parte* with (1) a current State of Mississippi employee concerning the claims and allegations of the Complaint if that employee has a managerial responsibility on behalf of the State of Mississippi, (2) any person whose act or omission in connection with the claims and allegations of the Complaint may be imputed to the State of Mississippi for purposes of civil or criminal liability, or (3) any person whose statement may constitute an admission by the State of Mississippi.

The parties dispute the meaning of the word "admission" as used in the third prong of the comment to Miss. R. Prof'l Conduct 4.2. Mississippi contends that the Rule prohibits the United States from contacting individuals whose statements would be admissible against the State

pursuant to Fed. R. Evid. 801(d)(2)(D).[2] Conversely, the United States contends that the comment's usage of the word "admission" is not a reference to Fed. R. Evid. 801(d)(2)(D). The United States contends that the admission's prong of the comment only applies to "employees who have authority on behalf of the organization about the course of litigation." [63] at 11.

The Mississippi comment at issue was part of the American Bar Association's Model Rules of Professional Conduct. In 2002, the ABA amended its comment to Model Rule 4.2 to resolve the meaning of "admission" as used in the comment at issue. *See Mendez v. Hovensa, L.L.C.*, No. CIV. 02-0169, 2008 WL 906768, at *4 (D.V.I. Mar. 31, 2008). When the older version of the comment "is compared with the commentary as it was revised in 2002, it appears that the language 'whose statement may constitute an admission on the part of the organization' was replaced by the reference to an employee who 'has authority to obligate the organization with respect to the matter.'" *Id.* The newer, amended version of Model Rule 4.2's comment supports the United States' contention that Fed. R. Evid. 801(d)(2)(D) is inapplicable to determining Model Rule 4.2's scope. *See Paris v. Union Pac. R. Co.*, 450 F. Supp. 2d 913, 915 (E.D. Ark. 2006) (interpreting Arkansas's Rule 4.2 after its adoption of the amended version of the comment in 2005). However, Mississippi has not adopted the amended version of Model Rule 4.2's comment and still uses the pre-2002 version of the comment at issue. Accordingly, the amended version of Rule 4.2's comment, and decisions interpreting that amended version, are inapplicable in interpreting Miss. R. Prof'l Conduct 4.2 and its effect on discovery in this matter.

The parties have not identified a case that has explicitly examined whether "admission," as used within the comment to Mississippi's Rule 4.2, is a direct reference to Fed. R. Evid.

---

[2] Fed. R. Evid. 801(d)(2) was formerly titled, "Admission by party-opponent." Fed. R. Evid. 801. (2010). It has since been re-titled, "An Opposing Party's Statement," to reflect that the Rule covers statements other than just admissions. *See* Fed. R. Evid. 801 advisory committee's note to 2011 amendments.

4

801(d)(2)(D). However, in *Durham v. Advance Stores Co.,* Civil Action No. 3:04-cv-199-HTW-LRA, 2007 WL 2903206, at *1 (S.D. Miss. Sept. 30, 2007), this Court indirectly addressed the issue. While addressing the Rule's application to former employees of an organization, the Court found that Rule 4.2 did not apply to former employees because their statements "are not excluded from the hearsay rule as admissions."[3] *Id.* Clearly, the *Durham* court believed the term "admissions," as used in the comment to Mississippi's Rule 4.2, referred to the hearsay rule regarding admissions, Fed. R. Evid. 801(d)(2)(D).

*Durham*'s interpretation of the pre-2002 Model Rule 4.2's comment is supported by other decisions as well. *See, e.g., Jenkins v. Wal-Mart Stores, Inc.,* 956 F. Supp. 695, 696 (W.D. La. 1997)(discussing at length the applicability of Fed. R. Evid. 801(d)(2)(D) to the "admissions" prong of the identical comment as used by Louisiana at the time); *Weibrecht v. S. Illinois Transfer, Inc.*, 241 F.3d 875, 883 (7th Cir. 2001), as amended on denial of reh'g (Mar. 27, 2001) (finding that the comment to the pre-2002 ABA Model Rule 4.2 made clear that the Rule prohibited *ex parte* communication with an employee whose statements would amount to an admission under Fed. R. Evid. 801(d)(2)(D)); *Weeks v. Indep. Sch. Dist. No. I-89 of Oklahoma Cty., OK., Bd. of Educ.*, 230 F.3d 1201, 1209 (10th Cir. 2000) (finding that Fed. R. Evid. 801(d)(2)(D) can be used to determine whether an employee may be contacted *ex parte* under Rule 4.2).

Even the primary authority that the United States cites to support its interpretation of the admissions prong actually supports *Durham*'s conclusion that the term "admission" is a reference to Fed. R. Evid. 801(d)(2)(D). *See Messing, Rudavsky & Weliky, P.C. v. President & Fellows of Harvard Coll.*, 764 N.E.2d 825, 833 (Mass. 2002). In *Messing*, the Massachusetts Supreme Judicial Court examined its own version of Rule 4.2 and its comment, both of which were identical

---

[3] Application of Rule 4.2 to former employees is addressed *supra*.

at the time to Mississippi's. *See Messing, Rudavsky & Weliky, P.C.*, 764 N.E.2d at 831. That court ultimately found that Fed. R. Evid. 801(d)(2)(D) does not play a role in determining which employees of an organization a party may speak with *ex parte*. The United States contends that this decision is persuasive and supports its position.

However, the *Messing* court only reached that decision because it outright rejected the comment itself, not because it interpreted the comment in the manner that the United States now urges. In fact, *Messing* interpreted the admission prong of the comment to mean precisely what Mississippi argues, that it is a reference to Fed. R. Evid. 801(d)(2)(D). The *Messing* court wrote,

> Although the comment's reference to persons "whose statement may constitute an admission on the part of the organization" was most likely intended as a reference to Fed. R. Evid. 801(d)(2)(D), this interpretation would effectively prohibit the questioning of all employees who can offer information helpful to the litigation. We reject the comment as overly protective of the organization and too restrictive of an opposing attorney's ability to contact and interview employees of an adversary organization.

*Messing*, 764 N.E.2d at 833.

The decision in *Messing* was the result of Massachusetts's highest court effectively striking the admissions prong from the comment to Massachusetts's Rule 4.2. The Mississippi Supreme Court, however, has taken no similar action with regard to Mississippi's Rule 4.2. The admissions prong is still a part of the comment to Miss. R. Prof'l Conduct 4.2.

Accordingly, the Court finds that Miss. R. Prof'l Conduct 4.2 prohibits the United States from having *ex parte* communication with the following:

(1) a current State of Mississippi employee concerning the claims and allegations of the Complaint if that employee has a managerial responsibility on behalf of the State of Mississippi;

6

(2) any person whose act or omission in connection with the claims and allegations of the Complaint may be imputed to the State of Mississippi for purposes of civil or criminal liability; or

(3) any person whose statements may be admissible against the State of Mississippi pursuant to Fed. R. Evid. 801(d)(2)(D).[4]

**III. Application of Rule 4.2 to Former Employees of the State of Mississippi**

It is well-settled that Miss. R. Prof'l Conduct 4.2 does not prohibit *ex parte* contact with a represented organization's former employees. *See Durham v. Advance Stores Co.,* Civil Action No. 3:04-cv-199-HTW-LRA, 2007 WL 2903206, at *1 (S.D. Miss. Sept. 30, 2007) (explaining that "first, the language of Rule 4.2 does not cover former employees; secondly, no current attorney-client relationship exists; and thirdly, former employees' statements cannot bind the corporation and are not excluded from the hearsay rule as admissions."); *Dauro v. Allstate Ins. Co.*, Civil Action No. 1:00-cv-138-JMR, 2003 WL 22225579, at *7, fn.2 (S.D. Miss. Sept. 17, 2003), aff'd, 114 F. App'x 130 (5th Cir. 2004)(quoting Mississippi Bar Opinion 215, "In representing a client, a lawyer may ethically communicate, ex parte, with an unrepresented individual that was formerly employed by a represented party. Neither the text or the comments to Rule 4.2 prohibits such contact. . . ."); *White v. Illinois Cent. R. Co.*, 162 F.R.D. 118, 119 (S.D. Miss. 1995) ("since [the former employee] was not employed with the defendant at the time of the interview, it was not improper [for opposing counsel] to interview him."); *see also Jenkins v. Wal-Mart Stores, Inc.,* 956 F. Supp. 695, 697 (W.D. La. 1997)(explaining why prohibiting *ex parte* communication with former employees would not further the purpose of Louisiana's Rule 4.2, which is based on the same ABA model rule as Mississippi's).

---

[4] Pursuant to the parties' stipulation [103], this ruling does not apply to the United States' communications with Mississippi chancellors.

Rule 4.2 does not prohibit counsel for the United States from speaking with former employees of the State of Mississippi. However, other privileges or Rules may apply to the plaintiff's interviews of former State employees, depending on the identity of the interviewee. For example, the interviews of certain former or current employees may be subject to the physician-patient privilege, attorney-client privilege, or Mississippi Rule of Professional Conduct 1.6.

### IV. Disclosure Requirements for the United States' Interviews of Current and Former State of Mississippi Employees

If the United States conducts any *ex parte* interviews, Mississippi requests an order requiring that the interviewees' names and statements be produced within seven days of the interview. The United States objects to Mississippi's request, contending that the doctrine of attorney work product shields it from having to produce the identity of the State employee interviewees at all.

Rule 26 of the Federal Rules of Civil Procedure governs the disclosure of discoverable information. It also provides the framework for the United States' disclosure of information gleaned from any *ex parte* interviews of former or current State employees. First, the United States must disclose the identity of any State interviewees who it learns are likely to have discoverable information. *See* Fed. R. Civ. P. 26(a)(1)(A)(i); *see also Brody v. Zix Corp.*, Civil Action No. 3-04-cv-1931-K, 2007 WL 1544638, at *1 (N.D. Tex. May 25, 2007) (finding that the attorney work product doctrine does not shield disclosures required by Fed. R. Civ. P. 26(a)(1)(A)(i)). The United States must also disclose the subject matter of that interviewee's discoverable information. *See* Fed. R. Civ. P. 26(a)(1)(A)(i). Conversely, if the United States interviews someone who it learns is unlikely to have discoverable information, Rule 26(a)(1)(A)(i) does not require it to disclose that individual's identity.

Second, the United States must supplement its disclosures in a timely manner. *See* Fed. R. Civ. P. 26(e)(1)(A). Under the circumstances, the Court finds that Mississippi's request that the United States supplement, if necessary, within a week of an interview is reasonable. The Court orders that the United States supplement its responses within one week of any interview of a current or former State employee if as a result of that interview the United States learns that disclosure is required under Rule 26(a)(1)(A)(i). *See* Fed. R. Civ. P. 26(e)(1)(B) (permitting the Court to set a deadline for supplementation).

The Court denies Mississippi's request that the United States produce a copy of all interviewee statements. Such statements, particularly an attorney's summary of a witness's interview, constitute work product and are not ordinarily discoverable. *See S.E.C. v. Brady*, 238 F.R.D. 429, 442 (N.D. Tex. 2006). Mississippi has not demonstrated a substantial need for the statements or an inability to obtain the substantial equivalent without undue hardship. Absent such a showing, or a showing of compelling need if the document sought is opinion work product, the work product doctrine shields such documents from production.

## V. Conclusion

The Court has considered all of the parties' arguments. Those not specifically addressed do not change the outcome. The parties may proceed with discovery consistent with the terms of this Order. The Court recognizes that this Order may not address Rule 4.2's applicability to each individual that the United States may wish to interview *ex parte*. Should a debate arise regarding Rule 4.2's applicability to a particular person, the parties may file necessary motions after first satisfying the requirements of Section 6. F. 4. of the Case Management Order.

SO ORDERED, this the 12th day of October, 2018.

    /s F. Keith Ball  
    UNITED STATES MAGISTRATE JUDGE