IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | CIVIL ACTION NO.: 3:16-CV-00622-CWR-FKB |
| THE STATE OF MISSISSIPPI | DEFENDANT |

## THE STATE OF MISSISSIPPI'S MEMORANDUM IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT FOR LACK OF STANDING

### Introduction

Plaintiff filed suit alleging violations of Title II of the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12131 *et seq*. (ADA). Plaintiff erroneously contends the State has violated Title II of the ADA because it is allegedly institutionalizing individuals who should be receiving community-based mental health services. But Plaintiff lacks standing to bring this action under Title II of the ADA, and so this case should be dismissed. Alternatively, if the Court declines summary judgment, the Court should stay the proceedings in this case pending the outcome of the Eleventh Circuit's decision in *A.R., et al. v. Sec. Health Care Admin., et al.,* No. 17-13595. The Eleventh Circuit case involves essentially the same standing issue presented in the State's motion here.

### Statement of Undisputed Facts

On August 11, 2016, Plaintiff, filed this lawsuit against the State.[1] Plaintiff alleges that it has "authority to seek a remedy for violation of Title II of the ADA," and that the State is in violation of Title II of the ADA because (1) it has failed to provide sufficient community-based mental health services in the State and (2) concentrated its funding in State Hospitals rather than

---

[1] Dkt. 1, Plaintiff's Complaint.

community-based mental health services.² Plaintiff's Complaint contains only a single Count – *i.e.*, that the State has allegedly violated Title II of the ADA.³

I.  **Summary Judgment Standard.**

A grant of summary judgment is appropriate when, after viewing the evidence in a light most favorable to the non-movant, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Gaddis v. Hegler*, No. 3:10-CV-249-CWR-LRA, 2011 WL 2111801, at *2 (S.D. Miss. May 26, 2011) "A fact is material if it is one that might affect the outcome of the suit under the governing law." *Lee v. Nat'l R.R. Passenger Corp. (Amtrak)*, No. 3:10-CV-00392-CWR, 2011 WL 6781013, at *2 (S.D. Miss. Dec. 27, 2011). After the movant successfully carries its burden, it is entitled to summary judgment if the non-movant fails "to present competent evidence setting forth specific facts to illustrate the existence of a genuine issue of material fact for trial …." *Id.* Furthermore, a party opposing summary judgment cannot simply rely on allegations in its pleadings, but must set forth specific facts, by affidavit or otherwise, showing the existence of a genuine issue for trial. *Id.* "In other words, the nonmoving litigant is required to bring forward significant probable evidence demonstrating the existence of a triable issue of fact." *Gaddis v. Smith & Nephew, Inc.*, 534 F.Supp.2d 697, 699 (S.D. Miss. 2008) (internal citation omitted).

II. **Title II of the ADA Does Not Provide Plaintiff With Standing To Bring Suit.**

Title II of the ADA, codified as 42 U.S.C. § 12131, *et seq.*, prohibits public entities from providing services, programs, or activities in a discriminatory manner based on disability. 42 U.S.C. § 12132. Title II also contains an enforcement provision that, unlike Titles I and III, makes no mention of any federal enforcement actions. Rather, Title II's enforcement provision provides only a right of action to "any person alleging discrimination on the basis of disability."

---

² Dkt. 1, Plaintiff's Complaint, ¶¶ 18, 74.
³ Dkt. 1, Plaintiff's Complaint, ¶¶ 128-132.

2

42 U.S.C. § 12133. Courts have long recognized that Congress, when enacting a statute, does not authorize federal enforcement actions by implication, nor does the term "any person" provide general authority for federal enforcement actions. *See Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens,* 529 U.S. 765, 766 (2000) ("The Court's longstanding interpretive presumption that "person" does not include the sovereign …"). Because Plaintiff is not authorized to bring suit under Title II of the ADA, Plaintiff has no standing under the ADA to seek relief in this case. Accordingly, the State should be granted summary judgment on the Title II claims brought against it.

In *C.V. v. Dudek*, the court faced a similar question – whether Title II of the ADA confers standing upon the DOJ to bring an enforcement action. *C.V. v. Dudek*, 209 F.Supp.3d 1279, 1282 (S.D. Fla. 2016). The court, raising the issue *sua sponte*, dismissed the DOJ's lawsuit against the State of Florida under Title II of the ADA for lack of standing. *Id*. The court reasoned that pursuant to the United States Supreme Court's precedent in *Director, Officer of Worker's Comp. Programs Dep't of Lab. V. Newport News Shipping and Dry Dock Col.*, 514 U.S. 112, "when an agency in its governmental capacity is meant to have standing, Congress says so." *Id*. The court further buttressed its holding explaining that "the withholding of agency authority is as significant as the granting of it" and that "Congress's grant of litigation authority to the Attorney General in Titles I and III of the ADA – juxtaposed against its omission in Title II – compels" that the Attorney General lacked standing to bring enforcement actions. *Id.* at 1283-84. Moreover, the court noted that "where Congress has conferred standing on a particular actor in one section of a statutory scheme but not in another, its silence must be read to preclude standing." *Id.* at 1283. The Fifth Circuit has recognized this rule explaining "Congress is cognizant of the need to set forth explicitly the authority of an administrator or agency to seek

enforcement relief in federal court." *Marshall v. Gibson's Prods., Inc. of Plano,* 584 F.2d 668, 675 (5th Cir. 1978).

The statutory framework of the ADA further supports the Attorney General's lack of standing. For example, in Title I of the ADA, the enforcement provision provides that the Attorney General has the "power, remedies, and procedures set forth in [42 U.S.C.] sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9," which provide that the Attorney General may enforce these provisions by filing a civil action. 42 U.S.C. § 12117. Similarly, Title III specifically grants the Attorney General authority to "commence a civil action in any appropriate United States district court" when he or she has reason to believe a violation of Title III of the ADA has occurred. 42 U.S.C. § 12188. However, Title II is void of any provisions providing similar authority to the Attorney General. Congress knows how to unambiguously and explicitly authorize the Attorney General to bring private actions to enforce rights under the ADA, but chose not to do so under Title II. Therefore, the Attorney General lacks standing to initiate the this lawsuit under Title II of the ADA.

This position garners further support from three longstanding principles of statutory interpretation. The first principle is that "identical words used in different parts of the same act are intended to have the same meaning." *Gustafson v. Alloyd Co. Inc.,* 513 U.S. 561, 570 (1995)(citation omitted). The second principle is the surplusage principle, which provides "that no provision should be construed to be entirely redundant." *Kungys v. United States,* 485 U.S. 759, 778 (1988). Combining these two principles shows that the Attorney General does not have – and was not intended to have – standing to file suit under Title II of the ADA.

This is so because Title I's enforcement provision explicitly provides remedial authority to bring suit "to the Commission, to the Attorney General, or to any person alleging discrimination on the basis of disability." 42 U.S.C. § 12117. Title II's enforcement provision

4

provides only remedial authority to "any person alleging discrimination on the basis of disability …." 42 U.S.C. § 12133. If the Attorney General was meant to be "any person" under Title II, it would be redundant to explicitly reference him or her in Title I. The Attorney General cannot be a person under Title II of the ADA without "any person" having differing meanings in Title I and II. *Dudek*, 209 F.Supp.3d at 1285.

The third principle, the negative implication principle, provides that "[t]he express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others." *Alexander v. Sandoval*, 532 U.S. 275, 290 (2001). Thus, by authorizing only individuals to bring suit under Title II, Congress intended to preclude the Attorney General from being able to file suit under Title II. *Dudek*, 209 F.Supp.3d at 1285.

**III.     Title VI Of The Civil Rights Act And Section 505 Of The Rehabilitation Act Do Not Provide Plaintiff With Standing To File Suit.**

Title II of the ADA incorporates Section 505 of the Rehabilitation Act, which, in turn, provides any person alleging discrimination with the remedies set forth in Title VI of the Civil Rights Act of 1964. *See* 42 U.S.C. § 12133; 42 U.S.C. § 794a. Presumably, as it has done in the Eleventh Circuit, Plaintiff will argue that Title VI of the Civil Rights Act provides its standing to initiate a federal enforcement action under Title II. But Title VI of the Civil Rights Act does not. Rather, Title VI of the Civil Rights Act does not mention the Attorney General or federal enforcement actions. *See* 42 U.S.C. § 2000d. This is in stark contrast to the Attorney General's explicit power to bring enforcement actions in Titles II, III, IV, and VII of the Civil Rights Act. *See* 42 U.S.C. § 2000a-5; 42 U.S.C. § 2000b; 42 U.S.C. § 2000c-6; 42 U.S.C. § 2000e-5(f)(3); 42 U.S.C. § 2000e-6.

This is yet another example of Congress deliberately authorizing federal enforcement actions in certain sections of an act and making the affirmative decision to not grant federal enforcement power in other sections of the same act. *See Dudek,* 209 F. Supp.3d at 1290 ("The

withholding of agency authority is as significant as the granting of it, and we have no right to play favorites between the two.") Title VI cannot – and does not – confer standing upon the Attorney General to initiate a federal enforcement action under Title II.

Fifth Circuit precedent establishes when the Attorney General may bring the appropriate action under Title VI – *i.e.*, only to enforce the contractual rights of the United States. In *United States v. Marion Cty. Sch. Dist*, 625 F.2d 607 (5th Cir. 1980), the Attorney General filed suit against the school district to enforce contractual obligations in the form of "assurances of nondiscrimination in the operation of public schools." 625 F.2d at 611. These assurances were required as a condition of the public school system receiving federal funding in the form of grants. *Id.* at 610. The Fifth Circuit found that the United States did have standing to bring the action because "it is well established that the government's right to sue to enforce its contracts exists as a matter of federal common law, without necessity of a statute." *Id.* Additionally, the Fifth Circuit noted that the "'any other means by law' language in Title VI … include[s] governmental suits to enforce contractual assurances …" *Id.* at 612. Because Plaintiff's Title II claim in this case is not tied to any "contractual assurances," Title VI of the Civil Rights Act does not provide standing to Plaintiff to sue the State here.

IV. **Alternatively, The State Requests The Court Stay The Proceedings Until The Eleventh Circuit Resolves The Appeal Before It.**

In the alternative, the Court should stay this case until the Eleventh Circuit has rendered its decision on the current appeal in *C.V. v Dudek*, styled as *A.R., et al. v. Sec. Health Care Admin., et al.,* No. 17-13595. *A.R.* is presently before the Eleventh Circuit. All parties have fully briefed their respective positions.[4] The issue on appeal in *A.R.* is essentially the same issue presented in the State's motion here, which the United States framed as follows: "Whether the

---

[4] In addition to the Appellant and Appellee Briefs, several Amicus brief were filed. *See* Eleventh Circuit Case No. 17-13595, Dkts. filed on 10/18/2017, 10/25/2017, 01/16/2018, 01/23/2018.

Attorney General has a cause of action to enforce Title II of the Americans with Disability Act of 1990, 42 U.S.C. 12131 *et seq*. (Title II)."[5]  Oral argument was heard in the Eleventh Circuit on October 3, 2018,[6] so an opinion should be issued in the near future.

District courts have the general discretionary authority to stay proceedings before them in an effort to control their docket and in the interest of justice. *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982).  The outcome of the Eleventh Circuit case, while not binding on this Court, may provide federal circuit court guidance for this Court in deciding the standing issues raised by the State. *See U.S. v. Tadlock*, 399 F.Supp.2d 747, 751 (S.D. Miss. 2005) (explaining when the Fifth Circuit has not addressed an issue, the district court must "look to persuasive guidance from other jurisdictions.")

**Relief Requested**

For these reasons, the State of Mississippi's Motion For Summary Judgment for Lack of Standing should be granted.  In the alternative, the State requests a stay of proceedings until the Eleventh Circuit has rendered its opinion in *C.V. v Dudek*, styled as *A.R., et al. v. Sec. Health Care Admin., et al.,* No. 17-13595.

This, the 21st day of December, 2018.

             Respectfully submitted,

             PHELPS DUNBAR LLP


             BY:  */s/ Nash E. Gilmore*
                Reuben V. Anderson, MB 1587
                W. Thomas Siler, MB 6791
                James W. Shelson, MB 9693
                Nash E. Gilmore, MB 105554
                4270 I-55 North
                Jackson, Mississippi 39211-6391

---

[5] Eleventh Circuit Case No. 17-13595, Brief of Appellant filed on 10/18/2017 , p. 17.
[6] Eleventh Circuit Case No. 17-13595.

Post Office Box 16114
Jackson, Mississippi 39236-6114
Telephone: 601-352-2300
Telecopier: 601-360-9777
Email: andersor@phelps.com
       silert@phelps.com
       shelsonj@phelps.com
       nash.gilmore@phelps.com

Harold Pizzetta, III, MB 99867
Assistant Attorney General
General Civil Division
Walter Sillers Building
550 High Street
Jackson, MS 39201
Telephone: 601-359-3816
Telecopier: 601-359-2003
Email: HPIZZ@ago.state.ms.us

Mary Jo Woods, MB 10468
Special Assistant Attorney General
Mississippi Attorney General's Office
Walter Sillers Building
550 High Street
Jackson, MS 39201
Telephone: 601-359-3020
Telecopier: 601-359-2003
Email: MWOOD@ago.state.ms.us

Attorneys for the State of Mississippi

## **CERTIFICATE OF SERVICE**

I certify that on December 21, 2018, I electronically filed this document with the Clerk of the Court using the ECF system, which sent notification of such filing to all ECF counsel of record in this action.

*/s/ Nash E. Gilmore*
NASH E. GILMORE
