**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

UNITED STATES OF AMERICA,

*Plaintiff,*

v.

STATE OF MISSISSIPPI,

*Defendant.*

CIVIL ACTION NO.
3:16-CV-00622-CWR-FKB

**UNITED STATES' RESPONSE IN OPPOSITION TO STATE'S *DAUBERT* MOTION TO EXCLUDE EXPERT TESTIMONY OF UNITED STATES' CLIENT REVIEW TEAM**

The State's Motion to exclude the expert testimony of the United States' Client Review team,[1] ECF No. 147, should be denied.

1. The Client Review Team members answered four questions about 154 individuals who had been in one of the four State Hospitals between October 13, 2015 and October 13, 2017:

    i. Would the individual have avoided or spent less time in a State Hospital if he/she had been provided reasonable community-based services?

    ii. Is the individual at serious risk of institutionalization in a State Hospital?

    iii. Would the individual be opposed to receiving community-based services?

    iv. If the individual is appropriate for and would benefit from community-based services, what services would the individual need?

2. The State argues that the answer to Question 1 is irrelevant because Mississippi law prohibits the State Hospitals from exercising any discretion in admitting patients, but the United

---

[1] Dr. Judith Baldwin, Dr. Beverly Bell-Shambley, Katherine Burson, Daniel Byrne, Dr. Robert Drake, and Dr. Carol VanderZwaag.

States does not dispute this point of Mississippi law and the United States' experts do not offer opinions inconsistent with it. Rather, the Team identified interventions that, if implemented appropriately, likely would have prevented the individual's symptoms becoming so acute that inpatient stabilization was justified. This is indisputably relevant to whether Mississippians with mental illness are forced to undergo treatment in State Hospitals due to a lack of community-based mental health services.

3. The State argues that the answer to Question 4 should be excluded because it was based on a flawed methodology. But the flaw the State identifies – a purported "admission" that "the answer to the question of whether an individual is appropriate for and would benefit from community-based services will always be 'yes,'" Brief at 1 – is not a flaw but rather the reality that the weight of evidence demonstrations the efficacy of community-based services.

4. The State argues that references to individuals diagnosed with mental illness *and* intellectual/developmental disabilities ("IDD") should be excluded because the United States' complaint does not challenge the State's failure to serve individuals with IDD in the most integrated setting appropriate. However, this does not negate the fact that some individuals dually diagnosed with mental illness and IDD are impermissibly institutionalized, or placed at serious risk of institutionalization, in State Hospitals.

5. At most, because the State's motion challenges only two of the four questions answered by the Client Review Team, if the Court agrees with the State's arguments, the Court should exclude only the Team's answers to Questions 1 (would the individual have avoided or spent less time in a State Hospital if s/he had been provided reasonable community-based services?) and 4 (is the individual appropriate for, and would the individual benefit from, community based services and, if so, what community-based services?).

6. For support, the United States attaches the exhibits below[2] and files a Memorandum in Opposition:

Exhibit A – Maddux (May 7, 2018) Deposition

Exhibit B – DMH FY18 Annual Report, MS-00145948c

Exhibit C – Expert Report of Katherine Burson

Exhibit D – Expert Report of Dr. Beverly Bell-Shambley

Exhibit E – Lamousin Deposition

Exhibit F – Expert Report of Dr. Philip Meredith

Exhibit G – Expert Report of Daniel Byrne

Exhibit H – Bell-Shambley Deposition

Exhibit I – Expert Report of Dr. Carol VanderZwaag

Exhibit J – State's Designation of Non-Retained Expert Witnesses

Exhibit K – Maddux (Nov. 28, 2018) Deposition

Exhibit L – Expert Report of Dr. Judith Baldwin

Exhibit M – Expert Report of Dr. Robert Drake

Exhibit N – VanderZwaag Deposition

Exhibit O – Baldwin Deposition

Exhibit P – Burson Deposition

Exhibit Q – Byrne Deposition

Exhibit R – Drake Deposition

Exhibit S – Mississippi Expands PACT Teams, MS-00004797

---

[2] Exhibits A, D, E, F, G, H, I, J, K, L, and M contain information that is confidential under the terms of the protective order in place in this litigation, ECF No. 59. The United States is filing redacted copies of those exhibits in connection with this Opposition, and filing a motion for leave to file unredacted copies of those exhibits under seal.

Exhibit T – Day Deposition

Exhibit U – Vaughn Deposition

Exhibit V – Allen Deposition

Exhibit W – Expert Report of Dr. Jeffrey Geller

Exhibit X – Findings Letter

**RELIEF REQUESTED**

The United States respectfully requests that the Court deny the State's Motion, ECF No. 147, to exclude the testimony of the United States' Client Review Team.

Dated: January 21, 2019.

| | |
|---|---|
| D. MICHAEL HURST, JR.<br>United States Attorney<br>Southern District of Mississippi | ERIC S. DREIBAND<br>Assistant Attorney General<br>Civil Rights Division |
| MITZI DEASE PAIGE [MS BAR 6014]<br>CANDACE MAYBERRY<br>Assistant United States Attorneys<br>501 E. Court Street, Suite 4.430<br>Jackson, MS 39201<br>Telephone: (601) 973-2840<br>mitzi.paige@usdoj.gov<br>candace.mayberry@usdoj.gov | STEVEN H. ROSENBAUM<br>Chief<br><br>REGAN RUSH<br>Deputy Chief<br><br>/s/ *Mathew Schutzer*<br>MATHEW SCHUTZER [NY Bar 5136007]<br>JORGE CASTILLO<br>DEENA FOX<br>PATRICK HOLKINS<br>ASHLEY MCDONALD<br>LINDSEY WEINSTOCK<br>Trial Attorneys<br>Special Litigation Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W. - PHB<br>Washington, DC  20530<br>Telephone: (202) 616-3179<br>Mathew.schutzer@usdoj.gov |

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2019, I electronically filed the foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record.

>*/s/ Mathew Schutzer*
>Mathew Schutzer