EXHIBIT F

Philip Merideth, M.D., J.D.

Certified in adult, child/adolescent, and forensic psychiatry

P.O. Box 14251

Jackson, Mississippi 39236

October 29, 2018

Jim Shelson
Nash E. Gilmore
Phelps Dunbar LLP                          Via hand delivery
4270 I-55 North
Jackson, Mississippi 39211

Re: United States of America v. State of Mississippi
    Civil Action Number 3:16CV622-CRW-FKB

Mr. Shelson and Mr. Gilmore,

 I submit this letter to you at your request for a written report to be filed by today regarding my findings and opinions in the above captioned matter after my forensic psychiatric review of the patient records that you submitted to me. It is my understanding that both of you, along with others, are defending the state of Mississippi in a federal lawsuit filed by the United States under Title II of the Americans with Disabilities Act of 1990 with regard to the mental health services provided by the state.

 In August of this year, you contacted me on behalf of your client, the state of Mississippi, to perform a forensic psychiatric review regarding the mental health services rendered to twenty-one randomly selected patients who were treated at state hospitals in Mississippi since 2011. Pursuant to those preliminary discussions, I signed a contract with the State of Mississippi on September 19, 2018 to provide the forensic psychiatric services that are the subject of this report.

 In your request to me regarding my review of these twenty-one cases, you asked me to limit my opinions to the following two issues:

 1.Whether at the time of treatment, a state hospital in Mississippi was the least restrictive treatment setting available for the patient; and

 2.Whether the care and treatment rendered to each patient at the state hospital met the applicable standard of care for inpatient services in a state hospital setting in Mississippi.

 You also requested that this report contain the following information in order to comply with federal court rules:

1. A complete statement of all opinions formed by me in this case and the basis and reasons for them;

2. The facts or data considered in forming those opinions;

3. Any exhibits that will be used to summarize or support those opinions;

4. My qualifications, including a list of all publications authored by me in the last ten years;

5. A list of cases in which I have testified as an expert at trial or by deposition in the previous four years; and

6. A statement of the compensation to be paid for the study and testimony in this case.

Please note that all opinions contained in this report are stated to a reasonable degree of medical certainty and are based on my knowledge, training, and experience as a psychiatrist with board certifications in adult, child/adolescent, and forensic psychiatry. In preparation for writing this report, I also reviewed the Complaint filed on August 11, 2016 and the plaintiff's expert report by Dr. Carol Vander Zwaag dated July 29, 2018. The facts or data considered in forming my opinions in this case are based on my review of the state hospital treatment records for each of the twenty-one patients that you submitted to me, which totaled 80,124 pages. In conducting this forensic psychiatric review, I did not make any collateral contacts or perform any personal interviews of the twenty-one patients in question. Other than the information contained in this report, I do not now plan to rely on any exhibits to summarize or support my opinions in this case. Lastly, please note that $350 an hour is the contractual rate to be paid to me as compensation for the preparation of this report and any testimony or other professional services needed from me in this case.

For the purpose of clarity regarding the submission of this report, I have included the following attachments:

Attachment 1: A copy of my abbreviated curriculum vitae that describes my qualifications (1 page)

Attachment 2: A list of all publications authored by me since October 2008 (1 page)

Attachment 3: A list of cases in which I have testified as an expert at trial or by deposition since October 2014 (1 page)

Attachment 4: A statement of opinions regarding the records of the twenty-one randomly selected patients that you submitted to me for review (30 pages)

I reserve the right to supplement this report to disclose any exhibits or to state further opinions that may be necessary if additional information becomes available to me after today.

Sincerely,

Philip Merideth

Philip Merideth, M.D., J.D.

# PHILIP MERIDETH, M.D., J.D.

**EDUCATION:**
University of Mississippi
Bachelor of Arts, cum laude, 1982
Doctor of Medicine, 1987
Juris Doctor, cum laude, 1991

**RESIDENCY/ FELLOWSHIP:**
University of Mississippi Medical Center, Adult Psychiatry, 1991 - 1994
Yale University, Adult and Child/Adolescent Psychiatry, 1994 - 1997
Case Western Reserve University, Forensic Psychiatry, 1997 - 1998

**WORK EXPERIENCE:**
Mississippi State Board of Medical Licensure, 2003 – 2014
President of the Board, 2007 - 2009

Brentwood Behavioral Healthcare of Mississippi, 2002 – 2009
Chief Medical Officer and Member of the Board of Trustees

Information and Quality Healthcare (the Medicare - contracted quality improvement organization for Mississippi), 2005 – 2008
Chairman of the Board of Directors, 2007 – 2008

Hinds County Detention Center
Mental Health Consultant, 2006 – 2008, 2011 – 2012, and 2015 - 2016

Beacon Health Options
Physician Advisor, 2007 – present

Mississippi State Hospital
Forensic Services Unit, 1998 – 2002
Quality Assurance Consultant, 2002 – 2009

University of Mississippi Medical Center
Clinical faculty member, 1998 – 2015
Professor of Psychiatry and Director of the Division of Child Psychiatry, 2016 - present

Mississippi College School of Law
Adjunct Professor (taught health-related law courses), 2000 – 2006

American Psychiatric Association
Ethics Committee, 1998 – 2008

Journal of the Mississippi State Medical Association
Associate Editor and/or member of the Publications Committee, 2004 - present

Central Medical Society of Mississippi
President, 2010

**CERTIFICATIONS:**
Adult psychiatry, child/adolescent psychiatry, forensic psychiatry, administrative psychiatry, and quality management/risk management.

**Attachment 2**

Since October 2008, I have authored the following publications:

1. Merideth P. Physicians' Bookshelf: Review of the book <u>Kings of Tort</u>. Journal of the Mississippi State Medical Association. February 2010, Vol. 51: No. 2, 54-55.

2. Merideth P. Bold Changes to the Norm. Journal of the Mississippi State Medical Association. April 2012, Vol. 53: No. 4, 118.

3. Merideth P. You Can Change a Village: Lessons Learned on a Medical Mission to Honduras. Journal of the Mississippi State Medical Association. June/July 2017, Vol. 58: No. 6/7, 204-205.

*Philip Merideth*

Philip Merideth, M.D., J.D.
October 29, 2018

**Attachment 3**

Since October 2014, I have testified as an expert at trial or by deposition in the following case:

In re ████████████ Hinds County Chancery Court, Case No. ████████████. Testified at two civil commitment hearings in 2018 as a psychiatric expert for the patient regarding his need for continued civil commitment at the Mississippi State Hospital.

Philip Merideth

Philip Merideth, M.D., J.D.
October 29, 2018

**Attachment 4: Statement of Opinions**

This attachment is organized into three sections to state the opinions that were requested to be addressed in this report. The opinions expressed in this Attachment are stated to a reasonable degree of medical certainty and are based on the review by this writer (Dr. Philip Merideth) of the medical records that were submitted regarding each patient's treatment at a state hospital in Mississippi on the dates indicated. In each section, the list of patients is in alphabetical order.

**Section 1**

For the following patients, it is my opinion that at the time of treatment, a state hospital was the least restrictive treatment setting available for the patient in Mississippi, and the care and treatment including discharge planning met the applicable standard of care for inpatient services in a state hospital setting in Mississippi.













**Section 2**

For the following patients, it is my opinion that at the time of treatment, a state hospital was not the least restrictive treatment setting available for the patient, and the care and treatment including discharge planning met the applicable standard of care for inpatient services in a state hospital setting in Mississippi.











**Section 3**

For the following patients, there is not sufficient information contained in the submitted medical records to be able to form an opinion on the two issues in question. See Sections 1 and 2 above for other reviews on these paitents.







*Philip Merideth*

Philip Merideth, M.D., J.D.

October 29, 2018