EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA,

*Plaintiff,*

v.

STATE OF MISSISSIPPI,

*Defendant.*

CIVIL ACTION NO.
3:16-CV-00622-CWR-FKB

**UNITED STATES' SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT'S
FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff United States of America hereby supplements its response to Defendant State of Mississippi's ("the State") First Set of Interrogatories. In formulating these responses, the United States has relied on non-privileged, non-protected information that is within the scope of the Parties' Joint Stipulation Regarding Discovery (ECF No. 39). Further or different information may be developed in discovery. The United States will furnish any such information, not otherwise privileged or protected, to the extent required under Rule 26 of the Federal Rules of Civil Procedure.

**GENERAL OBJECTIONS**

The United States objects to these interrogatories, including the Definitions, to the extent they are inconsistent with the Joint Stipulation Regarding Discovery. The United States' answers are confined to information within the scope of the Joint Stipulation Regarding Discovery including, but not limited to, the following: The United States will deem "United States" to mean "United States Department of Justice;" the United States did not search for information in sources the Parties are not required to preserve under the stipulation; and, unless

1

otherwise specified in the interrogatory, the United States deems all requests to be for information and documents within the possession of the Department of Justice dating from January 1, 2011, to the present.

## SPECIFIC RESPONSES AND OBJECTIONS

INTERROGATORY NO. 1: Please state the name, address, and telephone number of each person known or believed by you to have any information regarding, concerning or pertaining to the allegations set forth in your Complaint (and/or any amendments thereto), and the events or circumstances that you contend caused or contributed to your alleged injuries damages, and/or request for relief including any individuals you have interviewed regarding any such matters.

Answer:

The United States objects to this interrogatory because it is overbroad and unduly burdensome. "[E]ach person . . . believed by [the United States] to have any information" is extremely broad. It could include any person who has ever resided in Mississippi who has mental illness. The interrogatory is also vague. It is unclear whether "the name, address, and telephone number of each person known or believed by you to have any information regarding, concerning or pertaining to" modifies the entire sentence.

Subject to and without waiving these objections, the United States previously provided, and reattaches here, Attachment A, which identified individuals known by the United States to have information regarding 1) the allegations in the Complaint and/or 2) the events or circumstances that the United States contends caused or contributed to the United States' a) alleged injuries, b) alleged damages, or c) request for relief. In addition, the United States incorporates by reference the lists of the individuals and/or entities interviewed by each of the

United States' experts included in the expert reports served on the State on July 30, 2018.

INTERROGATORY NO. 4: Identify with specificity the "reasonable modifications" referenced in Paragraphs 121 and 124 of your Complaint, and identify the documents that support your claim that any such "reasonable modifications" are necessary.

Answer:

The United States objects to this interrogatory because it prematurely calls for the United States to summarize the evidence at this stage of the litigation and thereby marshal the documentary evidence supporting its entire case in response to one written interrogatory. This is overbroad and unduly burdensome.

Subject to and without waiving these objections, the State must modify its policies, practices, and procedures to avoid discrimination by:

1. Ensuring the provision of quality community-based services necessary to successfully support and promptly transition adults with mental illness in State Hospitals into community-based settings where appropriate, and prevent unnecessary State Hospital readmissions. These community-based services include, based on the need of the particular individual, psychiatric services, individual, family, and group therapy, intensive case management (which can be provided through Mississippi's Community Support Service), crisis services, peer support services, Assertive Community Treatment (referred to as PACT in Mississippi), supported employment, and permanent supported housing. In order to provide these community-based services as an effective alternative to State Hospital treatment, the State would need to modify its policies, practices, and procedures to increase the amount and availability of these community-based services throughout the State including by 1)

3

continually collecting and using data and information necessary to identify gaps in the availability and utilization of services; and 2) ensuring adequate funding for these community-based services; and 3) ensuring adequate and effective provider capacity.

2. Ensuring that individuals admitted to State Hospitals receive appropriate and effective discharge planning to prevent unnecessarily prolonged State Hospital admission and unnecessary re-admissions to the State Hospital after discharge. An effective discharge planning process is a collaborative process with the hospital-based provider, community-based provider, the individual, and others as appropriate, which identifies the services and supports, and the intensity of those services and supports, necessary to successfully support the person in a community-based setting and prevent unnecessary readmissions; arranges for those services to actually be provided to the person; and facilitates an immediate connection to those services upon discharge so that there is no gap in services.

3. Effectively identifying, screening, and assessing adults with mental illness in all settings on a regular basis to determine their appropriateness for community-based services, and providing the appropriate services as described in paragraph 1 above.

The documents supporting the United States' claim that the above modifications are necessary include: documents regarding the provision and availability of community-based services throughout Mississippi, treatment records of adults with mental illness who are or were institutionalized in a State Hospital, documents regarding policies, practices, and procedures concerning discharge planning, documents regarding the State's budget, service, and strategic planning processes, and the expert reports disclosed on July 30, 2018 and the documents cited in each report and/or considered by each expert.