# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

UNITED STATES OF AMERICA                                   PLAINTIFF

V.                                 CIVIL ACTION NO. 3:16-cv-622-CWR-FKB

STATE OF MISSISSIPPI                                          DEFENDANT

## ORDER

Before the Court is the State of Mississippi's motion for review of the Magistrate Judge's Order denying the Rule 30(b)(6) deposition of the United States of America. Docket No. 174.

## I. Factual and Procedural History

On August 17, 2018, the State of Mississippi noticed a Rule 30(b)(6) deposition of the plaintiff, the United States of America. Docket No. 91. The State's notice listed 12 intended topics of inquiry. *Id.* at 4–6. The United States objected to all of the topics, and the State moved to compel the deposition. Docket No. 92. The Magistrate Judge heard oral argument on March 4, 2019. He denied the motion from the bench.

The Magistrate Judge found that while there is no blanket ban on 30(b)(6) depositions of the United States, this is not a case that is "very conducive" to a 30(b)(6) deposition. Docket No. 174-1 at 66. He noted that "the facts arise from the laws, programs, and testimony from employees of the defendant, [the] State of Mississippi, and the testimony of expert witnesses," and as such, there is no information held by the United States that has not already been or cannot be obtained through other means of discovery. *Id*. He also stated that it is hard to see the "value" in the 30(b)(6) deposition of the United States because the topics would require the United States to name a Department of Justice ("DOJ") lawyer to testify about privileged matters and would force DOJ to find witnesses to testify about reports that were not written by DOJ. *Id*. at 67. The United States

stipulated on the record that its proof at trial will not include any testimony from witnesses who are not already disclosed to the State, and that its case relies primarily on the testimony of previously disclosed expert witnesses, whom the State had the right to depose. *Id.* at 66.

Now, the matter is before this Court because the State has appealed the Magistrate Judge's Order. Docket No. 174.

**II.     Legal Standard**

Rule 72(a)(1)(B) of the Uniform Local Civil Rules allows an appeal of a magistrate judge's order:

> No ruling of a magistrate judge in any matter which he or she is empowered to hear and determine will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law.

*see also* Fed. R. Civ. P. 72(a).

"The clearly erroneous standard applies to the factual components of the magistrate judge's decision." *Shaidnagle v. Adams Cty., Miss.*, No. 5:13-CV-112-DCB-JCG, 2015 WL 72161, at *2 (S.D. Miss. Jan. 6, 2015) (quotation marks and citations omitted). "The 'clearly erroneous' standard requires that the court affirm the decision of the magistrate judge unless 'on the entire evidence the court is left with a definite and firm conviction that a mistake has been committed.'" *Bradley v. Cooper Tire & Rubber Co.*, No. 4:03-CV-94-DPJ-JCS, 2008 WL 5156616, at *3 (S.D. Miss. Dec. 5, 2008) (citations omitted). This standard is "extremely deferential." *Shaidnagle,* 2015 WL 72161, at *2 (quotation marks and citations omitted).

When a party challenges a magistrate judge's order as contrary to law, the magistrate judge "must have erred in some respect in his legal conclusions." *Id*. (quotation marks and citations omitted). "[F]or the plaintiff to prevail, she must show, not that the magistrate judge could have exercised his discretion and ruled in her favor, but rather that she is entitled to a ruling in her favor

2

as a matter of law." *Barnett v. Tree House Cafe, Inc.*, No. 5:05-CV-195-DCB-JMR, 2006 WL 3083757, at *3 (S.D. Miss. Oct. 27, 2006) (citation omitted).

"A magistrate judge is 'far better situated to pass on discovery matters,' than is the district judge. A magistrate judge is afforded broad discretion with respect to discovery matters because no one factor controls discovery disputes." *Id.* (citations omitted).

### III. Discussion

The State argues that the Magistrate Judge's Order is contrary to law and that this Court should adopt the reasoning in *SEC v. Merkin,* 283 F.R.D. 689, 693 (S.D. Fla. 2012), which held that "[b]y its very terms, Rule 30(b)(6) applies to the Government." This argument is contrary to the record, as the Magistrate Judge clearly agreed with *Merkin*. *See* Docket No. 174-1 at 61–62 ("I want to first say I agree with this line of cases [based upon *Merkin*]"). The Magistrate Judge held that in "cases like *Merkin*, the courts have allowed the 30(b)(6) deposition of the [government] but have stricken specific topics that they held to be improper" and that that topics for this 30(b)(6) were indeed improper. *Id*. at 61.

The core of the Magistrate Judge's ruling is that the deposition would be futile because the information the State is attempting to gain is already available through other forms of discovery. *See* Docket No. 174-1 at 73–76 (stating that there is no "practical purpose" for the deposition and "whatever evidence the plaintiff is going to put on regarding those matters, they are already tied down to it[ ] coming from expert witnesses, and the defendant has had a right and has deposed those experts[.]"). The Magistrate Judge made a factual determination on the administration of a discovery matter and the State's motion fails to offer compelling support as to why that ruling was clearly erroneous.

The United States argues that the "the State has not identified any misapplication o[r] misinterpretation of law justifying [the] reversal of the Magistrate Judge's Order," and a "[d]isagreement with how the Magistrate Judge applied the facts of this case to the law is not enough to disturb that ruling . . . ." Docket No. 176 at 12. The Court agrees.

**IV.     Conclusion**

The motion for review is denied and the Magistrate Judge's order is upheld.

**SO ORDERED**, this the 24th day of April, 2019.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE