IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**THE UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**VS.**                        **CIVIL ACTION NO.: 3-16-CV-00622-CWR-FKB**

**THE STATE OF MISSISSIPPI**                                           **DEFENDANT**

### THE STATE OF MISSISSIPPI'S MEMORANDUM IN SUPPORT OF GENERAL MOTION IN *LIMINE*

The State of Mississippi (State) moves *in limine* for an order prohibiting the parties from offering or soliciting any evidence or testimony, or making any statements or arguments, either directly or indirectly, regarding the following matters:

1. **Evidence and testimony regarding settlement negotiations and settlement offers in this case.** Under Fed. R. Evid. 408, evidence of settlement offers and of conduct or statements made in settlement negotiations is inadmissible. Any such evidence should be excluded.

2. **Evidence and testimony regarding any of the individuals in Plaintiff's sample who are deceased.** Plaintiff conducted a review of a sample of 154 individuals. Four of these individuals are deceased. The Parties should be prohibited from offering any evidence, testimony, argument or other information regarding the deceased individuals. Any such evidence is irrelevant under Fed. R. Evid. 402, without foundation in violation of Fed. R. Evid. 602, and substantially more prejudicial than probative under Fed. R. Evid. 403.

3. **Evidence and testimony regarding any individual that was not included in Plaintiff's Clinical Review Team's (CRT) sample, including** [Redacted] **and** [Redacted][Redacted]. The parties should be prohibited from offering any evidence, testimony, argument or other information regarding any individuals that were not included in Plaintiff's sample.

Pursuant to Attachment A of the Case Management Order [Dkt. 39], the parties agreed that Plaintiff would use a sample of patients from Mississippi's four state hospitals "to bring clarity to the population at issue."[1]  Plaintiff's sample population consists of 154 individuals, all of whom were interviewed by Plaintiff's CRT.  Plaintiff's CRT then created expert reports regarding the 154 person sample.  Plaintiff has indicated that it may call [Redacted], a family member of [Redacted], and [Redacted], a family member of [Redacted], at trial.  [Redacted] and [Redacted] are not included in the Plaintiff's 154 person sample or in Plaintiff's expert reports.  Any evidence regarding individuals outside the agreed upon sample of 154 individuals is substantially more prejudicial than probative under Fed R. Evid. 403.  Additionally, any such evidence would constitute trial by ambush because it was not disclosed during the discovery period.  Alternatively, the State should be allowed to offer expert testimony regarding any individuals not disclosed in the sample.

**4.     Evidence and testimony regarding any patients who have been diagnosed with intellectual and/or developmental disabilities (IDD).**  The parties should be prohibited from offering any evidence, testimony, argument or other information regarding IDD.  Plaintiff expressly excluded any claims on behalf of IDD patients from its Complaint, stating "[t]he United States also made findings related to children with serious mental health conditions and adults and children with intellectual and/or developmental disabilities.  This Complaint does not address the United States' claims with regard to these other populations."[2]  Any such evidence is irrelevant under Fed. R. Evid. 402 and substantially more prejudicial than probative under Fed. R. Evid. 403.  Additionally, any such evidence would lead to confusion of the issues.

---

[1] Dkt 39, Case Management Order, p. 6.
[2] Dkt. 1, Complaint, pg. 26 n.1.

**5.     Evidence and testimony regarding any children who previously and/or are currently receiving treatment in Mississippi's mental health system.**  The parties should be prohibited from offering any evidence, testimony, argument or other information regarding any children who previously and/or are currently receiving services in Mississippi's mental health system.  Plaintiff expressly excluded any claims on behalf of children from its Complaint, stating "[t]he United States also made findings related to children with serious mental health conditions and adults and children with intellectual and/or developmental disabilities.  This Complaint does not address the United States' claims with regard to these other populations."[3]  Any such evidence is irrelevant under Fed. R. Evid. 402 and substantially more prejudicial than probative under Fed. R. Evid. 403.  Additionally, any such evidence would lead to confusion of the issues.

**6.     Evidence and testimony regarding any witness not disclosed in discovery.**  The parties should be prohibited from offering any evidence, testimony, argument or other information regarding witnesses who were not fully disclosed during discovery.  Under Fed. R. Civ. P. 37, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use the information or witness to supply evidence one a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Offering any such evidence would constitute trial by ambush, is not harmless, and would be substantially more prejudicial than probative under Fed. R. Evid. 403.

## Relief Requested

For these reasons, the State of Mississippi's Motion *in Limine* should be granted.

This, the 30th day of April, 2019.

---

[3] Dkt. 1, Complaint, pg. 26 n.1.

Respectfully submitted,

PHELPS DUNBAR LLP


BY: */s/ Nash E. Gilmore*
    Reuben V. Anderson, MB 1587
    W. Thomas Siler, MB 6791
    James W. Shelson, MB 9693
    Nash E. Gilmore, MB 105554
    4270 I-55 North
    Jackson, Mississippi 39211-6391
    Post Office Box 16114
    Jackson, Mississippi 39236-6114
    Telephone: 601-352-2300
    Telecopier: 601-360-9777
    Email: andersor@phelps.com
           silert@phelps.com
           shelsonj@phelps.com
           nash.gilmore@phelps.com

    Harold Pizzetta, III, MB 99867
    Assistant Attorney General
    General Civil Division
    Walter Sillers Building
    550 High Street
    Jackson, MS 39201
    Telephone: 601-359-3816
    Telecopier: 601-359-2003
    Email: HPIZZ@ago.state.ms.us

    Mary Jo Woods, MB 10468
    Special Assistant Attorney General
    Mississippi Attorney General's Office
    Walter Sillers Building
    550 High Street
    Jackson, MS 39201
    Telephone: 601-359-3020
    Telecopier: 601-359-2003
    Email: MWOOD@ago.state.ms.us

Attorneys for the State of Mississippi

PD.25922081.1

**CERTIFICATE OF SERVICE**

I certify that on April 30, 2019, I electronically filed this document with the Clerk of the Court using the ECF system, which sent notification of such filing to all ECF counsel of record in this action.

*/s/ Nash E. Gilmore*
NASH E. GILMORE