# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

V.                                                               CAUSE NO. 3:16-CV-622-CWR-FKB

THE STATE OF MISSISSIPPI                                                                DEFENDANT

## ORDER DENYING *DAUBERT* MOTION

"[U]njustified institutional isolation of persons with disabilities is a form of discrimination" under Title II of the ADA. *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 600 (1999). The United States alleges that Mississippi is discriminating against individuals with mental illness by institutionalizing them or placing them at serious risk of institutionalization in violation of Title II of the ADA.

The United States designated six experts as its Clinical Review Team. The Clinical Review Team reviewed the records of 154 individuals who were housed in one of the four state hospitals at some point between October 13, 2015 and October 13, 2017.[1] The Clinical Review Team asked four questions about each of the individuals:

1. Would the individual have avoided or spent less time in a State Hospital if he/she had been provided reasonable community-based services?
2. Is the individual at serious risk of institutionalization in a State Hospital?
3. Would the individual be opposed to receiving community-based services?
4. If the individual is appropriate for and would benefit from community-based services, what services would the individual need?

The State has moved to exclude the Clinical Review Team's reports and testimony, arguing that the opinions are irrelevant and unreliable. *See* Docket No. 147.

---

[1] The State also designated a group of experts who evaluated the same set of 154 individuals.

## I. Legal Standard

Under Federal Rule of Evidence 702, a witness may testify as an expert through a demonstration of "knowledge, skill, experience, training, or education." Trial courts have the "gatekeeping" duty of ensuring that a qualified expert gives testimony that is both relevant and reliable. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993).

Expert testimony is relevant when "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute[.]" *Daubert*, 509 U.S. at 591 (quotation marks and citation omitted). Expert testimony is reliable when "the reasoning or methodology underlying the testimony is scientifically valid" and that "reasoning or methodology properly can be applied to the facts in issue." *Id.* at 592–93.

"Most of the safeguards provided for in *Daubert* are not as essential in a case . . . where a district judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000). That is because "there being no jury, there is no risk of tainting the trial by exposing a jury to unreliable evidence." *Whitehouse Hotel Ltd. P'ship v. C.I.R.*, 615 F.3d 321, 330 (5th Cir. 2010).

## II. Argument and Analysis

First, the State argues that Question 1 is irrelevant by "operation of law" because "once a chancery court finds that an individual should be committed to a State Hospital," the state hospital is not allowed to reevaluate whether that individual would be better served with community-based services. Docket No. 167 at 2–3. Next, the State argues that Question 4 is unreliable because the experts have crafted the question to always produce an answer that is beneficial to the United States' case. Finally, the State argues that the Clinical Review Team discussed individuals with intellectual and/or developmental disabilities ("IDD") in their expert reports, but the United States'

complaint clearly states that this case addresses only adults with mental illness, so no testimony on individuals with IDD diagnoses should be allowed.

The United States responds that the opinions of the Clinical Review Team are both relevant and reliable. *See* Docket No. 151. Furthermore, certain adults in the mental health system also have dual diagnoses of IDD and that does not necessitate their exclusion from this case.

Question 1 is relevant. Whether an individual would have avoided or spent less time in a State Hospital if he/she had been provided reasonable community-based services goes to the very core of this case. The State has taken a very narrow view of "relevant," without any legal support, and it is inconsistent with the standard of relevancy under *Daubert*, particularly in light of this being a bench trial. The ultimate question here is whether the State has discriminated against adults with mental illness by limiting community-based services, and this question asks for the experts' opinions on whether additional services would divert people from institutionalization. The question is tied to the facts of this case and aids the Court as the trier of fact.

The Clinical Review Team's methodology is reliable. The State argues that Question 4 was crafted to always produce an answer of "yes" to the first half of the question. The State has offered no support to prove their broad assertion of unreliability. The Court is persuaded by the United States' argument that the State is challenging the conclusion that the experts reached but masking it as a challenge to the methodology. The State has not shown that the methodology itself is flawed, as much as it has expressed frustration with the final result. The State, through vigorous cross-examination of the United States' experts and the testimony of its own experts, will be given sufficient opportunity to challenge that result.

The State's final argument also lacks merit. There are individuals in the sample group that have dual diagnoses of IDD. The State concedes that the United States may offer evidence on those

3

individuals' mental health but "any evidence regarding IDD should be excluded." Docket No. 167 at 8.[2] Both parties understand the scope of this litigation. In the event evidence is not relevant to the case at hand, that may be addressed in due course at trial. It is no reason, however, to exclude the reports of the Clinical Review Team at this juncture.

**III. Conclusion**

The motion is denied.

**SO ORDERED**, this the 13th day of May, 2019.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[2] The State has also argued this point as part of a pending motion in limine.