**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>STATE OF MISSISSIPPI,<br><br>*Defendant.* | CIVIL ACTION NO.<br>3:16-CV-00622-CWR-FKB |

**UNITED STATES' PROPOSAL REGARDING THE SPECIAL MASTER**

Pursuant to the Court's September 3, 2019 Memorandum Opinion and Order (ECF No. 234) ("Opinion"), the United States submits this proposal regarding the identity and role of the Special Master under Fed. R. Civ. P. 53.

### I. Proposed Special Master Candidates

The United States proposes the following three individuals, in alphabetical order, as Special Master to oversee the development of a proposed remedial order:

**1. Dr. Michael Hogan**

Dr. Hogan has more than 40 years of experience in the mental health field. He served as Commissioner of the New York State Office of Mental Health, Director of the Ohio Department of Mental Health, and Commissioner of the Connecticut Department of Mental Health. In each of those roles, he oversaw statewide systems of care, including community provider networks and state-operated facilities. In 2002, he served as Chairman of the President's New Freedom Commission on Mental Health. He has a PhD in Administration of Special Education from Syracuse University. *See* Attachment 1 (Hogan Resume).

2. **Pam Hyde**

Ms. Hyde has worked in the field of mental health for more than 30 years. She is a former administrator of the Substance Abuse and Mental Health Services Administration ("SAMHSA"), as well as a former Secretary of the Department of Human Services of New Mexico, former Director of the Seattle Department of Housing & Human Services, and former Director of the Ohio Department of Human Services. She has provided consulting services on mental health programs, finances, strategic planning, quality improvement and other matters to a number of states and jurisdictions.[1] She holds a J.D. from the University of Michigan Law School. See Attachment 2 (Hyde Resume).

3. **Louis Kurtz**

Mr. Kurtz is a former Associate Director of the Kentucky Department of Behavioral Health, Developmental Disabilities, and Intellectual Disabilities. He has also served as Acting Division Director of the Kentucky Division of Behavioral Health and as Director of the Institute for Excellence in Behavioral Health at Eastern Kentucky University. He is currently Co-Director of Great Lakes Mental Health Technology Transfer Center at the University of Wisconsin-Madison, which provides technical assistance and training to behavioral health providers in the Great Lakes region. His career in mental health goes back more than 30 years. Mr. Kurtz has a Master's in Education (Vocational Rehabilitation Counseling) from the University of Texas-Austin. See Attachment 3 (Kurtz Resume).

The proposed Special Master candidates have the qualifications and experience to oversee a process to develop the proposed remedy in this case. All three have decades of

---

[1] Ms. Hyde was called as an expert witness by the United States in *Johnson v. Murphy*, No. 87:cv-369-T-24E (M.D. Fla.) to opine on "the State of Florida's processes and plans for assuring that persons with mental disabilities do not enter or remain at [a Florida State Hospital] unnecessarily, in violation of their rights under the" ADA. Order Denying Mot. *in Limine* to Exclude 2, ECF No. 1189 (July 28, 2000).

experience working in and overseeing mental health systems and the development of community-based care.  Each candidate brings his or her own unique expertise and skills to this task.  However, depending on the ultimate role of the Special Master, who is selected as the Special Master, and the substantive areas of disagreement between the Parties, it may be necessary for the Special Master to hire consultants to supplement his or her own skills and experience.  For example, a Special Master may need to hire an expert in bringing PACT to scale to fidelity standards, expanding Mississippi's supported housing program (CHOICE), or leveraging available Medicaid resources.  The United States' proposed candidates have not previously served in a Special Master role and may need to consult with those more experienced with injunctive remedies and procedures in the context of institutional reform litigation.

As instructed by the Court, the Parties have conferred regarding their proposed candidates for Special Master, but were not able to reach consensus.

## II.      Proposed Role of the Special Master

The United States proposes that the Special Master design and implement a structured process to develop a proposed remedy that is consistent with this Court's opinion.  The appropriate remedy is one that will bring the State into compliance with the mandate of the Americans with Disabilities Act that "every Mississippian with SMI has access to a minimum bundle of community-based services that can stop the cycle of hospitalization."  Opinion at 59-60.

The Special Master will review the trial record, review any additional data or information that the Special Master determines is needed, review proposals from the Parties on an appropriate remedy, identify and develop areas of agreement between the Parties, and make

recommendations to the Court on the appropriate resolution where there is disagreement between the Parties. The proposed role is described in more detail below.

### A. Identification of an Appropriate Remedy

Recognizing the widespread discrimination that the Court has found and its profound effects on people with serious mental illness in Mississippi, the development and implementation of a proposed remedy should proceed with "all deliberate speed." *See Brown v. Board of Ed.*, 349 U.S. 294, 301 (1955). That process must be thoughtful and measured so that the remedial order does "not create further gaps in services," is neither "too broad in scope [n]or too lacking in a practical assessment of the daily needs of the system," and ensures that the remedy is implemented at a speed "that is practical and safe for those involved." Opinion at 60. Given that the "evidence at trial showed what the State needs to do," *id.*, the work of the Special Master in developing a proposed remedial order should proceed "with all reasonable diligence," Fed. R. Civ. P. 53(b)(2), and conclude as expeditiously as reasonably practicable, but should not exceed four months.

To help expedite the work of the Special Master, the United States proposes that the Court instruct the Special Master to develop a proposed remedy that addresses the following, as a starting point:

- <u>Service Development</u>: Ensuring "access to a minimum bundle of community-based services that can stop the cycle of hospitalization." Opinion at 60. This includes expansion and provision of the following services:
    - PACT;
    - Mobile Crisis Response Services;
    - Crisis Stabilization Units;

- o   Community Support Services;
- o   Peer Support Services;
- o   Supported Employment; and
- o   Permanent Supported Housing.  Opinion at 16-27; 47-49.

- <u>Access to Services</u>:  Identifying individuals who are experiencing unnecessary institutionalization or are at risk of unnecessary institutionalization and connecting those individuals to community-based services, including through appropriate discharge planning from State Hospitals.  Opinion at 32-33

- <u>State Oversight</u>:  Ensuring through oversight and technical assistance that services are consistent with the evidence-based models on which the services are based, the 2016 DMH Operational Standards (JX 60), and the principles identified at trial; and ensuring ongoing monitoring by the State through regular data and information review to continually assess and manage the provision of services.  Opinion at 27-28; 47-49.

- <u>Court Oversight</u>:  Provisions for this Court's oversight and monitoring of the State's implementation of the remedial order.

**B.   Data Collection**

In order to help the Parties craft a remedy that reflects "the daily needs of the system," Opinion at 60, the Special Master will need to access and review data and information from the State beyond what it is contained in the trial record.  *See id.* at 17 n.9 (acknowledging that the State has made changes to its mental health service system since the fact cut-off date agreed to by the Parties).  The United States proposes the Court adopt the following provisions related to the production of data to the Special Master:  The Special Master will identify and may request

5

any data and information not already part of the trial record as necessary to determine an appropriate proposed remedy. The State will provide any identified, non-privileged data and information to the Special Master, with a copy to the United States.

### III.     Administrative Proposals Related to the Special Master's Authority

The United States requests an opportunity for further briefing regarding the procedural details of a Fed. R. Civ. P. 53 appointment order, once the Court has determined who the Special Master will be and the Special Master's overall role. As a preliminary matter the United States requests the following:

- The Special Master may communicate *ex parte* with any Party.
- The Special Master may communicate *ex parte* with the Court.
- The Special Master may communicate *ex parte* with third parties as necessary to carry out the duties of the Special Master.
- The Special Master may retain consultants or other staff.
- The State shall bear the cost of the Special Master along with the cost of any consultants or staff retained by the Special Master. The State shall deposit funds with the Court and the funds will be disbursed by the Clerk of the Court. The amount of the funds deposited should be based on a proposed budget by the Special Master. The Parties should have the opportunity to object to the reasonableness of the budget for resolution by the Court.
- The Special Master and any consultants or staff of the Special Master will have access to all relevant information, records, personnel, facilities, and reports, unless protected by privileges, other limitations on disclosure, or any other provisions of the Federal Rules of Civil Procedure. The Special Master will abide

by the terms of the Protective Order (ECF No. 59) and CCO Protective Order (ECF No. 50).

- The Special Master shall not communicate with the media, with any legislative or investigative body not a Party, or make public comments on the merits of this action, without application to and approval from the Court.

- The Court will hold a status conference to hear a report on the progress of the Special Master's work three weeks after entry of the order appointing the Special Master. The Court will schedule additional status conferences, to be held at least once per month, at the end of the initial status conference.

- The Court retains jurisdiction of this action. The Court retains the authority to modify the appointment order *sua sponte* or upon application.

Dated: October 3, 2019

| | |
|---|---|
| D. MICHAEL HURST, JR.<br>United States Attorney<br>Southern District of Mississippi | ERIC S. DREIBAND<br>Assistant Attorney General<br>Civil Rights Division |
| MITZI DEASE PAIGE [MS BAR 6014]<br>CANDACE MAYBERRY<br>Assistant United States Attorneys<br>501 E. Court Street, Suite 4.430<br>Jackson, MS 39201<br>Telephone: (601) 973-2840<br>mitzi.paige@usdoj.gov<br>candace.mayberry@usdoj.gov | STEVEN H. ROSENBAUM<br>Chief<br>Special Litigation Section<br><br>REGAN RUSH<br>Deputy Chief<br>Special Litigation Section<br><br>/s/ *Mathew Schutzer*___<br>MATHEW SCHUTZER [NY #5136007]<br>JORGE CASTILLO<br>DEENA FOX<br>PATRICK HOLKINS<br>ASHLEY MCDONALD<br>HALEY VAN EREM<br>Trial Attorneys<br>Special Litigation Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W. – 4CON<br>Washington, DC  20530<br>Telephone: (202) 616-3179<br>Mathew.Schutzer@usdoj.gov |

## CERTIFICATE OF SERVICE

     I hereby certify that on October 3, 2019, I electronically filed the foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record.

                                        /s/  *Mathew Schutzer*_____
                                        Mathew Schutzer