

No. 3:16-CV-622-CWR-FKB

UNITED STATES OF AMERICA,

                                                                                             *Plaintiff*,

v.

STATE OF MISSISSIPPI,

                                                                                            *Defendant*.

ORDER APPOINTING SPECIAL MASTER

Before CARLTON W. REEVES, *District Judge*.

On September 3, 2019, this Court issued a Memorandum Opinion and Order addressing nearly all of the factual and legal issues presented at the trial of this matter. The Order concluded that the State of Mississippi's adult mental health system presently violates the integration mandate of the Americans with Disabilities Act.

No remedy was imposed at that time. Mindful of the size and "complexity of this system, the progress that the State has

made, and the need for any changes to be done in a patient-centered way that does not create further gaps in services for Mississippians," the Court thought it prudent to seek additional guidance. The Order explained,

> This case is well-suited for a special master who can help the parties craft an appropriate remedy—one that encourages the State's forward progress in a way that expedites and prioritizes community-based care. The evidence at trial showed what the State needs to do. The primary question for the special master is how quickly that can be done in a manner that is practical and safe for those involved.

The parties submitted names and C.V.s of potential Special Masters, along with proposals for the scope of the role. At a hearing, the State also received an extension of time—until mid-February 2020—to discuss this litigation and the needs of its mental health system with its newly-elected officials.

The Court appreciates the parties' thoughtfulness in proposing Special Master candidates. Each person they submitted is well-qualified to help our State continue to expand community-based services.[1]

Necessarily forced to choose between these candidates, however, the Court asks Dr. Michael Hogan to serve as Special Master in this case from now until entry of Final Judgment.

---

[1] The Mississippi Psychiatric Association also submitted two medical doctors as Special Master candidates. The Court expresses its appreciation to the Association for its involvement with this case in service to the people of Mississippi, and requests its continued engagement with this matter.

Dr. Hogan has more than 40 years of experience in this field. Twenty-five of those years were spent leading statewide mental health systems—first in Connecticut, then in Ohio, and finally in New York. The New York mental health system had a $6 billion budget, served 650,000 individuals annually, and was composed of 24 state-operated facilities and 2,500 community care, residential, and inpatient programs. Dr. Hogan has published dozens of articles, book chapters, and reports on the issues the Court is placing in his hands. He can provide unique insight into the time it should take a state to achieve compliance with the ADA.

As for the scope of the Special Master's role, the Court largely adopts the State's proposed framework. Mississippi's mental health needs are well-known; the services to expand have already been defined. Many of the challenges and remedies are not disputed. We do not need additional discovery or consultants to elaborate on them.[2]

What we need is a seasoned executive to propose a timeline for the State to reach full compliance. By when can the Department of Mental Health and the Division of Medicaid deliver the necessary community-based services—realistically—and how should we measure success along the way?

The State's proposal is not adopted in full. The Special Master may have *ex parte* communications with counsel of record and the Court. Such communications are necessary both as a practical matter and to help the parties find common ground. The

---

[2] If the State has made improvements to the adult mental health system since the trial, then by the time Final Judgment issues, it will be that much closer to complying with the ADA.

discussions will remain confidential under Federal Rule of Evidence 408.

Accordingly, pursuant to Federal Rule of Civil Procedure 53, the Court finds that the exceptional needs of this case warrant the appointment of Dr. Michael Hogan to serve as Special Master from now until entry of Final Judgment. Dr. Hogan is directed to proceed with all reasonable diligence to review the record, confer with counsel of record, and propose a plan to remedy the ADA violations identified in the September 3, 2019 Order.

This appointment requires Dr. Hogan to comply with the disqualification standard set forth in 28 U.S.C. § 455. Court staff will provide him with an appropriate affidavit.

The parties are ordered to share equally Dr. Hogan's usual hourly fees and reasonable expenses. The parties are also ordered to confer and provide Dr. Hogan with a copy of the record of this case, including admitted exhibits, trial transcripts, and the expert reports discussed at trial.

The Court may hold periodically a status conference with the parties and Dr. Hogan to discuss his progress and expected completion date. Upon receiving Dr. Hogan's proposal, the Court will issue a briefing schedule for objections and will set a hearing so all may be heard.

The Court retains the authority to modify this Order *sua sponte* or upon application.

**SO ORDERED**, this the 25th day of February, 2020.

s/ CARLTON W. REEVES
*United States District Judge*
