IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| **V.** | **CIVIL ACTION NO.: 3:16-CV-00622-CWR-FKB** |
| **THE STATE OF MISSISSIPPI** | **DEFENDANT** |

**THE STATE OF MISSISSIPPI'S RESPONSE TO ORDER
REGARDING NAMES OF POSSIBLE MONITOR AND MONITOR'S ROLE**

The State of Mississippi responds to the Order (ECF 273) requiring the parties to each submit two names of a possible Monitor and proposals for the Monitor's role.

**I.   Mississippi Does Not Consent To A Monitor And Maintains All Of Its Prior Objections.**

Mississippi respectfully maintains and preserves the arguments that it has made in this case, does not waive or forfeit any of its arguments, and maintains that it is not liable for (among other reasons) the reasons summarized on pages 89-90 of Mississippi's Proposed Findings of Fact and Conclusions of Law (ECF 232), and the case should be dismissed with prejudice for the reasons stated in Mississippi's Response at ECF 262.  Mississippi specifically does not consent to a Monitor.  Mississippi reserves all objections to a Monitor and waives none.  This Response is submitted to comply with a court order.  Actions to comply with a court order do not constitute a waiver of the right to challenge the order on appeal.  *In re C.B.S., Inc.*, 570 F.Supp. 578, 585 (E.D. La. 1983) (citation omitted).

**II.   Name Of A Possible Monitor.**

Mississippi submits the following name of a possible Monitor:

Dr. Michael Hogan, Ph.D.
Current Special Master

In October 2019, the United States nominated Dr. Hogan to serve as Special Master in this case (ECF 236). In February 2020, the Court appointed Dr. Hogan as Special Master (ECF 241). The Court is well-familiar with Dr. Hogan's qualifications, so Mississippi will not belabor them here. Suffice it to say that Dr. Hogan's qualifications are summarized in his resume (ECF 236-1) and in the Order Appointing Special Master (ECF 241, p. 3). More recently, the July 12, 2021 hearing "confirmed the Court's confidence in Dr. Hogan."[1] One of the advantages in appointing Dr. Hogan as Monitor is that he is familiar with the subject matter and would need much less time to "get up to speed" than other potential Monitor candidates. Indeed, the Court has adopted "Dr. Hogan's recommendations in full."[2]

### III. The Role For The Monitor Should Be Limited To Only Reporting To The Court On Whether Mississippi Has Met The Objective Criteria In The Remedial Plan.

The Court adopted Dr. Hogan's recommendations in full.[3] Presumably, therefore, the Remedial Plan[4] the Court intends to issue will be consistent with Section III of the Special Master's Report, titled "Proposed Remedial Order."[5] Such proposed Remedial Plan is "finite" and not "an open-ended expansion of services."[6] As Dr. Hogan explained, "the monitor would be charged not with assessing independently the State's performance but serving as some kind of an independent reviewer of the State's own data that it would develop and submit essentially to serve as eyes and ears of the Court so Your Honor doesn't have to go through the fine print of all of that. So in a sense, the monitor is a referee …. [I]n my view, the monitor would not be making up the rules but would be checking to determine that what was called a ball was, in fact, a ball and to make that recommendation to Your Honor."[7]

---

[1] ECF 273, Order, p. 2.
[2] ECF 273, Order, p. 2.
[3] ECF 273, Order, p. 2.
[4] ECF 273, Order, p. 6.
[5] ECF 269, Report of the Special Master, pp.16-22.
[6] ECF 269, Report of the Special Master, p. 14.
[7] Exh. 1, Transcript of July 12, 2021 Hearing, p. 69.

2

The role of the Monitor should be limited to only reporting to the Court whether Mississippi has met the objective criteria in the anticipated Remedial Plan. The only things capable of objective assessment in the Special Master's recommendations are the capacity and funding provisions. Therefore, the Court should expressly instruct the Monitor not to consider matters that go beyond reporting to the Court on whether Mississippi has met the capacity and funding criteria in the Remedial Plan.

As Mississippi previously reported to the Court, the State has implemented or will imminently implement the community-based services that satisfy the recommendations of the Special Master.[8] The Monitor's role should be limited to verifying what Mississippi has already demonstrated by sworn declaration[9] – that Mississippi has met the capacity and funding obligations recommended in the Special Master's Report, which the Court has adopted in full. The verification process should be completed and this lawsuit should be dismissed with prejudice at the end of FY 2022.

Dr. Hogan envisioned a "lean operation"[10] for the Monitor: "And there ought to be, in my view, the most streamlined process going forward of being able to validate that the conditions found at trial have been remediated."[11] The Monitor should have no staff. The costs of the Monitor should be split equally between the United States and Mississippi.

The Monitor should have no role in fashioning a remedy, as the Court has done that with the entry of its Order (ECF 273). Nor should the Monitor serve as a "roving district court" or as a "general consultant" to Mississippi's mental health agencies regarding their operations. The Monitor should have no authority to interpret or enforce the Remedial Plan, to interfere in the

---

[8] ECF 262, Response to Court Order; ECF 262-1, Mississippi's Report.
[9] ECF 262-2, Declaration of Wendy Bailey.
[10] Exh. 1, Transcript of July 12, 2021 Hearing, pp. 69-70.
[11] Exh. 1, Transcript of July 12, 2021 Hearing, pp. 76-77.

management of Mississippi's mental health system, to conduct investigations, to conduct hearings, or to compel, take, or record evidence.

### Relief Requested

Mississippi reiterates its request that the Court enter final judgment at this time with no issues deferred.

Dated:  August 13, 2021.

                Respectfully submitted,

                PHELPS DUNBAR LLP


                BY:  */s/ James W. Shelson*
                      Reuben V. Anderson, MB 1587
                      W. Thomas Siler, MB 6791
                      James W. Shelson, MB 9693
                      Nash E. Gilmore, MB 105554
                      4270 I-55 North
                      Jackson, Mississippi 39211-6391
                      Post Office Box 16114
                      Jackson, Mississippi  39236-6114
                      Telephone: 601-352-2300
                      Email: reuben.anderson@phelps.com
                            tommy.siler@phelps.com
                            jim.shelson@phelps.com
                            nash.gilmore@phelps.com

                      Douglas T. Miracle, MB 9648
                      Assistant Attorney General
                      General Civil Division
                      Walter Sillers Building
                      550 High Street
                      Jackson, MS 39201
                      Telephone:  601-359-5654
                      Email:  doug.miracle@ago.ms.gov

                      Mary Jo Woods, MB 10468
                      Special Assistant Attorney General
                      Mississippi Attorney General's Office
                      Walter Sillers Building
                      550 High Street
                      Jackson, MS 39201

Telephone:  601-359-3020
Email:  Mary.Woods@ago.ms.gov

Attorneys for the State of Mississippi

## **CERTIFICATE OF SERVICE**

I certify that on August 13, 2021, I electronically filed this document with the Clerk of the Court using the ECF system, which sent notification of such filing to all ECF counsel of record in this action.

*/s/ James W. Shelson*
JAMES W. SHELSON