**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**UNITED STATES OF AMERICA**                                           **PLAINTIFF**

**V.**                                         **CAUSE NO. 3:16-CV-622-CWR-FKB**

**STATE OF MISSISSIPPI**                                          **DEFENDANT**

## ORDER OF APPOINTMENT

At the hearing held in this matter on September 2, 2021, the Court agreed with the parties that Dr. Michael Hogan is well-suited by qualifications, experience, and judgment to serve as Monitor in this case. In accordance with the Remedial Order, therefore, this Order of Appointment sets forth Dr. Hogan's duties, compensation, and authority, as follows:

### Monitoring and Reporting on Compliance

1. The Monitor shall assess compliance with each obligation in the Court's Remedial Order and shall provide the State with technical assistance as necessary to support the State in reaching compliance.
2. While conducting the Monitor's regular assessment, the Monitor shall review and validate data and information, speak with State officials, providers, and individuals receiving services, and participate in the annual Clinical Review required by the Remedial Order. When speaking with State officials, counsel for the State may be present.
3. The Monitor shall provide written reports on the State's compliance with the Remedial Order every six months. Each report shall describe the State's level of compliance (*e.g.*, noncompliance, partial compliance, or substantial compliance) as to each obligation in the Remedial Order and include a summary of the data that led to the Monitor's assessment of compliance.
4. The written reports shall be filed on the Court's docket and the Court will hold a status conference following submission of each report. The Parties shall establish procedures for review and comment on draft reports by the State and the United States before the reports are filed with the Court.

### Monitor's Authority

5. The Monitor may retain staff to assist the Monitor in carrying out the Monitor's responsibilities. The Monitor shall pay for these services out of the Monitor's budget.
6. Consistent with paragraph 2, the Monitor may engage in *ex parte* communications with any Party, third party, or with the Court as necessary to carry out the terms of this Order.

7. The Monitor may require the State to provide reports and data needed to assess compliance and may convene meetings of the Parties.
8. The Monitor may testify in this matter in connection with enforcement of the Remedial Order.
9. The Monitor and any of the Monitor's retained staff shall be immune as agents of the Court from any civil claim, lawsuit, or demand, to the extent permitted under federal law. This paragraph does not apply to any proceeding for payment under contracts into which they have entered in connection with their work under this Order; any such proceeding shall take place solely before this Court.
10. The Monitor shall be appointed for a period of three years from the date of entry of the Remedial Order, subject to an evaluation by the Court of whether to renew the Monitor's appointment until the termination of the Remedial Order or for each three-year period until the termination of the Remedial Order – whichever happens first. In evaluating the Monitor, the Court shall consider the Monitor's performance under this Order, including whether the Monitor is completing their work in a cost-effective manner and on budget, and is working effectively with the Parties to facilitate the State's efforts to comply with the Remedial Order, including by providing technical assistance to the State.
11. The Monitor shall be subject to supervision by the Court.
12. The Monitor may be removed for good cause, including that the Monitor has exceeded their authority or failed to satisfactorily perform the duties required by the Remedial Order or this Order, on motion by any of the Parties or based on the Court's own determination.
13. If selection of a new Monitor becomes necessary, the Parties shall meet and confer to identify suitable Monitor candidates to propose to the Court. If the Parties are unable to agree within 30 days, each Party may propose two qualified candidates to the Court.

## Payment of the Monitor

14. The Monitor shall submit an annual budget to the Court for approval. Costs of the Monitor for performing all of the Monitor's duties under this Order shall not exceed that budget, absent a finding by the Court that additional funds are necessary for the Monitor to fulfill their duties under this Order and that the increase is not due to a failure in planning, budgeting, or performance by the Monitor. The State or the United States may raise objections to the proposed budget with the Monitor and with the Court within two weeks of receiving the budget.
15. The cost of the Monitor, including the cost of any staff or consultants to the Monitor, shall be borne by the State in this action, but the Monitor and the Monitor's staff or consultants are not agents of the State.
16. The Court retains the authority to resolve any dispute that may arise regarding the reasonableness of fees and costs charged by the Monitor.

## Access of the Monitor and the United States

17. Consistent with the Remedial Order and paragraph 2, the Monitor, including any staff retained by the Monitor, and the United States shall have full access to persons, employees, residences, facilities, buildings, programs, services, documents, records

(including medical and other records in unredacted form), and any other materials necessary to assess the State's compliance with the Remedial Order.
18. Access will be exercised in a manner that is reasonable and not unduly burdensome and upon reasonable notice, except in situations that present an immediate threat to life, health, or safety of individuals.

**SO ORDERED**, this the 7th day of September, 2021.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE