**URGENT AND NECESSITOUS
EXPEDITED CONSIDERATION REQUESTED**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| V. | **CIVIL ACTION NO.: 3:16-CV-00622-CWR-FKB** |
| **THE STATE OF MISSISSIPPI** | **DEFENDANT** |

**THE STATE OF MISSISSIPPI'S MOTION FOR PARTIAL
STAY OF THE REMEDIAL ORDER PENDING OUTCOME OF APPEAL**

The State of Mississippi moves for a partial stay of the Remedial Order (ECF 278) as follows:

1. This Court should partially stay its Remedial Order (ECF 278) pending resolution of Mississippi's upcoming appeal from that Order.

2. Mississippi seeks a stay of only the following paragraphs of the Remedial Order during the pendency of Mississippi's forthcoming appeal: ¶ 10.b. (requiring Mississippi by the end of FY22 to implement a plan to provide Peer Support Services at satellite CMHC offices), ¶ 11.b. (requiring Mississippi to fund an additional 250 CHOICE housing vouchers in FY22 and an additional 250 CHOICE housing vouchers in FY23 and to sustain funding for those services), ¶ 23. (requiring Mississippi to develop and implement a Clinical Review Process beginning now), and ¶¶ 25. and 26. (requiring Mississippi to develop an Implementation Plan within 120 days of the issuance of the Remedial Order).

3. As Mississippi undertakes careful and thorough efforts to perform its obligations under the Order, it is appropriate to partially stay a few parts of the Order, identified in paragraph 2 above, that require immediate action, substantial new funding, and a fundamental alteration of Mississippi's mental health system.

4. Each stay factor supports this partial relief. First, Mississippi is likely to prevail on the merits on both liability and remedy. As to liability, Mississippi is not liable for (among other reasons) the reasons summarized on pages 89-90 of Mississippi's Proposed Findings of Fact and Conclusions of Law (ECF 232). At the least, Mississippi's arguments make a substantial case on the merits, particularly because there is little precedential authority regarding the application of Title II of the Americans with Disabilities Act (ADA) to a state-wide mental health system or the standard a state-wide mental health system must meet to comply with the ADA. Remedy is not an issue if Mississippi prevails on the merits of liability on appeal. Regardless, if a state-wide mental health system is found to be in violation of the ADA, there is little to no precedential authority regarding what constitutes an appropriate remedy – *i.e.*, the statutory minimum for compliance.

5. Second, absent a partial stay, Mississippi will suffer irreparable injuries from undue interference with its mental health system and a fundamental alteration of that system both in costs and structure.

6. Third, a partial stay will not substantially injure the United States because, since the close of trial, Mississippi has expanded community-based services and now complies, or at least substantially complies, with the ADA. Mississippi plans to timely file a notice of appeal seeking appropriate appellate relief, and to ask the Fifth Circuit to expedite the appeal.

7. Fourth, a partial stay of the Remedial Order benefits the public interest by allowing the thorough review of the case on appeal and because, as a matter of law, Mississippi's interest and the public's interest overlap where, as here, the State is the appealing party.

8. Because of the time limits regarding the filing of a notice of appeal, Mississippi requests that this Motion be treated as an urgent and necessitous matter under Local Uniform Rule 7(b)(8). In this regard, Mississippi requests that the United States' time to respond to this Motion

be shortened from fourteen to seven days, that Mississippi's time to submit a rebuttal be shortened from seven to three days, and that the Court promptly thereafter rules on Mississippi's motion for a partial stay of the Remedial Order on the papers.

9. Consistent with Local Uniform Rule 7(b)(10), Mississippi asked the United States whether it opposes this Motion, but the United States responded that it needs more time and will further respond in due course. As this is an urgent and necessitous motion and Mississippi believes that United States has had sufficient time to respond, Mississippi is filing its Motion.

### Relief Requested

Mississippi respectfully requests that this Court enter a partial stay of the Remedial Order (ECF 278) pending the outcome of Mississippi's forthcoming appeal.

Dated: September 27, 2021.

Respectfully submitted,

PHELPS DUNBAR LLP

BY: */s/ James W. Shelson*
Reuben V. Anderson, MB 1587
W. Thomas Siler, MB 6791
James W. Shelson, MB 9693
Nash E. Gilmore, MB 105554
4270 I-55 North
Jackson, Mississippi 39211-6391
Post Office Box 16114
Jackson, Mississippi 39236-6114
Telephone: 601-352-2300
Email: reuben.anderson@phelps.com
tommy.siler@phelps.com
jim.shelson@phelps.com
nash.gilmore@phelps.com

Douglas T. Miracle, MB 9648
Assistant Attorney General
General Civil Division
Walter Sillers Building
550 High Street
Jackson, MS 39201

Telephone:  601-359-5654
Email:  doug.miracle@ago.ms.gov

Mary Jo Woods, MB 10468
Special Assistant Attorney General
Mississippi Attorney General's Office
Walter Sillers Building
550 High Street
Jackson, MS 39201
Telephone:  601-359-3020
Email:  Mary.Woods@ago.ms.gov

Attorneys for the State of Mississippi

**CERTIFICATE OF SERVICE**

I certify that on September 27, 2021, I electronically filed this document with the Clerk of the Court using the ECF system, which sent notification of such filing to all ECF counsel of record in this action.

*/s/ James W. Shelson*
JAMES W. SHELSON