IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**UNITED STATES OF AMERICA**                                                      **PLAINTIFF**

**V.**                                  **CIVIL ACTION NO.: 3:16-CV-00622-CWR-FKB**

**THE STATE OF MISSISSIPPI**                                         **DEFENDANT**

**THE STATE OF MISSISSIPPI'S RESPONSE
TO MONITOR'S PROPOSED BUDGET**

The State of Mississippi responds to the Monitor's proposed budget as follows:

1. The Court entered its Order of Appointment which appointed Dr. Michael Hogan to serve as Monitor (ECF 279).

2. In doing so, the Court ordered the Monitor to submit an annual budget to the Court for approval (ECF 279, ¶ 14).

3. The Court further ordered that the parties "may raise objections to the proposed budget with the Monitor and with the Court within two weeks of receiving the budget" (ECF 279, ¶ 14).

4. The Monitor submitted his proposed budget to the parties and the Court on October 18, 2021.

5. Consistent with paragraph 16 of the Order of Appointment, Mississippi reserves the right to object to any of the Monitor's invoices as and when they are received.

6. The Monitor's proposed budget states that staff requirements are higher than anticipated because "the State will not conduct the anticipated Clinical Review process." The Monitor's proposed budget also includes a total of $44,000 as a contingency for possibly retaining experts to assist with data analysis and validation.

7. The Court entered an Order Granting the State of Mississippi's Motion for Partial Stay of the Remedial Order Pending Outcome of Appeal (ECF 291). That Order stays paragraphs 10.b., 11.b., 23., 25., and 26 of the Remedial Order.

8. Paragraph 23 of the Remedial Order concerns the Clinical Review Process.

9. Mississippi submits that, during the pendency of the partial stay, the Monitor should incur no costs – directly or indirectly – in connection with the provisions of the Remedial Order that are stayed. To the extent that the Monitor is proposing incurring costs that would not have been incurred but for the stay of paragraphs 10.b., 11.b., 23., 25., and 26 of the Remedial Order, he should not be permitted to do so as that would, at least in part, defeat the purpose of the partial stay. So, for example, the Monitor should not be permitted to incur costs because "the State will not conduct the anticipated Clinical Review process" during the pendency of the partial stay.

## Relief Requested

In approving the Monitor's proposed budget, the Court should permit Mississippi to object to any of the Monitor's invoices as and when they are received, and to order the Monitor not to incur any costs – directly or indirectly – in connection with the provisions of the Remedial Order that are stayed.

Dated: November 1, 2021.

Respectfully submitted,

PHELPS DUNBAR LLP

BY: */s/ James W. Shelson*
Reuben V. Anderson, MB 1587
W. Thomas Siler, MB 6791
James W. Shelson, MB 9693
Nash E. Gilmore, MB 105554
4270 I-55 North
Jackson, Mississippi 39211-6391
Post Office Box 16114
Jackson, Mississippi 39236-6114

Telephone: 601-352-2300
Email: reuben.anderson@phelps.com
        tommy.siler@phelps.com
        jim.shelson@phelps.com
        nash.gilmore@phelps.com

Douglas T. Miracle, MB 9648
Assistant Attorney General
General Civil Division
Walter Sillers Building
550 High Street
Jackson, MS 39201
Telephone:  601-359-5654
Email:  doug.miracle@ago.ms.gov

Mary Jo Woods, MB 10468
Special Assistant Attorney General
Mississippi Attorney General's Office
Walter Sillers Building
550 High Street
Jackson, MS 39201
Telephone:  601-359-3020
Email:  Mary.Woods@ago.ms.gov

Attorneys for the State of Mississippi

## CERTIFICATE OF SERVICE

I certify that on November 1, 2021, I electronically filed this document with the Clerk of the Court using the ECF system, which sent notification of such filing to all ECF counsel of record in this action.  A copy was also emailed to the Monitor.

        */s/ James W. Shelson*
        JAMES W. SHELSON