IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

VS.                                                            CIVIL ACTION NO. 3:16-cv-622-CWR-FKB

STATE OF MISSISSIPPI                                                                         DEFENDANT

**ORDER**

This matter is before the Court on Plaintiff's Motion for Clarification of Mississippi Rule 4.2 of the Rules of Professional Conduct in this Matter [335] filed by the United States of America. The State of Mississippi filed a response [338] in opposition, and the United States filed a rebuttal [340]. Having considered the matter, the Court finds that the motion should be denied without prejudice.

**I. Background**

After four weeks of trial testimony, this Court issued a Memorandum Opinion and Order [234] finding that Mississippi's mental health system violates the Americans with Disabilities Act.[1] Following post-trial hearings, the Court issued a Remedial Order [278] delineating a plan for Mississippi to "develop and implement effective measures to prevent unnecessary institutionalization in State Hospitals." [278] at 1. The Remedial Order identifies regional Community Mental Health Centers (CMHCs) as the entities responsible for preventing unnecessary hospitalizations:

> The State has established regional Community Mental Health Centers (CMHCs), *which work in conjunction with and are subject to oversight by the State*. Consistent with the State's Operational Standards for mental health providers and the State's Report, *each CMHC shall be the entity in its region responsible for preventing unnecessary hospitalizations* by:
> a. identifying individuals with serious mental illness in need of mental health services;

---

[1] [234] at 3, 51-54.

      b. screening individuals with serious mental illness during annual planning meetings to determine their need for the services required by this Plan;
      c. coordinating mental health care for individuals with serious mental illness; and
      d. diverting individuals from unnecessary hospitalizations through the provision of appropriate mental health care.

[278] at 1 (emphasis added).

The United States filed the instant motion [335] to clarify whether it may engage in *ex parte* communications with CMHC staff. [335] at 1. The State contends that the United States' *ex parte* communications with CMHC staff would violate Rule 4.2 of the Mississippi Rules of Professional Conduct (M.R.P.C.) because "Plaintiff seeks to hold the State liable for the acts, omissions, or statements of the CMHCs in assessing the State's compliance with the Remedial Order [278], while entirely excluding the State from Plaintiff's discussions with the CMHCs regarding that very Order." [339] at 5-6.

## II. Analysis

Rule 4.2 of the Mississippi Rules of Professional Conduct, entitled "Communication with Person Represented by Counsel" reads as follows:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

M.R.P.C. 4.2. The official Comment to Rule 4.2 includes the following statements regarding application of the rule to organizations:

> In the case of an organization, this rule prohibits communications by a lawyer for one party concerning the matter in representation with persons having a managerial responsibility on behalf of the organization, and with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization. If an agent or employee of the organization is represented in the matter by his or her own counsel, the consent by that counsel to a communication will be sufficient for purposes of this Rule. Compare Rule 3.4(f).

> This Rule also covers any person, whether or not a party to a formal proceeding, who is represented by counsel concerning the matter in question.

M.R.P.C. 4.2, cmt.  In analyzing the comment to Rule 4.2, courts have found that the comment recognizes differentiation among an organization's employees based upon an employee's position, an employee's ability to legally bind the organization by their statements, or whether an employee's acts or omissions can be imputed to the organization.  *See Papagolos v. Lafayette Cnty. Sch. Dist.*, Civil Action No. 3:11-cv-158-D-A, 2012 WL 13123535, at *1 (N.D. Miss. Apr. 23, 2012) ("Thus, a dichotomy exists between those employees possessing 'managerial responsibility'—who may not be contacted—and those lower-level employees whose actions and statements with respect to the matter would not bind an organization or constitute an admission."); *White v. Illinois Cent. R. Co.*, 162 F.R.D. 118, 119 (S.D. Miss. 1995).

"For the purposes of Rule 4.2, the State of Mississippi is an organization." [128] at 3.  In accord with precedent, this court's prior order on Rule 4.2 addressed the issue of "which, if any, current and former State of Mississippi employees the United States may interview *ex parte*":

> [M.R.P.C.] 4.2 prohibits the United States from having *ex parte* communication with the following:
>> (1) a current State of Mississippi employee concerning the claims and allegations of the Complaint if that employee has a managerial responsibility on behalf of the State of Mississippi;
>> (2) any person whose act or omission in connection with the claims and allegations of the Complaint may be imputed to the State of Mississippi for purposes of civil or criminal liability; or
>> (3) any person whose statements may be admissible against the State of Mississippi pursuant to Fed. R. Evid. 801(d)(2)(D).

[128] at 1, 6-7 (footnote omitted).

With respect to the instant motion, the State maintains that the prior order [128] prohibits *ex parte* communications with CMHC staff based on the State's potential liability for CMHC operations under the Remedial Order.  The United States argues that CMHCs are not parties to this

3

litigation and CMHC staff are not State of Mississippi employees, so the prior order [128] is inapplicable.

The Court finds that more information is needed. The State did not squarely address whether CMHC staff are State of Mississippi employees (or agents[2]). The United States, on the other hand, did not sufficiently address the practical import of gathering information *ex parte* from CMHC staff for use against the State in this litigation. More specifically, the United States did not address whether CMHC employees' acts or omissions may be imputed to the State for liability with respect to compliance with the Remedial Order or whether their statements may be admissions. The Court therefore needs further briefing, and potentially further evidence, from the parties.

### III.  Conclusion

For the foregoing reasons, Plaintiff's Motion for Clarification of Mississippi Rule 4.2 of the Rules of Professional Conduct [335] is denied without prejudice, and this matter is set for a telephonic status conference on September 15, 2022 at 2:00 p.m. before the undersigned.

SO ORDERED on the 13th day of September, 2022.

                                             /s/ F. Keith Ball
                                             UNITED STATES MAGISTRATE JUDGE

---

[2] The comment to M.R.P.C. 4.2 includes reference to "an *agent* or employee" of an organization. M.R.P.C. 4.2, cmt.